# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW", et al,

     Plaintiffs,

vs.

CHAK YAM CHAU et al
     Defendants.

_____/

PHILIPPE CHOW et al
     Counter-Plaintiffs

vs.

MICHAEL CHOW et al
     Counter-Defendants

_____/

## DEFENDANTS CHAK YAM CHAU, STRATIS MORFOGEN, PHILIPPE MIAMI LLC, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, PHILIPPE RESTAURANT CORP., PHILIPPE WEST COAST LLC, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG, AND PING CHING KWOK'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendants, CHAK YAM CHAU ("Philippe Chow" and "Chef Philippe"), STRATIS MORFOGEN, PHILIPPE MIAMI LLC, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, PHILIPPE RESTAURANT CORP., PHILIPPE WEST COAST LLC, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG, and PING CHING KWOK, (hereinafter collectively referred to as the "Philippe Defendants") through undersigned counsel and pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Rules 26 and 7.1 of the Local Rules of this Court, file their **Emergency** Motion for Protective Order and Incorporated Memorandum of Law, and in support state as follows:

## INTRODUCTION

In this case, Plaintiffs allege that Defendants have misappropriated Plaintiffs' trade secrets, infringed on Plaintiffs' trademarks, engaged in false advertising, and have otherwise engaged in unfair competition with regard to the operation of the Philippe restaurants.[1]  Plaintiffs' Second Amended Complaint ("SAC") filed on December 3, 2009, is thirty nine (39) pages long, contains one hundred and seventy nine (179) paragraphs, and is brought against twelve (12) defendants. Defendants seek a Protective Order from the Court to protect them from the depositions of Defendants Philippe Chow, Stratis Morfogen, and Costin Dumitrescu which have been noticed by Plaintiffs **for January 13, 14, and 15, 2010, respectively, in New York City**.

Such protection is necessary because Plaintiffs failed to respond to, and improperly objected to, most of Defendants' First Request for Production of Documents, which narrowly seek "documents supporting" the allegations in the SAC ("Contention Requests").  Plaintiffs also have improperly objected to Defendants' written discovery directed to Plaintiffs' allegedly misappropriated trade secrets.  Plaintiffs argue that they are not required to identify with reasonable particularity the trade secrets they have placed at issue.  This position is contrary to applicable law. Lastly, Plaintiffs have objected and refused to respond to written discovery directed to the new allegations contained in the SAC because such written discovery was served before the SAC was technically placed on file.  Yet, Plaintiffs nevertheless seek to take the depositions of Defendants on those very same issues next week.

---

[1]  Defendants operated their restaurants for almost four (4) years without objection from Plaintiffs. Defendants' restaurants have utilized the same name and have served substantially the same dishes since it opened for business.  Defendants opened their first restaurant a few blocks away from Plaintiffs' restaurant in 2005.  This lawsuit was the first notice that Defendants received that Plaintiffs contended that Defendants were engaging in wrongful conduct. Defendants deny that Plaintiffs are entitled to any relief.

RICHMAN GREER, P.A.

Miami • West Palm Beach

Plaintiffs' improper objections to Defendants' written discovery unfairly prejudices Defendants' ability to defend the January 13-15 depositions. While Plaintiffs are certainly entitled to take Defendants' depositions, Defendants have the right to know the nature of the claims being asserted against them, including the trade secret claims, prior to their depositions taking place. Plaintiffs should not be permitted to ignore their own discovery obligations and then seek discovery from Defendants on the same issues.

Plaintiffs' responses and objections to Defendants' First Production of Documents were served on December 29, 2009. Undersigned counsel has already conferred with counsel for Plaintiffs and has inquired as to Plaintiffs' amenability to postpone the January 13-15 depositions until the parties' written discovery disputes are resolved via agreement and/or court intervention. Notwithstanding that no scheduling order has been entered in this case and the case has not yet been set for trial, Plaintiffs' counsel has advised that Plaintiffs are not agreeable to a postponement and that they intend to go forward with the depositions. Accordingly, the filing of this Motion on an expedited basis was necessary. Defendants request a Protective Order providing that Defendants' depositions shall not take place until the Court has had the opportunity to rule on Defendants' Motion to Compel, which will be filed as soon as counsel for the parties can coordinate a meet and confer conference on the disputed written discovery.

## PERTINENT FACTS

1.      Plaintiffs filed their SAC (D.E. 42) on December 3, 2009. The SAC added Defendant and proposed deponent, Costin Dumitrescu, to this action for the first time. The SAC also alleges new claims against proposed deponents Stratis Morfogen and Chef Philippe.

2.      On November 6, 2009, pursuant to Plaintiffs' counsel's request, undersigned counsel advised that Defendants Dumitrescu, Morfogen, and Chef Philippe were available for deposition on

January 13-15, 2009. Although the SAC was not on file at that time, Defendants were nevertheless amenable to coordinating deposition dates as requested by Plaintiffs. The scheduling of the depositions, however, was premised on the reasonable assumption of Defendants that Plaintiffs would make the required disclosures regarding their claims and properly respond to written discovery so that Defendants could properly prepare for the depositions.

3.      On November 23, 2009, Defendant Philippe Miami, LLC served a comprehensive set of First Requests for Production to Plaintiffs ("Request for Production") directed to Plaintiffs' claims against all Defendants, including Plaintiffs' trade secret claims. The most detailed statement in the SAC regarding Plaintiffs' alleged trade secrets only vaguely describes them as "methods, processes and techniques, which relate not only to the preparation and preparation of food, but to the control and function of the kitchen, the cooking, expediting and food delivery processes, and training of staff." (D.E. 42 at Para. 25). The First Request for Production requests, among other things, documents supporting the alleged trade secret claim and Plaintiffs' other claims. The First Request for Production is attached hereto as Composite Exhibit A.

4.      On November 29, 2009, Defendants also served comprehensive sets of interrogatories directed to all Plaintiffs which, among other things, contained "contention interrogatories" requesting the information supporting Plaintiffs' claims, including identification of Plaintiffs' alleged trade secrets with "reasonable particularity." Plaintiffs' responses to those interrogatories are due on January 6, 2010. A representative set of such interrogatories are attached hereto as Exhibit B.

5.      On December 1, 2009, undersigned counsel for Defendants emailed Plaintiffs' counsel a proposed Stipulated Protective Order for purposes of addressing purported

confidentially materials requested in discovery. The December 1, 2009 email is attached hereto as Exhibit C.

6.      On Tuesday, December 22, 2009, undersigned counsel and counsel for Plaintiffs Joan Canny, Esq. spoke on the telephone regarding numerous issues. During that telephone conversation, Ms. Canny represented that it was Plaintiffs' intention to object to Request 1 and Request 2 to the First Request for Production to Plaintiffs, which were directed to Plaintiffs' trade secret claims.  Those requests sought:

1.  The recipes of all dishes on MR. CHOW's menu which you contend constitutes your trade secrets.

2.  The business plans, business strategies, methods, processes and techniques, which relate not only to the preparation and presentation of the food, but to the control and function of the kitchen, the cooking, expediting and food delivery processes, and the training of staff, which you contend constitutes your trade secrets.

7.      Thereafter, undersigned counsel engaged in email correspondence with Ms. Canny.  On December 24, 2009, undersigned counsel articulated Defendants' position that Plaintiffs' objection to producing documents and identifying with reasonable particularity the trade secrets that Plaintiffs have placed in issue in this lawsuit was inconsistent with applicable law.  Undersigned counsel further advised Ms. Canny that Defendants would have no choice but to seek relief from the Court consistent with the relief sought herein if Plaintiffs did not fulfill their discovery obligations with respect to the written discovery served on them.

8.      On December 28, 2009, Ms. Canny responded via email disagreeing with Defendants' position that Defendants' depositions should be postponed until Plaintiffs identify their trade secrets.  Ms. Canny did confirm that Plaintiffs intended on objecting to Request 1 and Request 2 to the First Request for Production to Plaintiffs. The December 24, 2009 and December 28, 2009 emails are attached hereto as Composite Exhibit D.

9.      On December 29, 2009, Plaintiffs served their written Response to the First Request for Production to Plaintiffs.  Plaintiffs' Response is laden with objections, including objections to producing or identifying the alleged trade secrets at issue.  The Response also contains improper objections to Defendants' Contention Requests, which seek documents supporting Plaintiffs' claims. Plaintiffs' Response to the First Request for Production is attached hereto as Exhibit E.

10.     Plaintiffs' improper objections to the First Request for Production prevents Defendants from properly preparing for the noticed depositions, and therefore a Protective Order is necessary to postpone the depositions until Plaintiffs' objections can be resolved by agreement and/or Court intervention.  The SAC has been on file only since December 3, 2009 and no Scheduling Order has been entered in this case.  The granting of the requested relief will not prejudice Plaintiffs.

## **MEMORANDUM OF LAW**

11.     All of the documents sought in the First Request for Production to Plaintiffs are necessary for Defendants to prepare for their depositions.  However, certain categories of documents will be discussed herein to emphasize the necessity of the granting of the relief sought in this Motion.

12.     First, many of the requests are directed to specific "contentions" contained in the SAC. In those requests, Defendants seek "all documents supporting" such contentions. Plaintiffs have raised numerous improper objections to these entirely appropriate requests.  For example, Request 28 seeks:

> All documents supporting your contention that Defendant lured employees of MR. CHOW restaurants to leave "MR. CHOW to serve in the same capacity in Defendants' restaurants."

**RICHMAN GREER, P.A.**

**Miami • West Palm Beach**

In response, Plaintiffs objected to producing any documents supporting their contention:

> Plaintiffs object this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as over broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this Request is premature as discovery is just beginning, and the allegation at issue is contained in the Second Amended Complaint and therefore discovery into the allegation may not be reasonably calculated to lead to admissible evidence and/or may be overly broad and unduly burdensome, as no response paper or pleading has yet to be filed to that Second Amended Complaint by Philippe Miami or any other Defendant. Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds and following the filling of papers or pleadings in response to the Second Amended Complaint by Defendants in this action.

13.     The foregoing objection is without any legal basis. Plaintiffs have made allegations in the SAC and Defendants are entitled to all documents that Plaintiffs are presently aware of which support such allegations.  These legally deficient objections have the practical effect of allowing Plaintiffs to take Defendants' depositions <u>before</u> they are required to produce those documents supporting their claims.  Requests 5, 6, 7, 8, 9, 12, 14, 20, 22, 23, 27, 28, 29, 30, 31, 33, 37, 41, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, and 108 of the First Request for Production of Documents to Plaintiffs fall into this "Contention Request" category and Plaintiffs have raised similar objections to each of these requests.

14.     "Contention requests" are appropriate types of requests under Rule 34, Federal Rules of Civil Procedure.  Such requests are certainly "matter that is relevant to any party's claim or defense – including the existence, description, nature and custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and are certainly "reasonably calculated to lead to the discovery of admissible evidence." *See* Rule 26(b)(1), Federal Rules of Civil Procedure.  Indeed, Magistrate Judge Garber recently compelled responses to these same types of requests. *See 1550 Brickell Assoc. v. QBE Ins. Corp.*, 2008 WL 4279538 at 2-4 (ordering production of "all

**RICHMAN GREER, P.A.**

Miami • West Palm Beach

documents supporting" a contention); *see also Schwartz v. City of Treasure Island*, 2006 WL 349525 at 2 (same).

15.     A second significant category of documents and information that Plaintiffs have improperly objected to disclosing are identification of the very "trade secrets" which Plaintiffs contend were misappropriated. Requests 1, 2, 6, 9, 10, and 51 fall into this category.  In response to Defendants' request that Plaintiffs identify the alleged trade secrets that have been misappropriated with reasonable particularity and produce other documents supporting the trade secret claims, Plaintiffs' raise a lengthy objection that is contained on pages 6-9 of the Response (Exhibit E) wherein Plaintiffs state that they have no obligation to respond to any trade secret discovery until discovery is obtained from Defendants:

> Plaintiffs also object to this Request as overly broad, as it seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as all of Plaintiffs' trade secrets are not relevant to this action but rather only those trade secrets which appear to have been misappropriated by Defendants. Moreover, because Plaintiffs cannot be certain as to which of Plaintiffs' trade secrets have been misappropriated by Defendants, until Plaintiffs receive discovery on how the Defendants are operating and what they are doing, a response to this request is at minimum premature; discovery into Plaintiffs' trade secrets which have not been or are not being used by Defendants would be prejudicial and unduly burdensome to Plaintiffs, yet Plaintiffs cannot finally identify all of its trade secrets that have been misappropriated without obtaining discovery from Defendants.  **Thus Defendants must first provide discovery to Plaintiffs identifying the formation and materials they have obtained from Plaintiffs before Plaintiffs properly can or should be required to respond to discovery regarding the trade secrets taken from Plaintiffs."**
> (Emphasis added).

16.     This position is directly contrary to any potential applicable state law governing the trade secret claims (Florida, New York, and California law).  California has a statute that requires that the trade secrets be described with reasonably particularity in a disclosure statement before any discovery takes place. *See Cal. Civ. Proc. Code Sec. 2019.210*.  Furthermore, Florida and New York law require that Plaintiffs identify their alleged trade secrets with "reasonably

particularity" so that the Defendants are made aware of the claims being brought against them.

*See Del Monte Fresh Produce Co v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324-26 (S.D. Fla.

2001) (under California or Florida law, pineapple grower alleging competitor's misappropriation

of trade secrets related to cultivation of unique variety of pineapple was required to identify, with

reasonable particularity, nature of trade secrets involved). In *Del Monte*, the Court stated:

> Florida Courts recognize that "[i]n order to ascertain whether trade secrets exist,
> the information at issue must be disclosed." *Lovell Farms v. Levy,* 641 So. 2d
> 103,105 (Fla. 3rd DCA 1994) (quoting *Becker Metals Corp. v. West Florida
> Scrap Metals*, 407 So. 2d 380, 382 (Fla. 1st DCA 1981). Because Del Monte is
> asking this court to find that trade secrets exist and were misappropriated by Dr.
> Funk, Del Monte must reveal the information it ultimately seeks to protect.
>
>           *   *   *
>
> Under either California or Florida law, Del Monte must describe with reasonable
> particularity the trade secrets at issue in this case.... If Del Monte is claiming that
> Dr. Funk has misappropriated the percentage of concentration of certain
> chemicals, it need not specify the percentages, but it must tell Dr. Funk the Del
> Monte believes he has misappropriated the percentage of concentration of
> chemical "X" or that he has misappropriated the process for combining chemicals
> "X, Y, Z". Also, all of this information must be revealed in an organized fashion.
>
>           *   *   *
>
> Del Monte cannot expect Dr. Funk to embark upon a fishing expedition to
> ascertain what those secrets are. Once Del Monte specifies this information, it can
> be assured that the trade secrets will be protected by the protective order that is in
> place in this case.

148 F. Supp. 2d at 1325-26. *See also Knights Armament Co. v. Optical Sys. Tech.*, 254 F.R.D.

463, 467 (M.D. Fla. 2008) (It is axiomatic that a party may not assert a cause of action for

misappropriation of trade secrets without identifying for the opposing party the trade secrets at

issue...Because [plaintiff] chose to bring a claim for misappropriation of trade secrets, it must

identify the trade secrets it contends were wrongfully appropriated.  A detailed protective order

has been negotiated by the parties permitting disclosure of the information in a manner that will

be reasonably safeguard its confidentiality); *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272,

1273 (S.D. Fla. 2007) (Party asserting trade secret protection must describe the allegedly misappropriated trade secrets with reasonable particularity).

17.    New York trade secret law, like Florida trade law, requires that trade secrets at issue be described with reasonable particularity.  As recognized in *Del Monte*, New York also requires disclosure of trade secrets with reasonable particularity.  *Del Monte*, 148 F. Supp. 2d at 1325 *citing Xerox Corp. v. Int'l Bus. Mach. Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) ("To the extent that Xerox has not specified by which information contained in, referred to by, or incorporated by referenced in the documents listed by Xerox are considered by Xerox to be trade secrets or confidential information, the Court believes that Xerox has failed to comply with the Special Master's instruction [that Xerox must specify that data and information which forms the bases of its cause of action.']").  *See also Unicure, Inc. v. Thurman,* 97 F.R.D. 7, 13-14 (W.D.N.Y 1982) (Court rejected interrogatory response, which listed a set of generic and conclusory phrases and made generalized references to a ration of ingredients, and held that plaintiffs "answers concerning the nature of its alleged trade secrets are evasive, ambiguous, and incomplete").[2]

18.    Presumably, Plaintiffs have satisfied themselves of their Rule 11 obligations and have brought trade secret claims against Defendants.  Those alleged trade secrets that Plaintiffs believe have been misappropriated must be disclosed.  Plaintiffs' legally unsupportable objections with regard to their trade secret claims unfairly prejudices Defendants' ability to

---

[2] In their objections, Plaintiffs cite the case of *Medtech Products v. Ranir, LLC*, 596 F. Supp. 2d 778 (S.D.N.Y. 2008).  That case is consistent with the law cited above that requires Plaintiffs to identify their trade secrets at issue.  In *Medtech*, the Magistrate Judge recommended that the Defendant was entitled to receive a list of specific trade secrets that Plaintiffs alleged were misappropriated.

RICHMAN GREER, P.A.

Miami • West Palm Beach

defend the case, including the proposed depositions.   Without disclosure of the alleged trade secrets at issue, the proper bounds and scope of discovery cannot be set.

19.    Third, Plaintiffs object to responding to the requests in the First Request for Production which are directed to the new allegations and new defendants contained in the SAC. In their "General Objections", Plaintiffs object to responding to these requests on the grounds that the First Request for Production was served before the SAC was technically filed:

> Plaintiffs object to Defendant Philippe Miami's First Request for Production to the extent that it seeks discovery into the allegations that were not contained in the operative complaint at the time Philippe Miami's First Request for Production was served upon Plaintiffs.  Discovery concerning allegations asserted for the first time in the Second Amended Complaint filed with the Court on December 3, 2009 (DE 42) cannot reasonably be encompassed by Defendant Philippe Miami's First Request for Production served on Plaintiffs on November 23, 2009, and furthermore any attempted discovery into the allegations of Plaintiffs' Second Amended Complaint may not be reasonably calculated to lead to admissible evidence and/or may be overly broad and unduly burdensome, as no responsive paper or pleading has yet been filed to that Second Amended Complaint by Philippe Miami or any other Defendant.

20.    This attempted technical objection has no legal basis.  The documents requested do in fact relate to the contentions contained in the SAC.  It matters not whether the SAC was on file at the time that the requests were served.  The requests are directed to Plaintiffs' contentions and they should not and cannot be ignored.    Moreover, and most significantly for purposes of this Motion, it is inconsistent and fundamentally unfair for Plaintiffs to take the position that they do not need to respond to written discovery directed to the allegations in the SAC and at the same time insist that the January 13-15 depositions go forward on those very issues.  Indeed, as mentioned above, Defendant Costin Dumitrescu was added as a party defendant for the first time on December 3, 2009 in the SAC.  The SAC also raises numerous new claims against the original defendants in this action who Plaintiffs now seek to depose.  Defendants should not be

RICHMAN GREER, P.A.

Miami • West Palm Beach

required to submit to deposition when Plaintiffs have failed and refused to respond to discovery on the same issues they wish to explore in deposition.

21.     Rules 26(c) and (d) of the Federal Rules of Civil Procedure empower this Court to enter an Order in the interest of justice protecting Defendants from the subject depositions. Specifically, the Rules empower this court to control the methods and timing of discovery to protect parties from discovery abuses, and to effectuate an orderly and fair discovery process. Good cause has been shown for an Order protecting Defendants from the January 13-15 depositions.  Defendants have the right know the nature of the claims brought against them. Defendants have served written discovery in this regard and Plaintiffs have wrongfully objected. Plaintiffs now seek discovery from Defendants on these very same issue via depositions.  These circumstances require an Order from the Court with regard to the sequence and timing of Plaintiffs' responses to the written discovery in relation to the depositions of Defendants so that Defendants are not unfair prejudiced.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), counsel for the Philippe Defendants certify that he has made reasonable efforts to confer with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion, and that counsel for Plaintiffs has indicated that Plaintiffs intend on proceeding with the depositions at issue.

WHEREFORE, Defendants respectfully request this Court to enter a Protective Order providing that Defendants' depositions shall not take place until the Court has had the opportunity to rule on Defendants' Motion to Compel Plaintiffs' responses to the outstanding written discovery served on them, which Motion will be filed as soon as counsel for the parties can coordinate a meet

and confer conference, and granting such further and additional relief as the Court deems just and proper.

Dated: January 4, 2010

Respectfully submitted,

Lyle E. Shapiro
(Florida Bar No. 120324)
lshapiro@richmangreer.com
Mark A. Romance
(Florida Bar No. 021520)
mromance@richmangreer.com
Ethan J. Wall
(Florida Bar No. 045158)
ewall@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

and

Greg M. Herskowitz
(Florida Bar No. 118877)
greg@pinecresttitle.com
GREG HERSKOWITZ, P.A.
9130 South Dadeland Boulevard
PH1A
Miami, Florida 33156
Telephone: (305) 423-1258
Facsimile: (305) 670-3884

*Attorneys for Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu, Manny Hailey, Yao Wu Fang, and  Ping Ching Kwok*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 4, 2010 to the parties listed in the attached Service List in the manner specified.

By: _____
Lyle E. Shapiro

RICHMAN GREER, P.A.

Miami • West Palm Beach

**SERVICE LIST**
*Michael Chow, et al. v. Chak Yam Chau, et al.*
CASE NO. 09-21893-CIV-HOEVELER/GARBER
United States District Court, Southern District of Florida

| | |
|---|---|
| Joan Canny, Esquire<br>jcanny@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3422<br>Facsimile: (305) 415-3001<br>*Attorneys for Plaintiffs*<br>**(Via Hand Delivery, Email, & Mail)** | Lyle E. Shapiro, Esquire<br>lshapiro@richmangreer.com<br>Mark A. Romance, Esquire<br>mromance@richmangreer.com<br>Ethan J. Wall, Esquire<br>ewall@richmangreer.com<br>RICHMAN GREER, P.A.<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey, Yao Wu Fang, and Ping Ching Kwok* |
| Michael B. Chesal, Esquire<br>mchesal@pc-iplaw.com<br>PERETZ CHESAL & HERRMANN, P.L.<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone (305) 341-3000<br>Facsimile: (305) 371-6807<br>*Attorneys for Plaintiffs*<br>**(Via Email & Mail)** | Greg M. Herskowitz, Esquire<br>greg@pinecresttitle.com<br>GREG HERSKOWITZ, P.A.<br>9130 South Dadeland Boulevard<br>PH1A<br>Miami, Florida 33156<br>Telephone: (305) 423-1258<br>Facsimile: (305) 670-3884<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey, Yao Wu Fang, and Ping Ching Kwok* |

RICHMAN GREER, P.A.

Miami • West Palm Beach

| | |
|---|---|
| Bertram Fields, Esquire<br>bfields@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS *et al*<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067-4590<br>Telephone (310) 553-3610<br>Facsimile (310) 553-0687<br>*Attorneys for Plaintiffs*<br>**(Via Email & Mail)** | |

RICHMAN GREER, P.A.

Miami • West Palm Beach

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 09-21893-CIV-HOEVELER/GARBER**

MICHAEL CHOW known as "MR. CHOW", *et al*

      Plaintiffs,

Vs.

CHAK YAM CHAU, *et al*

      Defendants.

_____/

**PHILIPPE MIAMI LLC'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS**

      Defendant, Philippe Miami, LLC, by and through undersigned counsel, requests that Plaintiffs respond to the following requests for production of documents, separately and fully, in writing, and produce to Philippe Miami, LLC within thirty (30) days of service hereof the following documents that are in your custody or control:

**DEFINITIONS**

      As used herein, the following terms are defined as follows:

      A.      "Defendant" means any company, organization, entity, or person presently named as a defendant in this litigation.

      B.      "Plaintiff(s)", "you", "your", or "your company" means Plaintiffs and their predecessors, successors, subsidiaries, departments, divisions, or affiliates including, without limitation, any organization or entity that Plaintiffs manage or control, together with all present and former directors, officers, employees, agents, representatives, or any person acting or purporting to act on their behalf.

RICHMAN GREER, P.A.

Miami • West Palm Beach

C.  "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

D.  "Communication" means without limitation, oral or written communications of all kinds, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

E.  "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, or other person who is or was employed the organization in question.

F.  "Document" means, without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising, and promotional literature, agreements, minutes or other records of meetings, all written or graphic records or representations of any kinds, mechanical representations and all electronically stored information of any kind.

G.  "Electronically stored information" includes, without limitation, the following:

(1)  information that is generated, received, processed, and recorded by computers and other electronic devices;

(2)  internal or external websites;

-2-

(3)     activity listings of electronic mail receipts and/or transmittals;

(4)     output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

(5)     any and all items stored on computer memories, networks, hard disks, floppy disks, DVD, CD, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* Palm or Blackberry or other smart phone type device; and

(6)     file folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all documents requested herein.

I.      "Relating to", "referring to", "regarding" or "with respect to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, concerning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

J.      "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B" or about "A" and "B",

RICHMAN GREER, P.A.

Miami • West Palm Beach

you should produce all information about A and all information about B, as well as information about, collectively, A and B. In other words, "or" and "and" should be read as "and/or".

## INSTRUCTIONS

1.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discovery or obtain possession, custody, or control of any documents which plaintiffs have previously requested, you shall promptly make such document available.

2.      In producing documents and other materials, you are to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your employees, managing agents, parent company(ies), investigators, or by your attorneys or their employees and investigators.

3.      If a document once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details including whether the document:

        (A)      is lost or missing;

        (B)      has been destroyed and, if so, by whom and at whose request;

        (C)      has been transferred or delivered to another person or entity and at whose request; and/or

        (D)      has been otherwise disposed of.

4.      In each instance in which a document once existed and subsequently has been lost, missing, destroyed, or has been otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

        (A)      the identity of the person who last possessed the document;

RICHMAN GREER, P.A.

Miami • West Palm Beach

(B)    the date or approximate date of the document's disposition; and

(C)    the identities of all people who have or had knowledge of the document's contents.

5.    If any documents response to any of the requests you content is privileged, and the document or any portion of the document requested is withheld based on the claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a Privilege Log describing the claim of privilege and all facts relied upon in support of that claim, including the following information:

(A)    the reason for withholding it;

(B)    the date of such communication;

(C)    the medium of such communication;

(D)    the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

(E)    the identity of any document that was the subject of such communication and the present location of the document;

(F)    the identity of the persons involved in such communications; and

(G)    the paragraph or paragraphs of these requests for production of documents to which such information is responsive.

9.    Each document requested herein should be produced in its entirety and without deletion, redaction, or excisions, except as qualified by Instruction 5 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of the document, stamp the word "REDACTED"

RICHMAN GREER, P.A.

Miami • West Palm Beach

beside the redacted information on each page of the document that you have redacted. Any redactions to documents produced should be identified in accordance with Instruction 5 above.

10.    Documents in electronic format should be produced in electronic format on hard disk drive, DVD-R or CD-R media in the original electronic file format(s) of the documents, and should also be produced in hard copy (paper) form, along with the manuals and all other documents sufficient to operate, display, read, and interpret tile program, documents, or data.

11.    The documents should be Bates numbered sequentially, with a unique number on each page, and with prefix identifying the party producing the document.

## REQUESTS

1. The recipes of all dishes on MR. CHOW's menu which you contend constitutes your trade secrets.

2. The business plans, business strategies, methods, processes and techniques, which relate not only to the preparation and presentation of the food, but to the control and function of the kitchen, the cooking, expediting and food delivery processes, and the training of staff, which you contend constitutes your trade secrets.

3. All Employee Earnings Records from 1980 through the present for all kitchen personnel, including but not limited to Chef Philippe, who worked at Plaintiffs' East 57th Street location.

4. All non-attorney/client documents, including but not limited to emails, referencing or referring to any of the defendants and/or their principals, employees and/or representatives which were generated by or received by you, including but not limited to correspondence generated by or received from Michael Chow, Eva Chow, Michelle Chun, John Wu and/or any other agent or representative of Plaintiffs.

5. All documents supporting your claim for damages in this case.

6. All documents supporting your contention that the "compilation of processes, methods and techniques was painstakenly developed over a period of forty-one years."

7. All documents supporting your contention that "no restaurant has ever amassed such a remarkable international clientele."

8. All documents supporting your contention that Mr. Chow has repeatedly been heralded in the media as a cultural icon and that his innovations in concept and design extend beyond the restaurant industry and have inspired artists, designers and producers."

9. All documents supporting your contention that the dishes on Mr. Chow's menu where "authentic interpretations, refinements, and reinventions of classic dishes."

10. All documents reflecting or referring to efforts to protect Plaintiffs' alleged trade secrets, including but not limited to all documents supporting the contention that "Mr. Chow and MR CHOW restaurants engaged in reasonable steps to protect the trade secrets used in operating the MR CHOW Restaurants though policies, procedures, training and other measures designed and intended to protect them under the circumstances."

11. All documents related to the case that Mr. Chow prosecuted in 1986 regarding the use of the name "CHOW" and all other documents relating to efforts by Plaintiffs to protect its trademarks.

RICHMAN GREER, P.A.

Miami • West Palm Beach

12. All documents supporting your contention that "Defendant Morfogen has engaged in a pattern and practice of attempting to confuse the public and steal the patrons of successful restaurants in the same field by giving his own restaurant a confusingly similar name to such successful restaurant."

13. All documents referencing or referring to the restaurants "Sea Grill" and "Sea Grill of The Aegean".

14. All documents supporting your contention that Defendants' alleged wrongful conduct was done "intentionally".

15. All documents referencing or referring to the different job titles given to kitchen personnel at Plaintiffs' restaurants since 1980 through the present, such as "chopping assistant", "chopper", "assistant chopper-expeditor", "expeditor", "principal chopper and expeditor" and "executive chef".

16. All documents referencing or referring to the job duties of kitchen personnel at Plaintiffs' restaurants from 1980 through the present.

17. All documents referencing or referring to job qualifications for all kitchen positions at Plaintiffs' restaurants from 1980 through the present.

18. The employment files of all kitchen personnel at Plaintiffs' East 57th Street restaurant from its grand opening to the present.

19. All documents, including but not limited to articles, internet postings, and promotional materials wherein you contend that Chef Philippe's work experience at MR. CHOW was inaccurately described, including but not limited to documents supporting your contention that Chef Philippe was inaccurately described as the former "Executive Chef" of Plaintiffs, and/or the "Chow of Mr. Chow" and "mastermind", "architect" and "creator" of MR. CHOW's menu and its signature dishes.

20. All documents supporting the contention that "Defendant Chau and, in their position as chefs, the Defendants Chefs learned, in confidence, the valuable trade secrets of Mr. Chow..."

21. All documents referencing or referring to Plaintiffs' decision to have Plaintiffs' kitchen personnel sign Confidentiality Agreements.

22. All documents supporting your contention that Defendants directed their sales staff to misrepresent that the Defendants' restaurants were in fact MR. CHOW restaurants or that there were associated or affiliated with MR. CHOW Restaurants, and that the fictitious "Philippe Chow"....was "Chef Chow" of the famous MR CHOW Restaurants, or that he was the son or brother of the real Mr. Chow."

RICHMAN GREER, P.A.

Miami • West Palm Beach

23. All documents supporting your contention that Defendants falsely advertised Defendant Chau as "Philippe Chow of the famed MR. CHOW restaurant."

24. All documents, including videos, supporting your contention that Defendants have repeatedly made false claims on the internet, in interviews and elsewhere that Defendant Chau was the "Executive Chef" at MR. CHOW and the "Chef Chow" behind the MR. CHOW Restaurants."

25. The document wherein Defendant Morfogen allegedly stated "Philippe was the architect for this menu for the past twenty-seven years; Michael doesn't cook. I'm not hiding the fact; these are [Mr. Chow's] dishes. I didn't want him [Defendant Chau] to come here and start cooking Vietnamese or Thai. I wanted him to cook what he has been cooking for twenty-seven years."

26. The statement allegedly posted on the website OpenTable.com that "Philippe Chow of New York's famed Mr. Chow now opened Philippe Miami at 2305 Collins Ave @ Gansevroort South Hotel."

27. All documents supporting your contention that the posting on the OpenTable website referenced in request 26 above was attributable to Defendants.

28. All documents supporting your contention that Defendants lured employees of MR. CHOW restaurants to leave MR. CHOW to serve in the same capacity in Defendants' restaurants.

29. All documents supporting your contention that Defendants offered unreported cash payments and unlawful benefits to Plaintiffs' chefs.

30. All documents supporting you contention that Defendants purchased internet advertising to improperly compete with Plaintiffs.

31. All documents supporting your contention that Defendants improperly used metatags to improperly compete with Plaintiffs.

32. All documents containing the alleged false statements in the press that "Philippe…was the architect for this menu over the last 27 years", Philippe Chow was the "great chef," "famous for many of the popular dishes at MR CHOW" and "had developed a huge following over his 27 years working under owner (no relation) Michael Chow."

33. All documents supporting your allegations that Defendants instruct their staff to refer to Chef Philippe as "Mr. Chow" and that staff at the Miami Beach restaurant are instructed to inform, and do inform persons who inquire that the restaurant is associated with or is a MR CHOW restaurant and that "Philippe Chow" was the chef behind the MR CHOW Restaurants."

RICHMAN GREER, P.A.

Miami ● West Palm Beach

34. All press accounts relating to Defendants' Miami Beach opening which you contend evidences customer confusion.

35. All documents relating to Twitter postings by Defendants.

36. All documents, including videos, supporting your contention that Defendants engaged in corporate espionage with regard to Plaintiffs' Miami Beach restaurant.

37. All documents supporting your contention that Defendants have engaged in "harassment and threats" directed to Plaintiffs.

38. All Confidentiality Agreements executed by any employee of Plaintiffs.

39. All documents, including but not limited to articles and internet postings, which you contend caused or evidences customer confusion.

40. All documents by and between Plaintiffs and representatives of the W Hotel regarding any of the Defendants.

41. All documents supporting your contention that Defendants adopted the fictitious last name of "Chow" in order to fraudulently and deceptively suggest that Chau is the real Mr. Chow  or associated with MR CHOW restaurants.

42. All expert reports that have been prepared in support of Plaintiffs' claims.

43. All documents you identified in your responses to any of the Defendants' Interrogatories to Plaintiffs.

44. All documents to which you referred or upon which you relied in preparing any of your responses to any of the Defendants Interrogatories to Plaintiffs.

45. All documents reflecting communications between you and any of the defendants.

46. All documents referencing your registration, ownership or use of the registered trademarks that are subject to this action.

47. All documents referencing your ownership or use of any un-registered trademarks that are subject to this action.

48. All documents reflecting or referring to possible misuse or infringement of the trademarks identified in response to requests numbers __(47)__ and __(48)__, including all cease and desist letters or other communications between you and any third parties that relate to or refer to these trademarks.

49. All documents reflecting or referring to possible misuse or infringement of the trademarks identified in response to requests numbers __(47)__ and _(48)__, including all cease and desist letters or other communications between you and the defendants that relate to refer to these trademarks.

50. All agreements that you have entered into with any third party that refer to the trademarks identified in response to requests numbers __(47)__ and __(48)__, including without limitation settlement agreements, co-existence agreements and license agreements.

51. All documents reflecting your strategies and plans for marketing your MR CHOW services, covering the period from 2002 through the date of your response to this request.

52. All documents reflecting or referring to market research, consumer surveys, focus groups or other investigations conducted by you or on your behalf that relate to the degree of recognition of the trademarks identified in response to requests numbers _(47)__ and _(48)__ among members of the trade or members of the public.

53. All pleadings, correspondence and other documents exchanged between you and your opposing counsel in the litigation in 1986 relating to MR CHOW's alleged trademarks.

54. All documents reflecting testimony or other statements given by any party or witness in connection with the litigation in 1986, including without limitation affidavits, declarations, deposition or hearing transcripts and videotapes of depositions or other testimony.

55. All documents identifying metatags used in connection with the operation of any of your websites at any time.

56. All documents identifying any domain names you have registered at any time.

57. All documents reflecting or referring to any proceedings under the Uniform Domain Name Dispute-Resolution Policy of the Internet Corporation for Assigned Names and Numbers to which you were a party at any time.

58. All documents identifying any ad-triggering keywords that have been the subject of any transaction between you and any internet search engine company at any time.

59. All documents reflecting or referring to any instances of confusion, mistake or deception on the part of any customer, potential customer, member of the trade, or other member of the public resulting from defendants' alleged wrongful conduct.

60. All documents reflecting or referring to any instances of confusion, mistake or deception on the part of any customer, potential customer, member of the trade, or other member of the public resulting from any third party's alleged use of Plaintiffs' trademarks.

-11-

61. All documents reflecting any sales you claim to have lost or any other damage you claim to have sustained as a result of defendants' alleged wrongful conduct.

62. All documents reflecting any data, investigations, studies, or analyses prepared by you or on your behalf regarding the manner in which internet users locate any of your websites.

63. All documents describing or referring to any efforts considered or undertaken by you or on your behalf to optimize the ranking or appearance of any of your websites in internet search engine results.

64. Samples of every variation of how your trademarks identified in response to requests numbers __(47)__ and __(48)__ are used.

65. Samples of every product or service bearing your trademarks identified in response to requests numbers __(47)__ and __(48)__, including but not limited menus, displays, and other methods of advertising and promotion, including print and on-line media.

66. All documents reflecting the file history for each registered trademark identified in response to request number __(47)__.

67. All documents reflecting the amount of damages you contend you have sustained as result of Defendants' wrongful conduct, and all documents reflecting how such alleged damages were calculated and determined.

68. All documents reflecting evidence that your marks identified in response to request number __(47)__ are famous, including documents reflecting the date your trademarks allegedly became famous.

69. All documents reflecting evidence of use by third parties of your trademarks, portions of your trademarks, or similar variations of your trademarks.

70. All documents reflecting or referring to communications with third parties regarding any portion of the subject matter relating to your claims in this lawsuit.

71. All documents reflecting or referring to communications with any print or online media regarding any portion of the subject matter relating to your claims in this lawsuit.

72. All documents reflecting or referring to any of Defendants' New York restaurants.

73. All documents reflecting or referring to Defendants' Miami Beach restaurant.

74. All documents reflecting or referring to Defendants' California restaurant.

75. All documents referred to in Section II(1) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

RICHMAN GREER, P.A.

Miami • West Palm Beach

76. All documents referred to in Section II(2) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

77. All documents referred to in Section II(3) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

78. All documents referred to in Section II(4) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

79. All documents referred to in Section II(5) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

80. All documents referred to in Section II(6) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

81. All documents referred to in Section II(7) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

82. All documents reflecting or referring to Chef Philippe as a "Chef", "Chopper" and/or "expeditor" while employed by Plaintiffs.

83. All documents relating to Chef Philippe's resignation from Mr. Chow, including but not limited to all documents reflecting any offers made to Chef Philippe in an effort to prevent him from leaving Mr. Chow.

84. All written employment agreements between you and any of the Defendants.

85. All written employment agreements of any employee of Plaintiffs.

86. All employment handbooks and drafts of employment handbooks created by or for Plaintiffs.

87. All documents reflecting or referring to your policy for handling confidential information, if any.

88. All documents reflecting or referring to your policy for identifying confidential information as "confidential."

89. All documents reflecting or referring to your policy with regard to having visitors into your restaurant kitchens, if any.

90. All documents reflecting or referring to your policy with regard to having vendors into your restaurant kitchens, if any.

-13-

91. All documents reflecting or referring to maintaining the confidentiality of your recipes, kitchen and/or other places where confidential information is maintained.

92. All documents and things reflecting or referring to the allegations of "Corporate Espionage," including but not limited to the "material evidence" referred to in your pleadings.

93. All text messages to or from your Miami Beach Chef to the unidentified person in a chef's outfit referred to in your allegations of "Corporate Espionage" in your Amended Complaint.

94. All documents reflecting or referring to the harassment, threats, and property damage that you attribute to Defendants.

95. All documents reflecting or referring to the illegal compensation and benefits to chefs, including unreported cash payments that you contend are attributable to Defendants.

96. All documents reflecting or referring to defendants' alleged solicitation and inducement of your chefs to work for defendants and to disclose.

97. All documents, other than what will be produced pursuant to an earlier request, supporting your contention that you took reasonable steps to protect the confidentiality of your trade secrets.

98. All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants misappropriated your trade secrets.

99. All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants converted your intellectual property.

100.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have infringed on your trademarks.

101.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have committed corporate espionage.

102.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have committed tortious interference.

103.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants are unfairly competing with you.

RICHMAN GREER, P.A.

Miami • West Palm Beach

104.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants violated Florida's Deceptive and Unfair Trade Practices Act.

105.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants violated California's Business and Professions Code.

106.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants induced a breach of contract.

107.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants breached a confidentiality agreement.

108.    All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have engaged in unfair advertising.

RICHMAN GREER, P.A.

Miami ● West Palm Beach

Dated: __11/23/09__

Respectfully submitted,

By: _____

　　　Lyle E. Shapiro
　　　(Florida Bar No. 120324)
　　　lshapiro@richmangreer.com
　　　Mark A. Romance
　　　(Florida Bar No. 021520)
　　　mromance@richmangreer.com
　　　Ethan J. Wall
　　　(Florida Bar No. 045158)
　　　ewall@richmangreer.com
　　　RICHMAN GREER, P.A.
　　　Miami Center – Suite 1000
　　　201 South Biscayne Boulevard
　　　Miami, Florida 33131
　　　Telephone: (305) 373-4000
　　　Facsimile: (305) 373-4099

　　　and

　　　Greg M. Herskowitz
　　　(Florida Bar No. 118877)
　　　greg@pinecresttitle.com
　　　GREG HERSKOWITZ, P.A.
　　　9130 South Dadeland Boulevard
　　　PH1A
　　　Miami, Florida 33156
　　　Telephone: (305) 423-1258
　　　Facsimile: (305) 670-3884

*Attorneys for Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 23, 2009 to the parties listed in the attached Service List in the manner specified.

By: _____

Lyle E. Shapiro

RICHMAN GREER, P.A.

Miami • West Palm Beach

## SERVICE LIST
*Michael Chow, et al. v. Chak Yam Chau, et al.*
CASE NO. 09-21893-CIV-HOEVELER/GARBER
United States District Court, Southern District of Florida

| | |
|---|---|
| Joan Canny, Esquire<br>jcanny@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3422<br>Facsimile: (305) 415-3001<br>*Attorneys for Plaintiffs*<br>**(Via Fax and U.S. Mail)** | Lyle E. Shapiro, Esquire<br>lshapiro@richmangreer.com<br>Mark A. Romance, Esquire<br>mromance@richmangreer.com<br>Ethan J. Wall, Esquire<br>ewall@richmangreer.com<br>RICHMAN GREER, P.A.<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey* |
| Michael B. Chesal, Esquire<br>mchesal@pc-iplaw.com<br>PERETZ CHESAL & HERRMANN, P.L.<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone (305) 341-3000<br>Facsimile: (305) 371-6807<br>*Attorneys for Plaintiffs*<br>**(Via Fax and U.S. Mail)** | Greg M. Herskowitz, Esquire<br>greg@pinecresttitle.com<br>GREG HERSKOWITZ, P.A.<br>9130 South Dadeland Boulevard<br>PH1A<br>Miami, Florida 33156<br>Telephone: (305) 423-1258<br>Facsimile: (305) 670-3884<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey* |

RICHMAN GREER, P.A.

Miami • West Palm Beach

| | |
|---|---|
| Bertram Fields, Esquire<br>bfields@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS *et al*<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067-4590<br>Telephone (310) 553-3610<br>Facsimile (310) 553-0687<br>*Attorneys for Plaintiffs*<br> **(Via Fax and U.S. Mail)** | |

RICHMAN GREER, P.A.

Miami • West Palm Beach

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW",
MR. CHOW ENTERPRISE, LTD., a California
Limited     Partnership,     MC     MIAMI
ENTERPRISES, LLC, a Florida Limited Liability
Company, MC TRIBECA, LLC, a New York
Limited Liability Company, and TC VENTURES,
INC., a New York Corporation,

       Plaintiffs,

vs.

CHAK YAM CHAU, STRATIS MORFOGEN,
PHILIPPE MIAMI LLC,     a Florida Limited
Liability     Company,     PHILIPPE     NORTH
AMERICA RESTAURANTS, LLC, a New York
Limited     Liability     Company,     PHILIPPE
RESTAURANT     CORP.,     a     New     York
Corporation, PHILIPPE WEST COAST LLC, a
California     Limited     Partnership,     COSTIN
DUMITRESCU, MANNY HAILEY, YAO WU
FANG, SUN CHUN HUI, MARK CHENG and
PING CHING KWOK,

       Defendants.

_____/

## PHILIPPE NORTH AMERICA RESTAURANTS, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, MICHAEL CHOW

Defendant, Philippe North America Restaurants, LLC, by and through undersigned

counsel, propounds the following interrogatories upon Plaintiff, Michael Chow, and requests that

they be answered separately, fully and within thirty (30) days from the date of service pursuant to

Rule 33 of the Federal Rules of Civil Procedure.

Dated:  December 7, 2009

By:_____

      Lyle E. Shapiro
      (Florida Bar No. 120324)
      lshapiro@richmangreer.com
      Mark A. Romance
      (Florida Bar No. 021520)
      mromance@richmangreer.com
      Ethan J. Wall
      (Florida Bar No. 045158)
      ewall@richmangreer.com
      RICHMAN GREER, P.A.
      Miami Center – Suite 1000
      201 South Biscayne Boulevard
      Miami, Florida 33131
      Telephone: (305) 373-4000
      Facsimile: (305) 373-4099

      and

      Greg M. Herskowitz
      (Florida Bar No. 118877)
      greg@pinecresttitle.com
      GREG HERSKOWITZ, P.A.
      9130 South Dadeland Boulevard
      PH1A
      Miami, Florida 33156
      Telephone: (305) 423-1258
      Facsimile: (305) 670-3884

      *Attorneys for Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp, Costin Dumitrescu, Manny Hailey and Philippe West Coast LLC*

## DEFINITIONS

(a) The words "you," "yours" and/or "yourselves" means the Plaintiff to when there interrogatories are and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Michael Chow, Mr. Chow Enterprise, Ltd., MC Miami Enterprises, LLC, MC Tribeca, LLC and TC Ventures, Inc.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, e-mails, text messages, instant messages, mobile phone messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e) "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain/relate to" or "pertaining/relating to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i) The term "Philippe" shall mean Chak Yam Chau ("Chef Philippe"), Stratis Morfogen, Philippe Miami, LLC, Philippe North America Restaurants, LLC and/or Philippe Restaurant Corp.

(j) The term "action" or "case" shall mean the case entitled MICHAEL CHOW known as "MR. CHOW", MR. CHOW ENTERPRISE, LTD., a California Limited Partnership, MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company, MC TRIBECA, LLC, a New York Limited Liability Company, and TC VENTURES, INC., a New York Corporation v. CHAK YAM

RICHMAN GREER, P.A.

Miami • West Palm Beach

CHAU, STRATIS MORFOGEN, PHILIPPE MIAMI LLC, a Florida Limited Liability Company, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, a New York Limited Liability Company, PHILIPPE RESTAURANT CORP. a New York Corporation, PHILIPPE WEST COAST LLC, a California Limited Partnership, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG, SUN CHUN HUI, MARK CHENG and PING CHING KWOK, Case No. CASE NO. 09-21893 pending in the Unites States District Court for the Southern District of Florida.

(k) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

(l) The term "reasonable particularity" shall mean with sufficient particularity to separate it from matters within the general knowledge in the trade, or of special knowledge of the persons in the trade, to permit Philippe to ascertain at least the boundaries within which the secret lies.

## INSTRUCTIONS

If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, please provide a privilege pursuant to Local Rule 26.1.G. 6.(b), providing the following information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

RICHMAN GREER, P.A.

Miami • West Palm Beach

(6) the general subject matter of the document, electronically stored information or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1.      What is the name and address of the person answering these interrogatories, and if other than the Plaintiff to which they are directed, the proper legal name and address of that Plaintiff and your official position or relationship with that Plaintiff?

2.      State all facts and identify all documents upon which you rely in support of your allegation in of the Second Amended Complaint that "[i]n 2005, Defendants Morfogen and Dumitrescu conspired with Defendant Chau to steal the mark, reputation, and trade secrets of the MR CHOW Restaurants, and to steal the very identity of Mr. Chow, in order to unlawfully acquire the business and economic value of the MR CHOW Restaurants and brand, and identify the persons with knowledge of such allegations."

3.      State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that "Defendant Chau [adopted] the fictitious last name of 'Chow' in order to fraudulently and deceptively suggest that Chau is the real Mr. Chow, or the 'Chow' of Mr. Chow or his relative, or the former 'Executive Chef' of the well known MR CHOW Restaurant."

4.      State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that Philippe is "engaging in other intentionally misleading, confusing, false and deceptive promotional and advertising activities, including internet advertising and purchasing search engine sponsored links, that divert to Defendants the reputation, business, clients and prospective clients of the real Mr. Chow and the MR CHOW restaurants."

5.      State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that "Defendant Chau entered into the conspiracy with Defendant Morfogen, described in this Second Amended Complaint, to deceptively, fraudulently and unlawfully use, trade on and profit from the name, reputation, trade secrets and intellectual property of Mr. Chow and the MR CHOW Restaurants."

6.      State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that "Defendants Chau and Morfogen were joined in [a] conspiracy by Defendant Dumitrescu and later by Defendant Hailey, and each of the acts of Defendants Chau and Morfogen were committed pursuant to that conspiracy and were duly authorized by each other and by Defendant Dumitrescu."

RICHMAN GREER, P.A.

Miami ● West Palm Beach

7.     State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that "upon information and belief, as Plaintiffs discovered over time, Defendants directed their staff to misrepresent that the Defendants' restaurants were in fact MR CHOW Restaurants or that they were associated or affiliated with the MR CHOW Restaurants, and that the fictitious 'Philippe Chow' (played by Defendant Chau) was 'Chef Chow' of the famous MR CHOW Restaurants, or that he was the son or brother of the real Mr. Chow."

8.     State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that "[d]uring his 25 years with the MR CHOW Restaurants, Defendant Chau was a chopping assistant, a chopper, an assistant chopper-expeditor and ultimately, for the three years before his resignation, principal chopper and expeditor."

9.     State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that Philippe "succeeded in luring employees of the MR CHOW Restaurants to leave MR CHOW to serve in the same capacity in Defendants' restaurants, and to disclose trade secrets and confidential information of the MR CHOW Restaurants, thus creating the false impression in the minds of patrons of a relationship between the Defendants' restaurants and Plaintiffs' when they saw in Defendants' restaurants familiar faces from the MR CHOW Restaurants."

10.    State all facts and identify all documents upon which you rely in support of your allegation in the Second Amended Complaint that "[o]n information and belief, Defendants were able to induce Plaintiffs' chefs to work for Defendants and to disclose trade secrets and confidential information by offering unreported cash payments and unlawful benefits."

11.    State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Defendants purchased internet advertising on sites such as Google, TMZ and Yahoo!, known as sponsored links, by which key word searching for the MR CHOW Restaurants or the real Mr. Chow would misdirect the client or prospective client to Defendants' falsely advertising website, 'Philippechow.com.'"

12.    State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Defendants also used 'metatags' with the name 'Chow' imbedded in the Philippechow.com website to cause users searching for the MR CHOW Restaurants to be intercepted and directed to false promotional information about Defendants' restaurants instead."

RICHMAN GREER, P.A.

Miami • West Palm Beach

13.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Defendants have repeatedly hired and paid others to post false derogatory reports about Plaintiffs' Restaurants on the internet."

14.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Defendants have surreptitiously engaged in providing illegal compensation and benefits to chefs, including unreported cash payments, thereby reducing the operating costs of their restaurants, a form of cost reduction not possible for lawfully operated restaurants such as 'MR CHOW.'"

15.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "[i]nduced by the other Defendants Morfogen and Dumitrescu to so act, Defendant Chau did disclose and use such trade secrets and confidential information for his own benefit and for the benefit of Defendants, and, so induced, the Defendant Chefs also disclosed and used trade secrets and confidential information for the benefit of the other Defendants."

16.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Defendants, directly or through other persons, some of whose identities are currently unknown, have on information and belief engaged in corporate espionage directed at the MR CHOW Restaurants, including, among other activities, the actions of an agent or apparent agent to engage in undercover surveillance at the MR CHOW Restaurant in Miami Beach."

17.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that the "harassment, threats and property damage" referred to in the Second Amended Complaint were "the acts of agents of Defendants other than Defendant Chefs, committed at said Defendants' instance and direction."

18.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that although "'Chau' remained [Chef Philippe's] legal last name, Defendant Chau adopted the fictitious last name 'Chow' for the sole and express purpose of passing himself off as the real Mr. Chow and confusing the public, and particularly the clients of the MR CHOW Restaurants."

19.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Plaintiffs subsequently discovered, Defendants, in promoting their restaurant, falsely advertised Defendant Chau as 'Philippe Chow of the famed MR CHOW restaurant' [the 'Chow of Mr. Chow' and 'mastermind,' 'architect' and 'creator' of MR CHOW's menu] and created the false and misleading impression that Defendant Chau was the 'Mr. Chow.'"

RICHMAN GREER, P.A.

Miami • West Palm Beach

20.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that Defendants Chau, Morfogen and Dumitrescu have repeatedly made false claims on the internet, in interviews and elsewhere that Defendant Chau was the "Executive Chef" at MR CHOW and the "Chef Chow" behind the MR CHOW Restaurants.

21.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "[i]n an attempt to confuse and deceive clients, prospective clients, and the public as to the identity of the real Mr. Chow and the origins of the signature MR CHOW dishes and dining experience, Defendants Chau, Morfogen and Dumitrescu rushed to secure a location and opened a restaurant in Miami Beach ahead of Mr. Chow, doing so through Defendant Philippe Miami LLC."

22.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "Defendants' continuing actions in South Florida to confuse and deceive clients, prospective clients and the public that Defendants' restaurants are affiliated or associated with the MR CHOW Restaurants and to wrongfully associate the name, reputation and experience of Mr. Chow with Defendant 'Philippe Chow,' culminated in the conversion of Plaintiffs' valuable intellectual property and the deprivation of the rights, benefits and value of that intellectual property to Mr. Chow and the MR CHOW Restaurants in Florida."

23.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "[t]he MR CHOW Restaurants have also continuously used and promoted other marks and names not federally registered, such as the names of the signature dishes, but which have been legitimately used by the MR CHOW Restaurants since prior to the time Defendant began use of the fictitious 'Philippe Chow,' the mark 'Philippe by Philippe Chow' and the MR CHOW signature dishes and the MR CHOW noodle show."

24.     State all facts and identify all documents upon which you rely in support of your allegations in the Second Amended Complaint that "defendants have, by the unlawful means alleged hereinabove, solicited chefs and other key employees of the MR CHOW Restaurant to leave plaintiffs' employ to work in defendants' copycat restaurant in West Hollywood and there to disclose trade secrets and confidential information and to violate their agreements with Plaintiffs and, on information and belief, Defendants have done so by offering chefs unlawful forms of compensation and benefits."

RICHMAN GREER, P.A.

Miami • West Palm Beach

STATE OF FLORIDA          )
                         ) ss:
COUNTY OF MIAMI-DADE)

     The foregoing instrument was acknowledged before me this _____ of _____, 2009

by _____, who is personally known to me or who has produced

_____ as identification.

     Sworn to and subscribed before me this _____ day of _____, 2009.


                            _____
                            Notary Public, State of Florida

                            _____
                            Printed name of notary

My commission expires:

RICHMAN GREER, P.A.

Miami • West Palm Beach

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on December 7, 2009, to the parties listed in the attached Service List in the manner specified.

By: _____

Lyle E. Shapiro

-10-

### SERVICE LIST
*Michael Chow, et al. v. Chak Yam Chau, et al.*
CASE NO. 09-21893-CIV-HOEVELER/GARBER
United States District Court, Southern District of Florida

| | |
|---|---|
| Joan Canny, Esquire<br>jcanny@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3422<br>Facsimile: (305) 415-3001<br>*Attorneys for Plaintiffs*<br>**(Via Hand Delivery)** | Bertram Fields, Esquire<br>bfields@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS *et al*<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067-4590<br>Telephone (310) 553-3610<br>Facsimile (310) 553-0687<br>*Attorneys for Plaintiffs*<br>**(Via U.S. Mail)** |
| Michael B. Chesal, Esquire<br>mchesal@pc-iplaw.com<br>PERETZ CHESAL & HERRMANN, P.L.<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone (305) 341-3000<br>Facsimile (305) 371-6807<br>*Attorneys for Plaintiffs*<br>**(Via U.S. Mail)** | |

-11-

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW",
MR. CHOW ENTERPRISE, LTD., a California
Limited     Partnership,     MC     MIAMI
ENTERPRISES, LLC, a Florida Limited Liability
Company, MC TRIBECA, LLC, a New York
Limited Liability Company, and TC VENTURES,
INC., a New York Corporation,

       Plaintiffs,

vs.

CHAK YAM CHAU, STRATIS MORFOGEN,
PHILIPPE MIAMI LLC,    a Florida Limited
Liability    Company,    PHILIPPE    NORTH
AMERICA RESTAURANTS, LLC, a New York
Limited    Liability    Company,    PHILIPPE
RESTAURANT    CORP.,    a    New    York
Corporation, PHILIPPE WEST COAST LLC, a
California    Limited    Partnership,    COSTIN
DUMITRESCU, MANNY HAILEY, YAO WU
FANG, SUN CHUN HUI, MARK CHENG and
PING CHING KWOK,

       Defendants.

_____ /

### PHILIPPE MIAMI, LLC'S FIRST SET OF INTERROGATORIES
### TO PLAINTIFF, MICHAEL CHOW

       Defendant, Philippe Miami, LLC, by and through undersigned counsel, propounds the

following interrogatories upon Plaintiff, Michael Chow, and requests that they be answered

separately, fully and within thirty (30) days from the date of service pursuant to Rule 33 of the

Federal Rules of Civil Procedure.

Dated:  December 7, 2009

By: _____

Lyle E. Shapiro
(Florida Bar No. 120324)
lshapiro@richmangreer.com
Mark A. Romance
(Florida Bar No. 021520)
mromance@richmangreer.com
Ethan J. Wall
(Florida Bar No. 045158)
ewall@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

and

Greg M. Herskowitz
(Florida Bar No. 118877)
greg@pinecresttitle.com
GREG HERSKOWITZ, P.A.
9130 South Dadeland Boulevard
PH1A
Miami, Florida 33156
Telephone: (305) 423-1258
Facsimile: (305) 670-3884

*Attorneys for Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp, Costin Dumitrescu, Manny Hailey and Philippe West Coast LLC*

-2-

## DEFINITIONS

(a) The words "you," "yours" and/or "yourselves" means the Plaintiff to when there interrogatories are and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Michael Chow, Mr. Chow Enterprise, Ltd., MC Miami Enterprises, LLC, MC Tribeca, LLC and TC Ventures, Inc.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, e-mails, text messages, instant messages, mobile phone messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e) "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain/relate to" or "pertaining/relating to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i) The term "Philippe" shall mean Chak Yam Chau ("Chef Philippe"), Stratis Morfogen, Philippe Miami, LLC, Philippe North America Restaurants, LLC and/or Philippe Restaurant Corp.

(j) The term "action" or "case" shall mean the case entitled MICHAEL CHOW known as "MR. CHOW", MR. CHOW ENTERPRISE, LTD., a California Limited Partnership, MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company, MC TRIBECA, LLC, a New York

RICHMAN GREER, P.A.

Miami • West Palm Beach

Limited Liability Company, and TC VENTURES, INC., a New York Corporation v. CHAK YAM CHAU, STRATIS MORFOGEN, PHILIPPE MIAMI LLC,  a Florida Limited Liability Company, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, a New York Limited Liability Company, PHILIPPE RESTAURANT CORP. a New York Corporation, PHILIPPE WEST COAST LLC, a California Limited Partnership, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG, SUN CHUN HUI, MARK CHENG and PING CHING KWOK, Case No. CASE NO. 09-21893 pending in the Unites States District Court for the Southern District of Florida.

(k) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

(l) The term "reasonable particularity" shall mean with sufficient particularity to separate it from matters within the general knowledge in the trade, or of special knowledge of the persons in the trade, to permit Philippe to ascertain at least the boundaries within which the secret lies.

## INSTRUCTIONS

If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, please provide a privilege pursuant to Local Rule 26.1.G. 6.(b), providing the following information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## **INTERROGATORIES**

1.      What is the name and address of the person answering these interrogatories, and if other than the Plaintiff to which they are directed, the proper legal name and address of that Plaintiff and your official position or relationship with that Plaintiff?

2.      Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action and state the specific nature and substance of the knowledge that you believe such person(s) may have.

3.      Please provide the name of each person whom you may use as an expert witness at trial and state in detail the substance of the opinions to be provided by each such expert.

4.      Please state each item of damage that you claim and include in your answer: the Count to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

5.      Please identify each document (including electronically stored information) pertaining to each item of damages stated in your response to interrogatory no. 4 above.

6.       Identify each of your alleged trade secrets that were allegedly misappropriated by Philippe with reasonable particularity, including but not limited to, those trade secrets referenced in your Second Amended Complaint.

7.      For each trade secret identified in response to interrogatory number 6, identify the date Philippe allegedly misappropriated the trade secret, the specific facts as to how you contend the trade secret was misappropriated, identify who else had access to the trade secret, and the date you first discovered Philippe's alleged use of the trade secret.

RICHMAN GREER, P.A.

Miami • West Palm Beach

8.     For each trade secret identified in response to interrogatory number 6, state all facts and identify all documents reflecting your "reasonable steps to protect the trade secrets used in operating the MR CHOW Restaurants" as alleged in your Second Amended Complaint.

9.     Identify any and all "intellectual property, proprietary information and other property" that you contend Philippe converted, as alleged in your Second Amended Complaint.

10.    For each item identified in response to interrogatory number 9, state all facts and identify all documents upon which you rely in support of your allegation that Philippe "unlawfully converted" them.

11.    Identify all of your trademarks, whether registered or unregistered, that are the subject of the alleged infringement in the second amended complaint.

12.    For each trademark listed in response to interrogatory number 11, describe how Philippe is allegedly infringing on that mark and include in your answer the earliest date in which you had firsthand knowledge of Philippe using an allegedly similar mark.

13.    For each trademark and trade secret listed in response to interrogatories 6 and 11, identify the first date when you notified Phillipe of the alleged infringement or misappropriation.

14.    For each trademark listed in response to interrogatory number 11, state all facts and identify all documents that reflect any enforcement efforts to protect that trademark in the past, including all cease and desist efforts, litigation, and any opposition or cancellation proceedings.

15.    For each trademark listed in response to interrogatory number 11, identify any communications with third parties relating to any part of the subject matter of the Second Amended Complaint.

16.    State the date upon which you first became aware Philippe was operating a restaurant, or planned to operate a restaurant, under the name Philippe Chow, or any similar variation of that name.

17.    Identify all other restaurant or food related business that use the word "Chow" in their name.

18.    Describe all instances of actual confusion between you and Philippe as alleged in the Second Amended Complaint.

19.    Identify all persons who worked at your New York restaurant at the same time that Chef Philippe worked there, and include in your answer the years the person worked there, the position that person held, and their last known address.

20.    For each person listed in response to interrogatory number 19, state the amount they were paid for each year they worked concurrently with Philippe.

-6-

21.     Describe with sufficient particularity any offer made to Chef Philippe, by Michael Chow or otherwise, in an effort to prevent Chef Philippe from leaving your restaurant.

22.     For all acts complained of in the Second Amended Complaint that allegedly "escalated over time," describe with sufficient particularity how the alleged wrongful conduct "escalated over time."

23.     Identify all of your "executive chefs," the dates at which they worked at your restaurant, and the amount each was paid, specifically identifying the dates when that pay may have increased and the amount of such increase.

24.     Identify any and all ad-triggering keywords you have purchased from any source in connection with your internet advertising, and for each such ad-triggering keyword, state the search engine company from which you purchased it and the period of time during which you used it.

25.     Identify the Chef working in your Miami Beach Restaurant that was referred to in your allegations relating to "Corporate Espionage" in your First Amended Complaint.

RICHMAN GREER, P.A.

Miami • West Palm Beach

STATE OF FLORIDA     )
                     ) ss:
COUNTY OF MIAMI-DADE)

        The foregoing instrument was acknowledged before me this _____ of _____,

200__ by _____, who is personally known to me or who has produced

_____ as identification.

        Sworn to and subscribed before me this _____ day of _____, 2009.


                              _____
                              Notary Public, State of Florida

                              _____
                              Printed name of notary
My commission expires:

RICHMAN GREER, P.A.

Miami • West Palm Beach

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on December 7, 2009, to the parties listed in the attached Service List in the manner specified.

By: _____
     Lyle E. Shapiro

## SERVICE LIST

*Michael Chow, et al. v. Chak Yam Chau, et al.*
CASE NO. 09-21893-CIV-HOEVELER/GARBER
United States District Court, Southern District of Florida

| | |
|---|---|
| Joan Canny, Esquire<br>jcanny@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3422<br>Facsimile: (305) 415-3001<br>*Attorneys for Plaintiffs*<br>**(Via Hand Delivery)** | Bertram Fields, Esquire<br>bfields@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS *et al*<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067-4590<br>Telephone (310) 553-3610<br>Facsimile (310) 553-0687<br>*Attorneys for Plaintiffs*<br>**(Via U.S. Mail)** |
| Michael B. Chesal, Esquire<br>mchesal@pc-iplaw.com<br>PERETZ CHESAL & HERRMANN, P.L.<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone (305) 341-3000<br>Facsimile: (305) 371-6807<br>*Attorneys for Plaintiffs*<br>**(Via U.S. Mail)** | |

-10-

# EXHIBIT "C"

## Ethan J. Wall

**Subject:**          RE: Mr. Chow/Philippe

**CaseId:**          3800143
**oCaseId:**        3800143

**From:** Lyle E. Shapiro
**Sent:** Tuesday, December 01, 2009 8:59 AM
**To:** 'Canny, Joan M.'
**Cc:** Ethan J. Wall; 'Greg Herskowitz - Pinecrest'
**Subject:** Mr. Chow/Philippe

Good morning Joan,

Attached is a draft Stipulation and Protective Order for your team's review and comment.

Regards,

Lyle

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW", *et al*

       Plaintiffs,

Vs.

CHAK YAM CHAU, *et al*

       Defendants.

_____ /

### STIPULATION AND PROTECTIVE ORDER

     It is hereby stipulated by the parties hereto, through their respective counsel, that the following conditions and provisions shall govern the production of documents and tangible things in this matter:

1.    The designation "CONFIDENTIAL" information means any document or thing designated by a party (including a third party) in good faith as confidential, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or during trial, information revealed during depositions, and information revealed in interrogatory answers or other written disclosures. In general, "CONFIDENTIAL" information may include and may be claimed with respect to trade secrets or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure, such as (a) information of a financial nature, (b) marketing information, (c) information relating to product research and development, (d) licensing information, or (e) any other information

reasonably deemed to be of a confidential or proprietary nature by the designating party. The parties shall endeavor to limit the use of the "CONFIDENTIAL" designation to those documents and materials that genuinely warrant the protection provided by the terms of this Order.

2.      The designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means any document or thing designated by a party (including a third party) in good faith as highly sensitive and confidential, including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or during trial, information revealed in interrogatory answers or other written disclosures. In general, "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to require the possession of such information to be limited to the counsel of record and their agents.

3.      Designation of confidential materials shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designation of confidential materials shall be made prior to, or contemporaneously with, the production or disclosure of that material.

4.      Unless the parties hereto stipulate otherwise, each deposition of a party or a party's present and former officers, directors, employees, agents, experts and representatives, taken in this case shall be deemed, "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for 30 days from the date of completion of the deposition.  Within 30 days of the deposition, counsel of record for the disclosing party shall designate which portions of the deposition are "CONFIDENTIAL",

"CONFIDENTIAL-ATTORNEYS' EYES ONLY" and not confidential.   Absent such designations within 30 days for the completion of the deposition, the entire deposition of a party or a party's present and former officers, directors, employees, agents, experts and representatives, taken in this case shall be deemed "CONFIDENTIAL".

5.      Material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulation and Protective Order shall not be used or disclosed by the opposing party or counsel for the opposing party or any persons identified in paragraph 6 or 7 for any business or competitive purposes, or for any purposes whatsoever other than the preparation and trial of this action and any appeal herein.

6.      Except as provided in Paragraph 8 below, and in the absence of a court order or written authorization from the designating party, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than counsel of record for a party and members or employees of their respective law firms, the parties to this action and their current employees, third-party witnesses whom counsel of record for a party can show had prior knowledge of the Confidential Information (as by being copied on the document, having authored the document, or otherwise being shown by direct evidence of having been in possession of the information), and mock juries as discussed in Paragraph 8(b) below. Before disclosure to any person or entity other than a named party, counsel of record (including employees of their respective law firms) for a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as

Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

7.      "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be restricted to the Court and its officers and to counsel of record for the parties and their necessary support personnel, including

                a. Retained consultants or experts as discussed in Paragraph 8 below

                b. Jury consultants and mock juries as discussed in Paragraph 8 below

8.      a.  Prior  to  disclosure  of  "CONFIDENTIAL"  or  "CONFIDENTIAL  – ATTORNEYS' EYES ONLY" information of another party to an outside independent expert or consultant employed by counsel for assistance in the preparation, prosecution or trial of this action, counsel for the party that has received such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall provide such expert or consultant with a copy of this Order, and shall require such expert or consultant to execute the declaration shown in Exhibit A. Through that declaration the expert or consultant acknowledges that he or she is familiar with the provisions of the Protective Order, will abide by them, and will agree to this Court's jurisdiction to enforce them. Each outside expert or consultant who will receive another party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall make a representation, as part of the declaration shown in Exhibit A, that he or she is not, and has not been previously, an employee, agent, or consultant for any of the other parties in this case (*i.e.,* other than the party seeking to retain the expert or consultant), or any of such parties' competitors, to the best of his or her knowledge.   Such declaration shall be kept by the employing counsel for reference should such be necessary.  For a business organization retained as a consultant, the declaration shall be signed by a person authorized to bind the business

organization who shall advise any other personnel of such consultant to whom "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is disclosed of the obligations imposed by this Order.  If a party wishes to retain an expert or consultant who cannot make all the representations required by Exhibit A, such expert or consultant shall be identified to the other parties prior to making any disclosure of such other party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in sufficient time (not less than two (2) weeks) for any party to object and seek further protection should it deem that necessary.  If any party objects, no disclosure of such party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be made to such expert or consultant until the matter is resolved.

b.      Before any disclosure of "CONFIDENTIAL" information or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another party is made to persons participating in research such as mock trials, focus groups, and the like, each such person shall execute an agreement (as shown in Exhibit B) to maintain the confidentiality of such information and such agreement shall be kept by counsel or by the organization conducting the research.  No documents or physical things embodying "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of another party shall be left in the possession of any such person. Nothing in this paragraph shall be deemed to permit the disclosure of one party's CONFIDENTIAL - ATTORNEYS' EYES ONLY information to the other party or to employees of that other party.

c.      "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to court personnel and court reporters/videographers retained to record and/or transcribe testimony in this Civil Action.

d.      "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed to personnel of photocopy vendors or vendors engaged by a party to provide services in connection with document conversion, review, or production.

9.      Except as provided in Paragraphs 6 and 7 above, counsel shall maintain all materials or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which are received under this Stipulation and Protective Order secure within their exclusive possession and shall immediately place such material and information in a secure and segregated area. Except as provided in Paragraphs 6 and 7 above, no person shall have access to such material or information, or the secured area.

10.     All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of material or information designated as confidential under this Stipulation and Protective Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if those words do not already appear thereon. All such copies shall be treated as confidential material and information under this Stipulation and Protective Order. Such copies shall only be made when in the bona fide judgment of counsel it is reasonably necessary for the preparation and trial of this action or any appeal herein. Only counsel shall distribute such copies to any other person, and then only in accordance with Paragraphs 6 and 7 above.

11.     If either party believes that any material designated as confidential does not contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as defined in paragraph 1; that party may contest the applicability of this Stipulation and Protective Order to such material by identifying each challenged document to counsel for the opposing

party and stating in writing the basis for challenging the designation of each such document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Upon receipt of such written notification, the parties shall make a good faith attempt to resolve the challenge. In the event the parties cannot resolve the disagreement, the party claiming confidentiality shall have 15 days following the termination of such negotiations in which to make a motion for protective order with respect to such material. If no such motion is made within 15 days the material shall no longer be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Upon the filing of such a motion, material that is subject to a dispute as to whether it is in fact confidential material or information shall be treated as confidential in accordance with the provisions of this Stipulation and Protective Order until further order of the Court.   Nothing herein shall require any party to challenge a confidentiality designation at any particular time.   Failure to challenge a confidentiality designation shall in no way be construed as a waiver to challenge a confidentiality designation in the future.

12.     To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions or any other papers filed or to be filed with the Court reveal or tend to reveal the contents of any document claimed to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", these papers or any portion thereof shall be filed under seal by the filing party with the clerk of the court in an envelope marked "SEALED" with a copy of this Stipulation and Protective Order attached thereto.

13.     If, during trial or in connection with any motion or other proceeding, either party intends to offer into evidence any documents, exhibits or other materials that reveal or may tend to reveal material or information claimed to be "CONFIDENTIAL"  or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY", counsel for that party shall so inform counsel for the opposing party at that time and counsel may request the Court that such evidence be submitted in camera and be sealed, and any proceedings involving disclosure of the evidence be held in camera or in a session of the Court closed to the public. Counsel for a party who intends to offer into evidence any documents, exhibits or other materials that reveal or may tend to reveal material or information claimed by a third party to be "CONFIDENTIAL"  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall provide notice and opportunity to that third party to appear and be heard before any such material is offered.

14.     The inadvertent failure to designate as confidential any document or item of confidential material shall not constitute or be construed as a waiver of confidentiality as to such documents or materials, or as to any other document or item of confidential material. In addition, the inadvertent disclosure or production of materials protected by the attorney/client or other privilege or the attorney work product doctrine by either plaintiff or defendant will not constitute a waiver of such protection.

15.     Promptly upon completion of the litigation, each party shall return to the producing party or third party, or destroy all documents designated by the producing party or third party as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies thereof, and shall destroy all extracts, excerpts and summaries of data from such documents, except that trial counsel for each party may retain one copy of any such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information appended to a pleading and one copy of any deposition transcript containing such information for record purposes only.

16.     Upon final termination of this Civil Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order will continue to be binding upon all parties or

persons subject to its terms, and the Court will retain jurisdiction for enforcement of this

Protective Order.

**AGREED TO BY THE PARTIES:**

       Respectfully submitted,                  Respectfully submitted,


By: _____        By: _____
       Joan Canny, Esq.                 Lyle E. Shapiro
                                            (Florida Bar No. 120324)
lshapiro@richmangreer.com
Mark A. Romance
(Florida Bar No. 021520)
mromance@richmangreer.com
Ethan J. Wall
(Florida Bar No. 045158)
ewall@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

and

Greg M. Herskowitz
(Florida Bar No. 118877)
greg@pinecresttitle.com
GREG HERSKOWITZ, P.A.
9130 South Dadeland Boulevard
PH1A
Miami, Florida 33156
Telephone: (305) 423-1258
Facsimile: (305) 670-3884


DONE and ORDERED in chambers, Miami, Florida, this ___ day of December, 2000.


                                     _____

Copies furnished to:                Honorable William Hoeveler
Counsel of Record                US DISTRICT COURT  JUDGE

# EXHIBIT A

MICHAEL CHOW known as "MR. CHOW", *et al*

      Plaintiffs,

Vs.

CHAK YAM CHAU, *et al*

      Defendants.

_____ /

## Declaration Concerning Receipt of CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY Information

I, _____ (printed name), declare as follows:

1.    I have been requested by counsel for _____ to assist counsel with the preparation, prosecution, or trial of this action and am informed by counsel that my role will require me to receive materials designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under a Protective Order.

2.    I have read and understand the terms of the Protective Order entered in this case (dated _____).  I agree to abide by the terms of the Protective Order and will not disclose any information designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and will not use such information other than in my role in assisting counsel in this case.

3.    I am not an employee of any of the parties in this case.  I am not, and have not been previously, an agent or consultant for any of the other parties in this case, or any of such parties' competitors, to the best of my knowledge.

4.      I agree to submit to the jurisdiction of the Court that entered this Protective Order for enforcement of the undertakings I have made here and I appoint _____ (counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on _____ (date).


_____
(signature)

## AGREEMENT TO PROTECT
## <u>CONFIDENTIAL INFORMATION</u>

1.  This Agreement is between (consultant) _____ and

(printed name) _____ residing at

(address) _____.

2.  I understand that I will receive information that is confidential and is not to be disclosed

to anyone (including my family members) outside the research group I am participating in today.

3.  I agree not to disclose any information I learn today or to use such information outside

the research group I am participating in today.


Signed:        _____

Date:          _____

# EXHIBIT "D"

**Ethan J. Wall**

**Subject:**            RE: Mr. Chow vs. Philippe

**From:** Lyle E. Shapiro [mailto:lshapiro@richmangreer.com]
**Sent:** Thursday, December 24, 2009 4:51 PM
**To:** Canny, Joan M.
**Subject:** Mr. Chow vs. Philippe

Dear Joan:

This email is in follow-up to our telephone conversation on Tuesday, December 22, 2009.  Among the issues we discussed was our clients' anticipated responses to the written discovery served on our clients.  If I understand what you represented to me correctly, you indicated that your clients would be objecting to my clients' interrogatories and requests for production which sought the production and identification, with reasonable particularity, of your clients' alleged trade secrets identified in the Second Amended Complaint.

By bringing a claim of misappropriation of  trade secrets, your clients have placed their alleged trade secrets at issue. Because your clients are asking the court to find that trade secrets exist and that trade secrets were  misappropriated by my clients, your clients are obligated to reveal the information that they ultimately wish to protect. Under Florida, California, and New York law, your clients have an obligation to describe with reasonably particularity the trade secrets at issue.  It is insufficient for your clients to only describe their alleged trade secrets in generic categories, as they have done in the Second Amended Complaint.  *See Del Monte Fresh Produce Co. v. Dole Food Co.,* 148 F. Supp.2d 1322 (S.D. Fla 2001); *Knights Armament Co. v. Optical System Tech.*, 254 F.R.D. 463 (S.D. Fla. 2008); *Levenger Co. v. Feldman,* 516 F. Supp.2d 1272 (S.D. Fla. 2007).   For each "method, process and techniques, which relate not only to the preparation and preparation of food, but to the control and function of the kitchen, the cooking, expediting and food delivery processes, and training of staff", your clients must identify the specific characteristics of each alleged trade secret at issue with reasonable particularity.

Should your clients refuse to fulfill their obligations and not properly disclose the alleged trade secrets that they have placed in issue in this litigation, my clients will have no choice but to move to compel production and disclosure of the alleged trade secrets, and seek their legal fees and expenses incurred in connection therewith.  *See Knights Armament.* Moreover, absent proper production and identification of your clients' alleged trade secrets or their agreement to postpone my clients' depositions scheduled for the week of January 10, we will move for a protective order from the court with regard to the depositions. Nor will I  take your clients' depositions on January 18 and 19.  Your clients are not entitled to ignore their discovery obligations with regard to the alleged trade secrets that they placed at issue in this case, and expect to obtain discovery from my clients on those very same issues.

Your clients' failure to properly identify their alleged trade secrets also prevents my clients from properly responding to certain of the written discovery propounded on them relating to your clients' trade secret claims.  Among other things, my clients need to ascertain the scope of relevancy as to the discovery requests, which is impossible without your clients proper identification of their alleged trade secrets. Your clients' refusal to properly identify their alleged trade secrets is classic hide the ball discovery, which will not be tolerated by the Court.

On December 1, I forwarded to you a comprehensive proposed Protective Order to be used in this case.   As we discussed on Tuesday, I invite you to suggest revisions to that document.

Absent a representation that your clients will fully and properly respond to my clients' written discovery on the trade secret issues or that your clients are agreeable to postponing my clients' depositions pending the court's resolution of this matter, my clients will have no choice but to file a motion for protective order.   I therefore ask that you get back to me no later than the close of business, Monday, December 28, 2009.

1

Thank you and happy holidays.

Lyle

**Lyle E. Shapiro** / *Shareholder*

Richman Greer P.A.
Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida  33131

*Office:*305.373.4000
*Fax:*  305.373.4099
*Direct:*305.373.4030

*Email:*lshapiro@richmangreer.com
www.richmangreer.com

 To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

 This message contains confidential information and is intended for jcanny@morganlewis.com. If you are not jcanny@morganlewis.com you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender (lshapiro@richmangreer.com) therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

 DISCLAIMER

This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

## Ethan J. Wall

**Subject:**                    RE: Mr. Chow vs. Philippe

**From:** Canny, Joan M. [mailto:jcanny@morganlewis.com]
**Sent:** Monday, December 28, 2009 6:43 PM
**To:** Lyle E. Shapiro
**Cc:** Sanchez, Anelis
**Subject:** RE: Mr. Chow vs. Philippe

Dear Mr. Shapiro:

Your e-mail correspondence below, from Christmas Eve at 4:51 p.m., was received after our office had closed for the Christmas holiday.  In addition, Mr. Fields, who is lead counsel for Plaintiffs, is presently on vacation out of the country.  As a result, we are not in a position to provide a detailed response to your correspondence by "close of business" today as you called for in your correspondence.

However I do wish to correct your statements regarding our conversation last week as to the Plaintiffs' position regarding trade secret discovery.  In our conversation I informed you that the Plaintiffs would be objecting specifically to your document requests number 1 and 2.  The bases for those objections will be set forth in Plaintiffs' responses to those Requests.  In our conversation last week we did not discuss the interrogatories or our responses to your interrogatories, but any objections by the Plaintiffs to your interrogatories will be set forth in Plaintiffs' responses to those interrogatories, which are not due until the middle of next week.  Thus we believe it would be not only premature but improper under the local rules, including Local Rule 7.1, for Defendants to pursue any discovery motions regarding Plaintiffs' responses to Defendants' written discovery at this time.

As to your apparent attempt to reschedule the depositions of Defendants Morfogen, Chau and Dumitrescu based upon belated and unilateral conditions which you seem to be attempting to set regarding the sequence of discovery in this case, the deposition dates were agreed upon by you on November 6, 2009, several weeks prior to the issuance of any written discovery to Plaintiffs, and there were no conditions set for proceeding with the depositions at the time you agreed to the depositions on those dates.  We therefore expect to go forward with the depositions as noticed in New York, the location where these depositions were set pursuant to your request.  Should Defendants not appear for their depositions, we will seek appropriate sanctions (including costs associated with traveling to New York for those depositions) pursuant to Rule 37(d)'s provisions for sanctions for a party's failure to attend its own deposition.

**Joan M. Canny**
**Morgan, Lewis & Bockius LLP**
5300 Wachovia Financial Center, 200 South Biscayne Boulevard | Miami, FL 33131-2339
Direct: 305.415.3422 | Main: 305.415.3000 | Fax: 305.415.3001
www.morganlewis.com
Assistant:  Anelis Sanchez

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW",
MR CHOW ENTERPRISES, LTD, a California
Limited Partnership, MC MIAMI ENTERPRISES, LLC,
a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability
Company, and TC VENTURES, INC., a
New York Corporation,

      Plaintiffs,

v.

CHAK YAM CHAU, STRATIS MORFOGEN,
PHILIPPE MIAMI LLC, a Florida Limited Liability
Company, PHILIPPE NORTH AMERICA
RESTAURANTS, LLC, a New York Limited Liability
Company, PHILIPPE RESTAURANT CORP.,
a New York Corporation, PHILIPPE WEST COAST LLC,
a California Limited Partnership, COSTIN DUMITRESCU,
MANNY HAILEY, YAO WU FANG, SUN CHUN HUI,
MARK CHENG and PING CHING KWOK,

      Defendants.

_____/

## PLAINTIFFS' RESPONSES TO DEFENDANT PHILIPPE MIAMI LLC'S FIRST REQUEST FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules and Discovery Practices Handbook of this Court, Plaintiffs respond to Defendant Philippe Miami LLC's First Request for Production as follows.

## GENERAL OBJECTIONS

1.     Plaintiffs object to each Request to the extent that it seeks disclosure of any confidential, proprietary or trade secret information. Documents and ESI that are subject to this objection will be disclosed to Defendant Philippe Miami, LLC, if at all, only after an appropriate

protective order providing adequate protections regarding such information has been agreed to by all parties and has been entered by the Court. As to trade secret information in particular, because permission of the Court is required before information may be filed under seal according to Local Rule 5.4, and because the closing of proceedings is in the discretion of the Court, Plaintiffs object to the disclosure of trade secret information prior to entry of a protective order authorizing and directing the filing under seal of any information designated as a trade secret or any papers describing or detailing any of Plaintiffs' trade secret information (including court orders), and further authorizing and directing that any proceedings involving disclosure of Plaintiffs' trade secret information be held *in camera* only and closed to all but the litigants and their counsel. *See Hertz v. Luzenac Group*, 576 F.3d 1103 (10th Cir. 2009) (reversing district court determination that information did not constitute a trade secret and noting "regrettable effect" of district court's denial of request to seal under the circumstances). In addition, in light of the possibility of a joint or common defense agreement among some or all of the Defendants, Plaintiffs object to the disclosure of any trade secret information absent agreement by all Defendants -- specifically including those Defendants that do not share the same counsel as Defendant Philippe Miami LLC -- to an appropriate protective order and entry of that order by the Court.

2.      Plaintiffs object to each Request insofar as it seeks documents or ESI without regard to a time frame or scope relevant to the issues in dispute in this litigation.

3.      Plaintiffs object to the Definitions insofar as "Plaintiff(s)" are defined to include unspecified predecessors, successors, subsidiaries or affiliates, and further are defined to include "without limitation, any organization or entity that Plaintiffs manage or control, together with all present and former directors, officers, employees, agents, representatives, or any person acting or

purporting to act on their behalf." Plaintiffs object to the extent the Definitions seek or may be construed to require a response on behalf of individuals or entities other than the Plaintiff entities or Plaintiff Michael Chow, including without limitation non-management employees of any of the Plaintiff entities, unidentified representatives or agents or persons acting or purporting to act on their behalf, entities other than the Plaintiff entities, and persons other than Michael Chow known as "Mr. Chow". Instead, these responses are being made solely on behalf of Michael Chow, Mr Chow Enterprises, Ltd., MC Miami Enterprises, LLC, MC Tribeca, LLC, and TC Ventures, Inc., and Plaintiffs are not responding or purporting to respond on behalf of any other individual or entity.

4.      Plaintiffs object to the Definitions insofar as "Employee" is defined to include any officer, director, secretary, or messenger, and insofar as "Employee" is defined to include any former employee.

5.      Plaintiffs object to Defendant Philippe Miami's First Request for Production to the extent that it seeks to impose obligations or requirements on Plaintiffs beyond those contained in the Federal Rules of Evidence, the Federal Rules of Civil Procedure and/or the Local Rules and procedures of this Court, including without limitation practices and procedures set forth in the Discovery Practices Handbook of this Court. In particular, Plaintiffs object to the First Request for Production to the extent it directs Plaintiffs to produce to Philippe Miami, LLC within 30 days of service the documents in Plaintiffs' custody or control; consistent with Fed. R. Civ. P. 34, Plaintiffs will produce designated documents or electronically stored information for inspection by Defendant Philippe Miami's counsel at a time and location mutually agreed upon by counsel for Philippe Miami and for Plaintiffs. Plaintiffs further object to the extent the "Instructions" seek to impose in instructions 3 and 4 obligations regarding documents no longer

in Plaintiffs' possession, custody or control or that go beyond those contained in the applicable rules and procedures. Plaintiffs also object to the extent the "Instructions" seek to impose in instruction 5 obligations regarding materials withheld on the basis of privilege that exceed Plaintiffs' responsibilities pursuant to the Local Rules and the Discovery Practices Handbook.

6.   Plaintiffs object to instructions 9, 10 and 11 in Defendant Philippe Miami's First Request for Production to the extent those instructions seek to impose obligations or requirements on Plaintiffs beyond those contained in the Federal Rules of Evidence, the Federal Rules of Civil Procedure and/or the local rules and procedures of this Court, including without limitation practices set forth in the Discovery Practices Handbook, as to the form or manner of production. Plaintiffs also object to Defendant Philippe Miami's "Instructions" as to the manner of production that exceed Plaintiffs' responsibilities according to the applicable rules and procedures, including Plaintiffs' responsibilities pursuant to Rule 34(b)(2)(E) and Plaintiffs' responsibilities as to the manner of production set forth in the Discovery Practices Handbook. Pursuant to Rule 34(b)(2)(D), Plaintiffs specifically object to the requested form of production for electronically stored information, and state that the form they intend to use is hard copy or paper form except for materials existing in audio and/or video form which Plaintiffs intend to produce for inspection on DVD or CD. Plaintiffs will not produce the same information in more than one form.

7.   Plaintiffs object to Defendant Philippe Miami's First Request for Production to the extent that it seeks discovery into allegations that were not contained in the operative complaint at the time Philippe Miami's First Request for Production was served upon Plaintiffs. Discovery concerning allegations asserted for the first time in the Second Amended Complaint filed with the Court on December 3, 2009 (DE 42) cannot reasonably be encompassed by

4

Defendant Philippe Miami's First Request for Production served on Plaintiffs on November 23, 2009, and furthermore any attempted discovery into the allegations of Plaintiffs' Second Amended Complaint may not be reasonably calculated to lead to admissible evidence and/or may be overly broad and unduly burdensome, as no responsive paper or pleading has yet been filed to that Second Amended Complaint by Philippe Miami or any other Defendant.

**These objections are incorporated by reference in each of the responses below.**

## PLAINTIFFS' RESPONSES TO DEFENDANT PHILIPPE MIAMI LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1.:**

The recipes of all dishes on MR. CHOW's menu which you contend constitutes your trade secrets.

**RESPONSE:**

Plaintiffs object that this Request is unduly burdensome, as Defendant Philippe Miami, LLC has adequate opportunity to obtain information describing Plaintiffs' trade secrets through Philippe Miami's interrogatories (responses to which are not yet due and therefore which Plaintiffs do not address here), and Plaintiffs should not be required to provide detailed information beyond a description regarding their trade secrets through the production of documents containing such trade secret information.

Plaintiffs also object to this Request to the extent it seeks disclosure of trade secret information which Plaintiffs should not be required to disclose, if at all, until after an appropriate protective order has been agreed to by all parties and has been entered by the Court. Plaintiffs assert that in addition to those provisions set forth in Plaintiffs' General Objection 1 any appropriate protective order should also contain provisions protecting against full and detailed disclosure of Plaintiffs' trade secrets by providing that only a description of trade secrets need be provided through appropriate interrogatory responses, which are in turn subject to the safeguards noted in Plaintiffs' General Objection 1, and that production of documents reflecting or containing Plaintiffs' trade secrets may not be had.

Plaintiffs also object to this Request as overly broad, as it seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence, as all of Plaintiffs' trade secrets are not relevant to this action but rather only those trade secrets which appear to have been misappropriated by Defendants. Moreover because Plaintiffs cannot be certain as to which of Plaintiffs' trade secrets have been misappropriated by Defendants, until Plaintiffs receive discovery on how the Defendants are operating and what they are doing, a response to this Request is at minimum premature; discovery into Plaintiffs' trade secrets which have not been or are not being used by Defendants would be prejudicial and unduly burdensome to Plaintiffs, yet Plaintiffs cannot finally identify all of its trade secrets that have been misappropriated without obtaining discovery from Defendants. Thus Defendants must first provide discovery to Plaintiffs identifying and producing the information and materials they have obtained from Plaintiffs before Plaintiffs properly can or should be required to respond to discovery regarding the trade secrets taken from Plaintiffs.

Although in a very few states the substantive law dictates the scope, manner or sequence of trade secret discovery, that is not the case here, as New York law which applies to Plaintiffs' trade secret claims does not so dictate. Except where dictated by state law or court rule, the appropriate approach to trade secret discovery is clearly a case-specific one, and therefore an approach that is appropriate in one case may be inappropriate in another. Thus discovery into a trade secret plaintiff's trade secrets has on some occasions been permitted to occur prior to or contemporaneously with discovery from the trade secret defendant, such as where the defendant is contending that the plaintiff is attempting to use the discovery process to obtain trade secrets from a competitor, or where the defendant claims not to be on notice of the nature of the trade secrets that are at issue. In this case, however, Defendants have asserted in their Motion to Dismiss that the categories of information identified by Plaintiffs as trade secrets in their pleadings are not, in fact, trade secrets, and have further demonstrated an understanding of the

7

nature of the trade secrets at issue.  More specifically, in their Motion to Dismiss Defendants assert that the Mr Chow restaurants "featur[e] dishes served in China for hundreds of years", and that "[t]he processes and preparation methods Plaintiffs use are well known to the hundreds of employees that have worked for Plaintiffs" and "the processes are well known in the Chinese culinary industry".  *See* DE 16 pp 17-18.  Thus under the circumstances of this case, discovery from Defendants should be had before a response, if any, should be required from Plaintiffs to this Request.  A recent case applying New York law has directed that a trade secret plaintiff be permitted to obtain discovery from the defendant <u>before</u> having to identify with particularity the trade secrets at issue in the litigation.  *See Medtech Products Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778 (S.D. N.Y. 2008).

Even in cases in which trade secret discovery from the plaintiff is allowed prior to or contemporaneously with discovery from the defendant, it is only a description of the trade secrets that is generally required and not a full and detailed disclosure of the trade secrets themselves.  Because this Request seeks production of documents reflecting or relating to Plaintiffs' trade secrets, and not merely a description of those trade secrets as is sought in Defendants' interrogatories, Plaintiffs object to this Request as the burden and prejudice from having to further educate Defendants -- who Plaintiffs fear are improperly (but hopefully imperfectly) using Plaintiffs' trade secrets -- in the details of those trade secrets outweighs any likely benefit that might be obtained by such needless and destructive discovery here.

**REQUEST FOR PRODUCTION NO. 2.:**

The business plans, business strategies, methods, processes and techniques, which relate not only to the preparation and presentation of the food, but to the control and function of the kitchen, the cooking, expediting and food delivery processes, and the training of staff, which you contend constitutes your trade secrets.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 3.:**

All Employee Earnings Records from 1980 through the present for all kitchen personnel, including but not limited to Chef Philippe, who worked at Plaintiffs' East 57th Street location.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous, and overbroad, as "Employee Earnings Records" is not defined but appears from the definition of "Employee" (to which Plaintiffs have objected) to encompass all records of any earnings at any time of any current or former employee of Plaintiffs who ever worked in the kitchen at Plaintiffs' 57th Street location. Plaintiffs also object to the time period as overbroad, as it extends well beyond the relevant statutory limitations period; even relevant information which may otherwise be discoverable may be limited both geographically and temporally in order to avoid overly broad and unduly burdensome requests.   Subject to and without waiving the foregoing objections, Plaintiffs will produce W-2 statements for the period 2003 to 2008 and ADP quarterly earnings records for the period 2005 to third quarter 2009 for its kitchen staff at Plaintiffs' 57th Street location for inspection and copying at a mutually agreed upon time and location.  Plaintiffs need not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost and therefore need not provide discovery of ADP records prior to 2005.

9

**REQUEST FOR PRODUCTION NO. 4.:**

All non-attorney/client documents, including but not limited to emails, referencing or referring to any of the defendants and/or their principals, employees and/or representatives which were generated by or received by you, including but not limited to correspondence generated by or received from Michael Chow, Eva Chow, Michelle Chun, John Wu and/or any other agent or representative of Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous, as to Defendants' "principals, employees and/or representatives," as Plaintiffs are without knowledge as to the identity of such persons. Plaintiffs also object to this Request to the extent it seeks documents not in the possession, custody or control of Plaintiffs, including without limitation documents of unidentified agents or representatives of Plaintiffs. Plaintiffs object to this Request as overly broad and unduly burdensome as there is no restriction as to time period, and because the Request calls for "all" documents and thus appears to encompass any document relating in any way to Defendant Chau or any other other Defendant chef during their employment with Plaintiffs, including every time record or pay record, and thus includes documents which are not reasonably calculated to lead to the discovery of admissible evidence and/or which are unreasonably cumulative or duplicative. Plaintiffs object that this Request is premature as to individual Defendants first added to this action in the Second Amended Complaint, as such Defendants have not yet even responded to the Second Amended Complaint and therefore the relevance of this Request as to those Defendants cannot presently be ascertained. Subject to and without waiving these objections, Plaintiffs will produce correspondence and other records concerning Defendant Chau's employment with and resignation from Plaintiffs. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any e-mails regarding Defendant Chau not previously preserved in paper format.

10

**REQUEST FOR PRODUCTION NO. 5.:**

All documents supporting your claim for damages in this case.

**RESPONSE:**

Plaintiffs object that this Request is premature as discovery is just beginning and all documents supporting Plaintiffs' claims for damages cannot presently be determined without review of records in Defendants' possession, including records of Defendants' profits and unjust enrichment. Subject to these objections, Plaintiffs will produce at a mutually agreed time and location their year-end profit and loss statements for the period 2003 to 2009 for Plaintiff Mr Chow Enterprises and Plaintiff TC Ventures, for the period 2006 to 2009 for Plaintiff MC Tribeca, LLC, and for 2009 year-to-date for Plaintiff MC Miami Enterprises. Plaintiffs reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 6.:**

All documents supporting your contention that the "compilation of processes, methods and techniques was painstakingly developed over a period of forty-one years."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. To the extent this Request pertains to the compilation of processes, methods and techniques which Plaintiffs allege to constitute trade secrets, Plaintiffs reassert their response to Request for Production No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 7.:**

All documents supporting your contention that "no restaurant has ever amassed such a remarkable international clientele."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative, and to the extent the documents sought are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Subject to these objections, Plaintiffs will produce responsive materials in their possession for inspection at a mutually agreed time and location.

## REQUEST FOR PRODUCTION NO. 8.:

All documents supporting your contention that Mr. Chow has repeatedly been heralded in the media as a cultural icon and that his innovations in concept and design extend beyond the restaurant industry and have inspired artists, designers and producers."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative, and to the extent the documents sought are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Subject to these objections, Plaintiffs will produce responsive materials in their possession for inspection at a mutually agreed time and location.

## REQUEST FOR PRODUCTION NO. 9.:

All documents supporting your contention that the dishes on Mr. Chow's menu where [sic] "authentic interpretations, refinements, and reinventions of classic dishes."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative.  To the extent this Request pertains to the dishes Plaintiffs allege to constitute trade secrets, Plaintiffs reassert their response to Request for Production No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 10.:**

All documents reflecting or referring to efforts to protect Plaintiffs' alleged trade secrets, including but not limited to all documents supporting the contention that "Mr. Chow and MR CHOW restaurants engaged in reasonable steps to protect the trade secrets used in operating the MR CHOW Restaurants though policies, procedures, training and other measures designed and intended to protect them under the circumstances."

**RESPONSE:**

Plaintiffs object to this Request as is premature as to individual Defendants first added to this action in the Second Amended Complaint, as such Defendants have not yet even responded to the Second Amended Complaint.  Plaintiffs further object that Plaintiffs have not yet obtained discovery from Defendants as to Defendants' operations and the possession or use of Plaintiffs' trade secrets such that all of Plaintiff's alleged trade secrets at issue cannot presently be ascertained, and thus discovery into the efforts to protect those trade secrets is premature, for the reasons set forth in Plaintiffs' response to Request No. 1.  Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 11.:**

All documents related to the case that Mr. Chow prosecuted in 1986 regarding the use of the name "CHOW' and all other documents relating to efforts by Plaintiffs to protect its trademarks.

13

**RESPONSE:**

Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Plaintiffs further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative. Subject to these objections, Plaintiffs will produce nonprivileged responsive materials in their possession for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 12.:**

All documents supporting your contention that "Defendant Morfogen has engaged in a pattern and practice of attempting to confuse the public and steal the patrons of successful restaurants in the same field by giving his own restaurant a confusingly similar name to such successful restaurant."

**RESPONSE:**

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative, and to the extent the documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Subject to these objections, Plaintiffs will produce court records in Plaintiffs' possession for the case of *Restaurant Assoc. v. 1562 Restaurant et al.*, for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 13.:**

All documents referencing or referring to the restaurants "Sea Grill" and "Sea Grill of The Aegean".

**RESPONSE:**

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative, and to the extent the

documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Subject to these objections, Plaintiffs will produce court records in Plaintiffs' possession for the case of *Restaurant Assoc. v. 1562 Restaurant et al.*, for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 14.:**

All documents supporting your contention that Defendants' alleged wrongful conduct was done "intentionally".

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this Request is premature as discovery is just beginning and Plaintiffs' allegations pertaining to Defendants' intent were pled on information and belief, as the information and documents necessary are believed at this early stage to be wholly or substantially in the possession of Defendants. Plaintiffs reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 15.:**

All documents referencing or referring to the different job titles given to kitchen personnel at Plaintiffs' restaurants since 1980 through the present, such as "chopping assistant", "chopper", "assistant chopper-expeditor", "expeditor", "principal chopper and expeditor" and "executive chef".

**RESPONSE:**

Plaintiffs object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs also object to the time period and locations as overbroad, as the Request extends well beyond the relevant

15

statutory limitations period and beyond the location reasonably relevant; even relevant information which may otherwise be discoverable may be limited both geographically and temporally in order to avoid overly broad and unduly burdensome requests. Subject to and without waiving the foregoing objections, Plaintiffs will produce any responsive job description documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any prior versions of job descriptions that were electronically stored at one time by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 16.:**

All documents referencing or referring to the job duties of kitchen personnel at Plaintiffs' restaurants from 1980 through the present.

**RESPONSE:**

Plaintiffs object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs also object to the time period and locations as overbroad, as the Request extends well beyond the relevant statutory limitations period and beyond the location reasonably relevant; even relevant information which may otherwise be discoverable may be limited both geographically and temporally in order to avoid overly broad and unduly burdensome requests. Subject to and without waiving the foregoing objections, Plaintiffs will produce any responsive job description documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any prior versions of job descriptions that were electronically stored at one time by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 17.:**

All documents referencing or referring to job qualifications for all kitchen positions at Plaintiffs' restaurants from 1980 through the present.

**RESPONSE:**

Plaintiffs object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs also object to the time period and locations as overbroad, as the Request extends well beyond the relevant statutory limitations period and beyond the location reasonably relevant; even relevant information which may otherwise be discoverable may be limited both geographically and temporally in order to avoid overly broad and unduly burdensome requests. Subject to and without waiving the foregoing objections, Plaintiffs will produce any responsive job description documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any prior versions of job descriptions that were electronically stored at one time by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 18.:**

The employment files of all kitchen personnel at Plaintiffs' East 57th Street restaurant from its grand opening to the present.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overly broad, seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is not limited in its time period to a period that is reasonable and within the scope of this action. More specifically, the Request is vague and ambiguous as to "employment files". The Request is overbroad with respect to its time period.

17

In addition, the Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiffs state that they no longer have responsive documents with the exception of limited records for current kitchen personnel at Plaintiffs' 57th Street location, but will produce W-4 records and confidentiality agreements of current kitchen staff at that location, redacted of personal identifying information, for inspection at a mutually agreed time and location.

## REQUEST FOR PRODUCTION NO. 19.:

All documents, including but not limited to articles, internet postings, and promotional materials wherein you contend that Chef Philippe's work experience at MR. CHOW was inaccurately described, including but not limited to documents supporting your contention that Chef Philippe was inaccurately described as the former "Executive Chef" of Plaintiffs, and/or the "Chow of Mr. Chow" and "mastermind", "architect" and "creator" of MR. CHOW's menu and its signature dishes.

## RESPONSE:

Plaintiffs object to this Request as vague and ambiguous as to what Plaintiffs "contend" where no reference is made to Plaintiffs' complaint allegations, and to the extent the Request misstates Plaintiffs' allegations in this action of which the Second Amended Complaint is the best evidence. Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative, and to the extent the documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Subject to these objections, Plaintiffs will produce nonprivileged responsive documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden

18

or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 20.:**

All documents supporting the contention that "Defendant Chau and, in their position as chefs, the Defendants Chefs learned, in confidence, the valuable trade secrets of Mr. Chow..."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this Request is premature as discovery is just beginning, and the Defendant Chefs (as defined in the Second Amended Complaint) have not yet even responded to the Second Amended Complaint. Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 21.:**

All documents referencing or referring to Plaintiffs' decision to have Plaintiffs' kitchen personnel sign Confidentiality Agreements.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to documents "referencing or referring to" Plaintiffs' decision, and as overly broad and unduly burdensome to the extent it seeks "all" documents "referring to" Plaintiffs' decision based upon the definition of "referring to" in Defendant Philippe Miami's First Request for Production. Plaintiffs also object to the extent the Request seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to these objections, Plaintiffs incorporate by reference as responsive to this Request all documents Plaintiffs are producing in response to Defendant's First Request for Production.

**REQUEST FOR PRODUCTION NO. 22.:**

All documents supporting your contention that Defendants directed their sales staff to misrepresent that the Defendants' restaurants were in fact MR. CHOW restaurants or that there were associated or affiliated with MR. CHOW Restaurants, and that the fictitious "Philippe Chow" ....was "Chef Chow" of the famous MR CHOW Restaurants, or that he was the son or brother of the real Mr. Chow."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object to the extent the documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Subject to these objections, Plaintiffs will produce nonprivileged responsive documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible. Plaintiffs note that discovery is just beginning and Plaintiffs' allegations pertaining to Defendants' misrepresentations were pled on information and belief, as the information and documents necessary are believed at this early stage to be substantially in the possession of Defendants. Plaintiffs therefore reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 23.:**

All documents supporting your contention that Defendants falsely advertised Defendant Chau as "Philippe Chow of the famed MR. CHOW restaurant."

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 19 as if fully set forth

herein.

## REQUEST FOR PRODUCTION NO. 24.:

All documents, including videos, supporting your contention that Defendants have repeatedly made false claims on the internet, in interviews and elsewhere that Defendant Chau was the "Executive Chef" at MR. CHOW and the "Chef Chow" behind the MR. CHOW Restaurants."

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 19 as if fully set forth

herein.

## REQUEST FOR PRODUCTION NO. 25.:

The document wherein Defendant Morfogen allegedly stated "Philippe was the architect for this menu for the past twenty-seven years; Michael doesn't cook. I'm not hiding the fact; these are [Mr. Chow's] dishes. I didn't want him [Defendant Chau] to come here and start cooking Vietnamese or Thai. I wanted him to cook what he has been cooking for twenty-seven years."

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 19 as if fully set forth

herein, and further state that responsive documents in their possession are encompassed within

their response to Request for Production No. 19 and will be produced for inspection pursuant to

Plaintiffs' response to that Request.

## REQUEST FOR PRODUCTION NO. 26.:

The statement allegedly posted on the website OpenTable.com that "Philippe Chow of New York's famed Mr. Chow now opened Philippe Miami at 2305 Collins Ave @ Gansevroort South Hotel."

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 19 as if fully set forth herein, and further state that responsive documents in their possession are encompassed within their response to Request for Production No. 19 and will be produced for inspection pursuant to Plaintiffs' response to that Request.

**REQUEST FOR PRODUCTION NO. 27.:**

All documents supporting your contention that the posting on the OpenTable website referenced in request 26 above was attributable to Defendants.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this Request is premature as discovery is just beginning and Plaintiffs' allegations pertaining to Defendants' OpenTable posting were pled on information and belief, as the information and documents necessary are believed at this early stage to be wholly or substantially in the possession of Defendants. Plaintiffs reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 28.:**

All documents supporting your contention that Defendants lured employees of MR. CHOW restaurants to leave "MR. CHOW to serve in the same capacity in Defendants' restaurants.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this

Request is premature as discovery is just beginning, and the allegation at issue is contained in the Second Amended Complaint and therefore discovery into the allegation may not be reasonably calculated to lead to admissible evidence and/or may be overly broad and unduly burdensome, as no responsive paper or pleading has yet been filed to that Second Amended Complaint by Philippe Miami or any other Defendant.  Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds and following the filing of papers or pleadings in response to the Second Amended Complaint by the Defendants in this action.

**REQUEST FOR PRODUCTION NO. 29.:**

All documents supporting your contention that Defendants offered unreported cash payments and unlawful benefits to Plaintiffs' chefs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative.  Plaintiffs object that this Request is premature as discovery is just beginning and Plaintiffs' allegations pertaining to Defendants' unreported cash payments and unlawful benefits were pled on information and belief, as the information and documents necessary are believed at this early stage to be wholly or substantially in the possession of Defendants.  Plaintiffs reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 30.:**

All documents supporting you contention that Defendants purchased internet advertising to improperly compete with Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and to the extent the Request seeks document regarding Defendants' "advertising to improperly compete" with Plaintiffs, as Plaintiffs instead allege that Defendants purchased internet advertising sponsored links to "mislead the public". Plaintiffs further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object to the extent the documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Subject to these objections, Plaintiffs will produce nonprivileged responsive documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 31.:**

All documents supporting your contention that Defendants improperly used metatags to improperly compete with Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and to the extent the Request seeks document regarding Defendants' use of metatags "to improperly compete" with Plaintiffs, as Plaintiffs instead allege that Defendants used metatags with the name "chow" imbedded in the Philippechow.com website to cause users searching for the Mr Chow Restaurants to be intercepted and directed to false promotional information about

24

Defendants' restaurants.  Plaintiffs further object to the Request as overly broad and unduly

burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and

duplicative.  Plaintiffs object to the extent the documents sought are in Defendants' possession

and/or are equally available to Defendants and thus obtainable from a source that is more

convenient, less burdensome and less expensive.  Plaintiffs object to this Request to the extent it

seeks documents not in the possession, custody or control of any of the Plaintiffs.  Subject to

these objections, Plaintiffs will produce nonprivileged responsive documents in their possession

for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of

electronically stored information from sources that they identify as not reasonably accessible

because of undue burden or cost and therefore will not produce any materials that were

electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 32.:**

All documents containing the alleged false statements in the press that "Philippe...was the architect for this menu over the last 27 years", Philippe Chow was the "great chef," "famous for many of the popular dishes at MR CHOW" and "had developed a huge following over his 27 years working under owner (no relation) Michael Chow."

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 19 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 33.:**

All documents supporting your allegations that Defendants instruct their staff to refer to Chef Philippe as "Mr. Chow" and that staff at the Miami Beach restaurant are instructed to inform, and do inform persons who inquire that the restaurant is associated with or is a :MR CHOW restaurant and that "Philippe Chow" was the chef behind the MR CHOW Restaurants."

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 22 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 34.:**

All press accounts relating to Defendants' Miami Beach opening which you contend evidences customer confusion.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to what Plaintiffs "contend", and to the extent the Request seeks document regarding Defendants' evidence of customer confusion, as Plaintiffs instead allege that Defendants have attempted to confuse the public and that has been successful. Plaintiffs object to the extent the documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Subject to these objections, Plaintiffs will produce nonprivileged responsive documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 35.:**

All documents relating to Twitter postings by Defendants.

**RESPONSE:**

Plaintiffs object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative, and to the extent it seeks documents "relating to" Twitter postings. Plaintiffs further object to the extent the documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Subject to these objections, Plaintiffs will produce nonprivileged responsive documents in their possession for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 36.:**

All documents, including videos, supporting your contention that Defendants engaged in corporate espionage with regard to Plaintiffs' Miami Beach restaurant.

**RESPONSE:**

Plaintiffs object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this Request is premature as discovery is just beginning and Plaintiffs' allegations pertaining to corporate espionage were pled on information and belief, as the information and documents necessary are believed at this early stage to be wholly or substantially in the possession of Defendants. Plaintiffs reserve the right to supplement this response as discovery proceeds. Subject to these objections, Plaintiffs will produce nonprivileged responsive documents in their possession for inspection at a mutually agreed time and location.

27

**REQUEST FOR PRODUCTION NO. 37.:**

All documents supporting your contention that Defendants have engaged in "harassment and threats" directed to Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "contention" at issue, and further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object that this Request is premature as discovery is just beginning and Plaintiffs' allegations pertaining to harassment and threats directed to Plaintiffs were pled on information and belief, as the information and documents necessary are believed at this early stage to be wholly or substantially in the possession of Defendants. Plaintiffs reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 38.:**

All Confidentiality Agreements executed by any employee of Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks all confidentiality agreements for any employee of any Plaintiff, at any time and regardless of the employee's location or position. Plaintiffs object that this Request is premature as to the Defendant Chefs (as defined in the Second Amended Complaint) as the allegations concerning such agreements for the Defendant Chefs are contained in the Second Amended Complaint and therefore discovery into the allegation may not be reasonably calculated to lead to admissible evidence and/or may be overly broad and unduly burdensome, as no responsive paper or

pleading has yet been filed to that Second Amended Complaint by Philippe Miami or any other Defendant. Plaintiffs reserve the right to supplement their response to this Request as to the Defendant Chefs as discovery proceeds and following the filing of papers or pleadings in response to the Second Amended Complaint by the Defendants in this action. Subject to and without waiving the foregoing objections, Plaintiffs state that they will produce confidentiality agreements in their possession for the current kitchen staff at Plaintiffs' 57th Street location, redacted of personal identifying information, for inspection at a mutually agreed time and location as set forth in response to Request for Production No. 18.

## REQUEST FOR PRODUCTION NO. 39.:

All documents, including but not limited to articles and internet postings, which you contend caused or evidences customer confusion.

### RESPONSE:

Plaintiffs reassert their response to Request for Production Nos. 19, 22-27, and 30-35 as if fully set forth herein.

## REQUEST FOR PRODUCTION NO. 40.:

All documents by and between Plaintiffs and representatives of the W Hotel regarding any of the Defendants.

### RESPONSE:

Plaintiffs object to this Request as overbroad, as it is not restricted to a time period relevant to the issues in dispute in this litigation, and further objects that this Request does not appear to seek information reasonably calculated to lead to admissible evidence. Subject to and without waiving the foregoing objections, Plaintiffs are aware of no documents responsive to this Request.

29

**REQUEST FOR PRODUCTION NO. 41.:**

All documents supporting your contention that Defendants adopted the fictitious last name of "Chow" in order to fraudulently and deceptively suggest that Chau is the real Mr. Chow or associated with MR CHOW restaurants.

**RESPONSE:**

Plaintiffs reassert their responses to Request for Production Nos. 4, 19, 22-27, and 30-35 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 42.:**

All expert reports that have been prepared in support of Plaintiffs' claims.

**RESPONSE:**

Plaintiffs object that this Request is premature, as under the Federal Rules a party must provide any expert reports for testifying experts but need not do so until the time set forth in the scheduling order of the Court, or by operation of the Federal Rules if no such time is contained in the scheduling order. Since that date has not arrived, Plaintiffs have no obligation to reveal any expert reports at this time, and requiring Plaintiffs to disclose information regarding any experts Plaintiffs may have consulted with would violate the work product privilege and is not discoverable information.

**REQUEST FOR PRODUCTION NO. 43.:**

All documents you identified in your responses to any of the Defendants' Interrogatories to Plaintiffs.

**RESPONSE:**

No responses are yet due to any of Defendants' Interrogatories to Plaintiffs at this time, therefore Plaintiffs have no responsive documents.

**REQUEST FOR PRODUCTION NO. 44.:**

All documents to which you referred or upon which you relied in preparing any of your responses to any of the Defendants Interrogatories to Plaintiffs.

**RESPONSE:**

No responses are yet due to any of Defendants' Interrogatories to Plaintiffs at this time,

therefore Plaintiffs have no responsive documents.

**REQUEST FOR PRODUCTION NO. 45.:**

All documents reflecting communications between you and any of the defendants.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 4 as if fully set forth

herein, and further state that responsive documents in their possession are encompassed within

their response to Request for Production No. 4 and will be produced for inspection pursuant to

Plaintiffs' response to that Request.

**REQUEST FOR PRODUCTION NO. 46.:**

All documents referencing your registration, ownership or use of the registered trademarks that are subject to this action.

**RESPONSE:**

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it

seeks all documents referencing the use of Plaintiffs' registered trademarks at issue in this action,

as that would encompass any document containing any of those trademarks.  Plaintiffs also

object to this Request as overly broad to the extent it contains no limit in temporal scope to the

time period reasonably relevant to this litigation.  Plaintiffs object to this Request as vague and

ambiguous to the extent it seeks all documents referencing Plaintiffs' ownership of registered

marks.  Subject to and without waiving the foregoing objections, Plaintiffs will produce copies of

the trademark registrations at issue to the extent not already in Defendants' possession, custody or control.

## REQUEST FOR PRODUCTION NO. 47.:

All documents referencing your ownership or use of any un-registered trademarks that are subject to this action.

### RESPONSE:

Plaintiffs object to this Request as vague and ambiguous as to "referencing ownership" of unregistered trademarks, as to Plaintiffs' knowledge no such documents exist as to unregistered trademarks. Plaintiffs also object to this Request as overly broad and unduly burdensome to the extent it seeks all documents referencing the use of Plaintiffs' unregistered trademarks at issue in this action, as that would encompass any document containing any of those trademarks. Plaintiffs also object to this Request as overly broad to the extent it contains no limit in temporal scope to the time period reasonably relevant to this litigation. Subject to and without waiving the foregoing objections, Plaintiffs will produce representative samples of its unregistered marks as set forth in response to Plaintiffs' response to Request for Production No. 65 below.

## REQUEST FOR PRODUCTION NO. 48.:

All documents reflecting or referring to possible misuse or infringement of the trademarks identified in response to requests numbers _(47)_ and _(48)_, including all cease and desist letters or other communications between you and any third parties that relate to or refer to these trademarks.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to trademarks identified in response to Request number 48, as no trademarks are identified in response to that Request. Plaintiffs also object to this Request as overly broad to the extent it contains no limit in temporal scope to the time period reasonably relevant to this litigation. Subject to and without waiving the foregoing objections, Plaintiffs will produce any nonprivileged responsive documents reflecting possible misuse or infringement of unregistered trademarks that are the subject of Request number 47 for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 49.:**

All documents reflecting or referring to possible misuse or infringement of the trademarks identified in response to requests numbers _(47)_ and _(48)_, including all cease and desist letters or other communications between you and the defendants that relate to refer to these trademarks.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 48 as if fully set forth herein, and further state that responsive documents in their possession are encompassed within their response to Request for Production No. 48 and will be produced for inspection pursuant to Plaintiffs' response to that Request.

**REQUEST FOR PRODUCTION NO. 50.:**

All agreements that you have entered into with any third party that refer to the trademarks identified in response to requests numbers _(47)_ and _(48)_, including without limitation settlement agreements, co-existence agreements and license agreements.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to trademarks identified in response to Request number 48, as no trademarks are identified in response to that Request. Plaintiffs also object to this Request as overly broad to the extent it contains no limit in temporal scope to the time period reasonably relevant to this litigation. Subject to and without waiving the foregoing objections, Plaintiffs will produce any nonprivileged responsive documents reflecting any agreements with third parties relating to unregistered trademarks that are the subject of Request number 47 for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 51.:**

All documents reflecting your strategies and plans for marketing your MR CHOW services, covering the period from 2002 through the date of your response to this request.

**RESPONSE:**

Plaintiffs object to this Request as seeking confidential, proprietary or trade secret information of Plaintiffs which is not reasonably calculated to lead to admissible evidence, as it does not appear to relating to Plaintiffs' allegations in this action, and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information and by the prejudice of disclosure of confidential, proprietary or trade secret information. Plaintiffs also object that the Request is overbroad in terms of geographic and temporal scope. Further answering, Plaintiffs reassert their General Objection 1 and their response to Request for Production No. 1 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 52.:**

All documents reflecting or referring to market research, consumer surveys, focus groups or other investigations conducted by you or on your behalf that relate to the degree of recognition of the trademarks identified in response to requests numbers _(47)_ and _(48)_ among members of the trade or members of the public.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to trademarks identified in response to Request number 48, as no trademarks are identified in response to that Request. Plaintiffs also object to this Request as overly broad to the extent it contains no limit in temporal scope to the time period reasonably relevant to this litigation. Subject to and without waiving the foregoing objections, Plaintiffs state that they have no responsive documents regarding unregistered trademarks that are the subject of Request number 47.

**REQUEST FOR PRODUCTION NO. 53.:**

All pleadings, correspondence and other documents exchanged between you and your opposing counsel in the litigation in 1986 relating to MR CHOW's alleged trademarks.

**RESPONSE:**

Plaintiffs object to this Request insofar as it misstates that Plaintiffs were parties to the litigation in 1986. Further answering, Plaintiffs reassert their response to Request for Production No. 11 as if fully set forth herein, and state that any responsive documents in their possession are encompassed within their response to Request for Production No. 11 and will be produced for inspection pursuant to Plaintiffs' response to that Request.

**REQUEST FOR PRODUCTION NO. 54.:**

All documents reflecting testimony or other statements given by any party or witness in connection with the litigation in 1986, including without limitation affidavits, declarations, deposition or hearing transcripts and videotapes of depositions or other testimony.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 11 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 55.:**

All documents identifying metatags used in connection with the operation of any of your websites at any time.

**RESPONSE:**

Plaintiffs object to this Request as seeking confidential or proprietary information of Plaintiffs which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information and by the prejudice of disclosure of confidential or proprietary information.. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 56.:**

All documents identifying any domain names you have registered at any time.

**RESPONSE:**

Plaintiffs object to this Request as seeking information which is not reasonably calculated to lead to admissible evidence. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 57.:**

All documents reflecting or referring to any proceedings under the Uniform Domain Name Dispute-Resolution Policy of the Internet Corporation for Assigned Names and Numbers to which you were a party at any time.

36

**RESPONSE:**

Plaintiffs object to this Request as overbroad, as it is not restricted to a time period relevant to the issues in dispute in this litigation, and further objects that this Request does not appear to seek information reasonably calculated to lead to admissible evidence. Subject to and without waiving the foregoing objections, Plaintiffs are aware of no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 58.:**

All documents identifying any ad-triggering keywords that have been the subject of any transaction between you and any internet search engine company at any time.

**RESPONSE:**

Plaintiffs object to this Request as seeking confidential or proprietary information of Plaintiffs which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information and by the prejudice of disclosure of confidential or proprietary information. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 59.:**

All documents reflecting or referring to any instances of confusion, mistake or deception on the part of any customer, potential customer, member of the trade, or other member of the public resulting from defendants' alleged wrongful conduct.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the "defendants' alleged wrongful conduct" and as to "member of the trade". Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope. Subject to and without waiving these objections Plaintiffs reassert their response to Request for Production Nos. 4, 11, 19, 22-27, 30-35, 39 and 41 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 60.:**

All documents reflecting or referring to any instances of confusion, mistake or deception on the part of any customer, potential customer, member of the trade, or other member of the public resulting from any third party's alleged use of Plaintiffs' trademarks.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "member of the trade". Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope. Subject to and without waiving these objections Plaintiffs reassert their response to Request for Production Nos. 11 and 48 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 61.:**

All documents reflecting any sales you claim to have lost or any other damage you claim to have sustained as a result of defendants' alleged wrongful conduct.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 5 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 62.:**

All documents reflecting any data, investigations, studies, or analyses prepared by you or on your behalf regarding the manner in which internet users locate any of your websites.

**RESPONSE:**

Plaintiffs object to this Request as seeking confidential or proprietary information of Plaintiffs which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information and by the prejudice of disclosure of confidential or proprietary information. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 63.:**

All documents describing or referring to any efforts considered or undertaken by you or on your behalf to optimize the ranking or appearance of any of your websites in internet search engine results.

**RESPONSE:**

Plaintiffs object to this Request as seeking confidential or proprietary information of Plaintiffs which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information and by the prejudice of disclosure of confidential or proprietary information. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 64.:**

Samples of every variation of how your trademarks identified in response to requests numbers ~(47)_ and _(48)_ are used.

39

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to trademarks identified in response to Request number 48, as no trademarks are identified in response to that Request. Plaintiffs also object to this Request as overly broad to the extent it contains no limit in temporal scope to the time period reasonably relevant to this litigation. Plaintiffs object to this Request as overly broad and unduly burdensome as to every variation of how trademarks referenced in Request number 47 are used. Subject to and without waiving the foregoing objections, Plaintiffs will produce representative samples showing how its unregistered trademarks are used that are the subject of Request number 47 for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 65.:**

Samples of every product or service bearing your trademarks identified in response to requests numbers _(47)_ and _(48)-, including but not limited menus, displays, and other methods of advertising and promotion, including print and on-line media.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to trademarks identified in response to Request number 48, as no trademarks are identified in response to that Request. Plaintiffs object to this Request as vague and ambiguous as to samples of services, as Plaintiffs cannot produce a sample of a service. Plaintiffs also object to this Request as overly broad to the extent it contains no limit in temporal scope to the time period reasonably relevant to this litigation. Plaintiffs object to this Request as overly broad and unduly burdensome as to every product bearing Plaintiffs' unregistered trademarks referenced in Request number 47. Subject to and without waiving the foregoing objections, Plaintiffs will produce representative samples of products showing its unregistered trademarks for inspection at a mutually agreed time and location.

40

**REQUEST FOR PRODUCTION NO. 66.:**

All documents reflecting the file history for each registered trademark identified in response to request number _(47)_.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to registered trademarks identified in response to Request number 47, as no registered trademarks are identified in response to that Request which instead specifically calls for unregistered trademarks.   In consequence, Plaintiffs have no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67.:**

All documents reflecting the amount of damages you contend you have sustained as result of Defendants' wrongful conduct, and all documents reflecting how such alleged damages were calculated and determined.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 5 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 68.:**

All documents reflecting evidence that your marks identified in response to request number _(47)_ are famous, including documents reflecting the date your trademarks allegedly became famous.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "date" Plaintiffs' unregistered trademarks at issue in Request number 47 "became famous", as becoming famous is a process occurring over time.   Plaintiffs further object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative or duplicative.   Subject to these objections, Plaintiffs reassert their response to Request for

Production Nos. 7 and 8 and will produce additional responsive materials in their possession for inspection at a mutually agreed time and location.

**REQUEST FOR PRODUCTION NO. 69.:**

All documents reflecting evidence of use by third parties of your trademarks, portions of your trademarks, or similar variations of your trademarks.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "portions" of Plaintiffs' trademarks at issue and as to "similar variations". Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope. Subject to and without waiving these objections Plaintiffs reassert their response to Request for Production Nos. 11 and 48 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 70.:**

All documents reflecting or referring to communications with third parties regarding any portion of the subject matter relating to your claims in this lawsuit.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "any portion of the subject matter relating to your claims in this lawsuit", and insofar as the Request does not identify whose communications with third parties are covered by this Request. Plaintiffs object to the Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object to the extent the Request encompasses communications by Defendants with third parties, that documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the

42

Plaintiffs. Plaintiffs object to this Request as seeking information which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope. Subject to these objections, Plaintiffs incorporate by reference in response to this Request all documents Plaintiffs are producing in response to Defendant's First Request for Production, but note that Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 71.:**

All documents reflecting or referring to communications with any print or online media regarding any portion of the subject matter relating to your claims in this lawsuit.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 70 as if fully set forth herein, and further state that responsive documents in their possession are encompassed within their response to Request for Production No. 70.

**REQUEST FOR PRODUCTION NO. 72.:**

All documents reflecting or referring to any of Defendants' New York restaurants.

**RESPONSE:**

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative. Plaintiffs object to the extent that documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less

43

expensive.   Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs.  Plaintiffs object to this Request as seeking information which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information.  Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope.   Subject to these objections, Plaintiffs incorporate by reference in response to this Request all documents Plaintiffs are producing in response to Defendant's First Request for Production, but note that Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 73.:**

All documents reflecting or referring to Defendants' Miami Beach restaurant.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 72 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 74.:**

All documents reflecting or referring to Defendants' California restaurant.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 72 as if fully set forth herein.

44

**REQUEST FOR PRODUCTION NO. 75.:**

All documents referred to in Section II(l) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

**RESPONSE:**

Plaintiffs object to this Request insofar as it misstates Plaintiffs' Initial Disclosures, as Plaintiffs do not refer to any documents in Section II of their Initial Disclosures but provide a description of categories only; therefore Plaintiffs have no documents responsive to this Request. Where only a description is provided in a party's Initial Disclosures pursuant to Fed. R. Civ. P. 26, the other parties are expected to obtain documents desired through formal requests under Rule 34. *See Hugo ex rel. BankAtlantic Bancorp., Inc. v. Levan*, 2009 WL 1758708 (S.D. Fla.). Plaintiffs incorporate herein by reference each of their responses to Defendant Philippe Miami's formal Requests under Rule 34 to the extent such responses might encompass the documents Defendant desires to obtain through this Request.

**REQUEST FOR PRODUCTION NO. 76.:**

All documents referred to in Section II(2) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 75 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 77.:**

All documents referred to in Section II(3) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 75 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 78.:**

All documents referred to in Section II(4) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 75 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 79.:**

All documents referred to in Section II(5) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 75 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 80.:**

All documents referred to in Section II(6) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(2).

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 75 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 81.:**

All documents referred to in Section II(7) of your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(I)(2).

46

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 75 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 82.:**

All documents reflecting or referring to Chef Philippe as a "Chef", "Chopper" and/or "expeditor" while employed by Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the term "Chef Philippe". To the extent this Request is referring to Defendant Chak Yam Chau, Plaintiffs state they are aware of no responsive documents.

**REQUEST FOR PRODUCTION NO. 83.:**

All documents relating to Chef Philippe's resignation from Mr. Chow, including but not limited to all documents reflecting any offers made to Chef Philippe in an effort to prevent him from leaving Mr. Chow.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to the term "Chef Philippe". To the extent this Request is referring to Defendant Chak Yam Chau, Plaintiffs reassert their response to Request for Production No. 4 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 84.:**

All written employment agreements between you and any of the Defendants.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "employment agreements". To the extent this Request is seeking contracts of employment with any of the Defendants, Plaintiffs state they are aware of no responsive documents.

47

**REQUEST FOR PRODUCTION NO. 85.:**

All written employment agreements of any employee of Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "employment agreements". To the extent this Request is seeking contracts of employment of any of Plaintiffs' employees, Plaintiffs object to this Request as seeking confidential or proprietary information of Plaintiffs which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information and by the prejudice of disclosure of confidential or proprietary information. Plaintiffs further object that this Request is overbroad as it is not limited in terms of location, position or temporal scope. To the extent this Request is seeking confidentiality agreements, Plaintiffs reassert their response to Request for Production No. 38 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 86.:**

All employment handbooks and drafts of employment handbooks created by or for Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Request as overly broad to the extent it seeks drafts of employee handbooks, and to the extent it is not limited in terms of temporal scope. Subject to and without waiving these objections, Plaintiffs will produce the current employee handbook for inspection at a mutually agreed time and location. Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue

burden or cost and therefore will not produce any prior versions that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 87.:**

All documents reflecting or referring to your policy for handling confidential information, if any.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "your policy", as to "handling", and as to "confidential information". Plaintiffs also object to the Request as overly broad to the extent it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 88.:**

All documents reflecting or referring to your policy for identifying confidential information as "confidential."

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "your policy", as to "identifying", and as to "confidential information". Plaintiffs also object to the Request as overly broad to the extent it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 89.:**

All documents reflecting or referring to your policy with regard to having visitors into your restaurant kitchens, if any.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "your policy", and as to "your restaurant kitchens, if any". Plaintiffs also object to the Request as overly broad to the extent it is not limited in terms of temporal scope.

**REQUEST FOR PRODUCTION NO. 90.:**

All documents reflecting or referring to your policy with regard to having vendors into your restaurant kitchens, if any.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 89 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 91.:**

All documents reflecting or referring to maintaining the confidentiality of your recipes, kitchen and/or other places where confidential information is maintained.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "maintaining the confidentiality of your recipes, kitchen and/or other places" and as to where confidential information is "maintained". Plaintiffs also object to the Request as overly broad to the extent it is not limited in terms of temporal scope. Subject to and without waiving these objections, Plaintiffs reassert their response to Request for Production Nos. 10, 38 and 87 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 92.:**

All documents and things reflecting or referring to the allegations of "Corporate Espionage," including but not limited to the "material evidence" referred to in your pleadings.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "material evidence" as Plaintiffs' first amended complaint identified the surveillance video s material evidence. Subject to and without waiving this objection, Plaintiffs reassert their response to Request for Production No. 36 as if fully set forth herein.

50

**REQUEST FOR PRODUCTION NO. 93.:**

All text messages to or from your Miami Beach Chef to the unidentified person in a chefs outfit referred to in your allegations of "Corporate Espionage" in your Amended Complaint.

**RESPONSE:**

Plaintiffs object to this Request as vague and ambiguous as to "your Miami Beach Chef"

and as to the "unidentified person in a chefs outfit" in light of Defendants' asserted identification

of both individuals in their Motion to Dismiss.  Subject to and without waiving these objections,

Plaintiffs state that they have no responsive documents in their possession.

**REQUEST FOR PRODUCTION NO. 94.:**

All documents reflecting or referring to the harassment, threats, and property damage that you attribute to Defendants.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 37 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 95.:**

All documents reflecting or referring to the illegal compensation and benefits to chefs, including unreported cash payments that you contend are attributable to Defendants.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 29 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 96.:**

All documents reflecting or referring to defendants' alleged solicitation and inducement of your chefs to work for defendants and to disclose.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 28 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 97.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that you took reasonable steps to protect the confidentiality of your trade secrets.

**RESPONSE:**

Plaintiffs object to this Request as overly broad and unduly burdensome to the extent it seeks "all" documents, which is unreasonably cumulative and duplicative, and because to respond beyond what Plaintiffs have agreed to produce would require Plaintiffs to search for all persons and entities who might possess such documents, and a party cannot be forced to prepare his opponent's case nor make investigations for his adversary. Plaintiffs object to the extent that documents sought are in Defendants' possession and/or are equally available to Defendants and thus obtainable from a source that is more convenient, less burdensome and less expensive. Plaintiffs object to this Request to the extent it seeks documents not in the possession, custody or control of any of the Plaintiffs. Plaintiffs object to this Request as seeking information which is not reasonably calculated to lead to admissible evidence and/or any de minimus relevance would be outweighed by the burden, time and expense imposed on Plaintiffs of obtaining such information. Plaintiffs further object that this Request is overbroad as it is not limited in terms of temporal scope. Subject to these objections, Plaintiffs incorporate by reference in response to this Request all documents Plaintiffs are producing in response to Defendant's First Request for Production, but note that Plaintiffs need not provide discovery of electronically stored information from sources that they identify as not reasonably accessible because of undue burden

52

or cost and therefore will not produce any materials that were electronically stored but are not now reasonably accessible.

**REQUEST FOR PRODUCTION NO. 98.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants misappropriated your trade secrets.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 97 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 99.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants converted your intellectual property.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 97 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 100.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have infringed on your trademarks.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 97 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 101.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have committed corporate espionage.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 97 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 102.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have committed tortious interference.

**RESPONSE:**

Plaintiffs object that this Request is premature as the allegations concerning tortious interference are contained in the Second Amended Complaint to which no responsive paper or pleading has yet been filed by Philippe Miami or any other Defendant.  Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds and following the filing of papers or pleadings in response to the Second Amended Complaint by the Defendants in this action.

**REQUEST FOR PRODUCTION NO. 103.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants are unfairly competing with you.

**RESPONSE:**

As to the allegations of unfair competition in Plaintiffs' First Amended Complaint, Plaintiffs reassert their response to Request for Production No. 97 as if fully set forth herein. As to the allegations of unfair competition asserted for the first time in Plaintiffs' Second Amended Complaint, Plaintiffs object that this Request is premature as no responsive paper or pleading has yet been filed by Philippe Miami or any other Defendant to that Second Amended Complaint. Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds

and following the filing of papers or pleadings in response to the Second Amended Complaint by

the Defendants in this action.

**REQUEST FOR PRODUCTION NO. 104.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants violated Florida's Deceptive and Unfair Trade Practices Act.

**RESPONSE:**

Plaintiffs reassert their response to Request for Production No. 97 as if fully set forth

herein.

**REQUEST FOR PRODUCTION NO. 105.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants violated California's Business and Professional Code.

**RESPONSE:**

Plaintiffs object that this Request is premature as the allegations concerning Defendants'

violation of California's Business and Professional Code are contained in the Second Amended

Complaint to which no responsive paper or pleading has yet been filed by Philippe Miami or any

other Defendant.  Plaintiffs reserve the right to supplement their response to this Request as

discovery proceeds and following the filing of papers or pleadings in response to the Second

Amended Complaint by the Defendants in this action.

**REQUEST FOR PRODUCTION NO. 106.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants induced a breach of contract.

**RESPONSE:**

Plaintiffs object that this Request is premature as the allegations concerning Defendants'

induced breach of contract are contained in the Second Amended Complaint to which no

responsive paper or pleading has yet been filed by Philippe Miami or any other Defendant. Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds and following the filing of papers or pleadings in response to the Second Amended Complaint by the Defendants in this action.

**REQUEST FOR PRODUCTION NO. 107.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants breached a confidentiality agreement.

**RESPONSE:**

Plaintiffs object that this Request is premature as the allegations concerning Defendants' breach of confidentiality agreements are contained in the Second Amended Complaint to which no responsive paper or pleading has yet been filed by Philippe Miami or any other Defendant. Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds and following the filing of papers or pleadings in response to the Second Amended Complaint by the Defendants in this action.

**REQUEST FOR PRODUCTION NO. 108.:**

All documents, other than what will be produced pursuant to an earlier request, supporting your contention that Defendants have engaged in unfair advertising.

**RESPONSE:**

Plaintiffs object that this Request is premature as the allegations concerning Defendants' unfair advertising are contained in the Second Amended Complaint to which no responsive paper or pleading has yet been filed by Philippe Miami or any other Defendant. Plaintiffs reserve the right to supplement their response to this Request as discovery proceeds and following the filing of papers or pleadings in response to the Second Amended Complaint by the Defendants in this action.

Dated:  December 28, 2009.

MORGAN, LEWIS & BOCKIUS LLP
JOAN M. CANNY, ESQ.
Fla. Bar No. 0492531
jcanny@morganlewis.com
*Attorneys for Plaintiffs*
200 South Biscayne Boulevard
5300 Wachovia Financial Center
Miami, FL 33131-2339
Telephone:     (305) 415-3422
Facsimile:     (305) 415-3001

By: _____

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
BERTRAM FIELDS, ESQ.
(Admitted *pro hac vice*)
bfields@greenbergglusker.com
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067-4590
Telephone:     (310) 553-3610
Facsimile:     (310) 553-0687

PERETZ CHESAL & HERRMANN, P.L.
MICHAEL B. CHESAL, ESQ.
Fla. Bar No. 775398
mchesal@pc-iplaw.com
201 South Biscayne Boulevard
Suite 1750
Miami, FL 33131
Telephone:     (305) 341-3000
Facsimile:     (305) 371-6807

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served the foregoing on all counsel of record identified on

the attached Service List by U.S. Mail, postage prepaid and postmarked December 28, 2009.

Joan M. Canny

## SERVICE LIST

**Michael Chow, et. al. v. Chak Yam Chau, et. al.**

**Case No.: 09-21893-CIV-HOEVELER/GARBER**
**United States District Court, Southern District of Florida**

Lyle E. Shapiro, Esq.
lshapiro@richmangreer.com
Mark A. Romance, Esq.
mromance@richmangreer.com
Ethan J. Wall, Esq.
ewall@richmangreer.com
RICHMAN GREER P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   (305) 373-4000
Facsimile:   (305) 373-4099

*Attorneys for Defendants Chak Yam Chau,*
*Stratis Morfogen, PHILIPPE MIAMI LLC,*
*PHILIPPE NORTH AMERICA RESTAURANTS,*
*LLC, and PHILIPPE RESTAURANT CORP.*

Greg M. Herskowitz, Esq.
greg@pinecresttitle.com
GREG HERSKOWITZ, P.A.
9130 South Dadeland Boulevard
PH1A
Miami, Florida 33156
Telephone:   (305) 423-1258
Facsimile:   (305) 670-3884

*Attorneys for Defendants Chak Yam Chau,*
*Stratis Morfogen, PHILIPPE MIAMI LLC,*
*PHILIPPE NORTH AMERICA RESTAURANTS,*
*LLC, and PHILIPPE RESTAURANT CORP.*