UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW",
MR CHOW ENTERPRISES, LTD, a California
Limited Partnership, MC MIAMI ENTERPRISES, LLC,
a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability
Company, and TC VENTURES, INC., a
New York Corporation,

      Plaintiffs,

v.

CHAK YAM CHAU, STRATIS MORFOGEN,
PHILIPPE MIAMI LLC, a Florida Limited Liability
Company, PHILIPPE NORTH AMERICA
RESTAURANTS, LLC, a New York Limited Liability
Company, PHILIPPE RESTAURANT CORP.,
a New York Corporation, PHILIPPE WEST COAST LLC,
a California Limited Partnership, COSTIN DUMITRESCU,
MANNY HAILEY, YAO WU FANG, SUN CHUN HUI,
MARK CHENG and PING CHING KWOK,

      Defendants.

_____/

**PLAINTIFFS' EXPEDITED RESPONSE TO EMERGENCY MOTION
<u>FOR PROTECTIVE ORDER</u>**

      In expedited response to the Emergency Motion for Protective Order filed by certain of

the Defendants, Plaintiffs state that there is neither a right nor an agreed upon precondition of

certain discovery from Plaintiffs in advance of certain depositions long ago set in this case.  In

consequence, the motion for protective order to continue depositions of the three individual

defendants which were set on November 6, 2009 – weeks before Defendants even issued any

written discovery in this case – should be denied and the depositions should be ordered to

proceed as noticed for January 13, 14, and 15, 2010.  In support Plaintiffs state as follows.

## Introduction

Mr. Chow and the Mr Chow Restaurants  have brought a 42-page, thirteen-count action against Defendants for violations of statutory and common law.  *See* DE 42.  Plaintiffs' claims arise from Defendants' efforts, individually and through their restaurants operating under the name "Philippe Chow" and "Philippe by Philippe Chow", to mislead, deceive and confuse the public and the clients of the Mr Chow restaurants and thereby wrongfully profit from the name, reputation and rights of the Mr. Chow Restaurants and the real Mr. Chow.

Defendants have moved that the depositions of individual defendants Chak Yam Chau, Stratis Morfogen, and Costin Dumitrescu not proceed, despite having been long ago agreed upon and noticed for January 13, 14, and 15, 2010, because Defendants disagree with certain of Plaintiffs' responses to Defendants' 108-item First Request for Production and because Defendants have not received certain discovery from Plaintiffs which they wish to have in advance of the depositions.  Defendants may not put off depositions which they agreed to weeks before Defendants served any discovery, based upon their purported objections to certain of Plaintiffs' responses to written discovery, or because of Defendants' belated desire to have the benefit of certain materials from Plaintiffs before having their independent recollections tested through deposition.  Rather, Rule 26(d) provides that "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:  (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery".

In their "emergency" motion, Defendants seek to require that Plaintiffs' depositions of three individual defendants be delayed until some indeterminate time when all disputes regarding Plaintiffs' responses to Defendants' written discovery have been resolved between the parties or

by the Court.  Yet delaying Plaintiffs' discovery for certain discovery by Defendants is contrary to the provisions of Rule 26 absent a showing that such a delay is required "in the interests of justice".[1]  Because Defendants have not met their burden of showing that the "interests of justice" require the eleventh-hour continuance of three depositions pending some discovery from Plaintiffs and the resolution of unspecified "written discovery disputes", Defendants' motion should be denied and the depositions of the three individual defendants should be ordered to proceed as noticed on January 13, 14, and 15.

## Pertinent Procedural Background

Plaintiffs' counsel first requested dates from Defendants' counsel on October 14, 2009, by telephone, for the depositions of individual Defendants Stratis Morfogen, Chak Yam Chau, and Costin Dumitrescu, and stated Plaintiffs were amenable to considering depositions in New York or Los Angeles as alternatives to Miami depending on the circumstances.  Thereafter on November 4, 2009, Plaintiffs' counsel followed up by e-mail about deposition dates, and following efforts to obtain December dates, all counsel on November 6 agreed upon the dates for depositions of Morfogen, Chau and Dumitrescu in New York on January 13, 14 and 15, 2010. No preconditions were set to proceeding with those depositions as scheduled; in particular, there was no suggestion whatsoever that the depositions would go forward on those dates only if Defendants first received responses to written discovery or any particular information or materials from Plaintiffs in advance of those depositions.  *See* Ex. A.   Notices for these depositions were served on November 25, 2009 – seven weeks prior to the scheduled depositions.

---

[1]   The delay may not be said to be for the parties' and witnesses' convenience, as the depositions were set for January 13-15, 2010 in response to Defendants' counsel's request for those specific deposition dates (Plaintiffs sought to set these depositions in December, 2009), and further the depositions were set for New York also at Defendants' counsel's request.

Not until several weeks <u>after</u> the dates of the depositions had been agreed upon and confirmed between the parties did Defendants serve any written discovery in this case.  On November 23, Defendants served a 108-item First Request for Production on Plaintiffs; Plaintiffs served their responses to Defendants' request for production by mail but also provided a courtesy copy of the responses by e-mail on the morning of December 29.  Despite providing those responses to Defendants by mail and e-mail, Defendants' counsel did not contact or even attempt to contact Plaintiffs' counsel regarding those responses, to confer regarding the responses in advance of the filing of the Emergency Motion.  (Since the filing of the Emergency Motion Defendants' counsel also has not attempted to confer with Plaintiffs' counsel regarding Plaintiffs' responses to Defendants' First Request for Production in an effort to resolve whatever disputes Defendants may have regarding those responses.)

On December 7, 2009 -- two weeks after serving Defendants' First Request for Production and more than a month after the dates were agreed upon for the depositions at issue -- Defendants served two sets of interrogatories upon Plaintiffs.[2]  As noted in Defendants' Emergency motion, Plaintiffs' responses to these interrogatories <u>are not yet due</u>.

<u>Discussion</u>

A.      **Defendants _did not premise_ the depositions of Chak Yam Chau, Stratis Morfogen, or Costin Dumitrescu upon the prior receipt of "complete" responses to written discovery from Plaintiffs and the prior resolution of all disputes regarding Plaintiffs' responses to written discovery, and so may not be heard to seek to delay the depositions on that basis.**

In their motion papers, Defendants assert that "the scheduling of the depositions…was premised on the reasonable assumption of Defendants that Plaintiffs would make the required disclosures regarding their claims and properly respond to written discovery so that Defendants

---

[2]      Contrary to the statement in Defendants' Motion, Defendants' interrogatories were not served on November 29 but on December 7, as demonstrated by Exhibit B to their Motion.

4

could properly prepare for the depositions."  Tellingly, Defendants cite to no correspondence or other support for this contention, as there is nothing to support it.  To the contrary, the three depositions were scheduled based upon the availability of the Defendants and their counsel, as reflected in the attached communications between counsel.  *See Ex. A.*  Moreover as noted above, Defendants did not even serve their First Request for Production until more than two weeks after the deposition dates were agreed upon, and did not serve their interrogatories until more than a <u>month</u> after the deposition dates were agreed upon.  It is therefore disingenuous at best for Defendants to assert that the depositions were "premised" upon receiving certain unspecified discovery before the depositions.  Where Defendants failed to condition the deposition dates upon receipt of any particular discovery from Plaintiffs at the time the depositions were set, or at any time prior to Defendants' Christmas Eve e-mail for the first time attempting to put off the depositions, the interests of justice surely do not require that the depositions be postponed but instead require that the depositions should proceed as long ago agreed upon by all parties without preconditions or any prior discovery from Plaintiffs.

**B.     Any disputes regarding Plaintiffs' written discovery responses are premature and not properly before the Court for consideration, as Defendants' counsel has not conferred with Plaintiffs' counsel nor has Defendants' counsel made a good faith effort to resolve the unspecified disputes as required by the Local Rules.**

Local Rules 26.1.H and Part VI. of the Discovery Practice Handbook set forth the manner by which discovery disputes are to be addressed, including the express requirement that prior to the filing of any motion counsel is required to confer with opposing counsel and both must make a good faith effort to resolve the dispute by agreement.  Defendants attempt to argue for a delay in the depositions set for certain individual defendants because of asserted deficiencies in Plaintiffs' responses to Defendants' First Request for Production.  Yet Defendants have undertaken **no effort** to confer regarding any perceived deficiencies in Plaintiffs' discovery

5

responses. The Court should not condone Defendants' wholesale failure to comply with the Local Rules regarding disputes regarding written discovery, and Defendants' "Emergency" motion filed prior to any conference or attempted conference regarding Plaintiffs' written discovery responses should be summarily denied.

Moreover even if Defendants believe there to be deficiencies in Plaintiffs' discovery responses that cannot be resolved between the parties after conference, any such disputes would not provide any basis for continuation of the depositions set for next week, as Defendants have failed to act diligently in obtaining any materials which they claim for the first time in their Emergency Motion that they need for their depositions.  According to the Discovery Practices Handbook, "a party seeking production of documents, electronically stored information or things of another party in connection with a deposition should schedule the deposition to allow for production in advance of the deposition".  Yet Defendants served their 108-item First Request for Production so as to allow only  two weeks following the deadline to respond, to arrange for and to conduct an inspection of all the materials and to attempt to resolve by conference and recourse to the Court if necessary any disputes regarding those responses.  Defendants' own lack of diligence in issuing discovery to allow for inspection and copying, and the good faith effort to resolve disputes regarding that discovery, prior to the depositions does not allow that the interests of justice require a continuation of those depositions, and Defendants' motion should be denied.

**C.     Defendants are not entitled to pre-deposition disclosures regarding Plaintiffs' trade secrets or any other matter according to applicable law**

Finally, Defendants contend the depositions of three individual defendants must be put off until such time as Plaintiffs' trade secrets have been described "with reasonable particularity".  Plaintiffs are aware that they bear the burden of establishing their trade secrets at

issue, and that Defendants are entitled to obtain a description of the trade secrets in the course of discovery in this case.  However Defendants' interrogatories asking for such a description are not yet due, and therefore Defendants cannot contend that the responses which have not yet been provided are deficient.

More importantly, implicit in Defendants' Motion is the suggestion that Plaintiffs must specifically identify the trade secrets at issue in this case before Defendants may be deposed or any other discovery may be had by Plaintiffs.  Yet the cases cited by Defendants do not so hold, nor have Plaintiffs been able to find any case that so holds applying either Florida or New York law.  To the contrary, in the recent case of *Medtech Products v. Ranir, LLC*, 596 F. Supp. 2d 778 (S.D. N.Y. 2008) -- cited by Plaintiffs to Defendants in advance of the filing of Defendants' motion -- the magistrate judge recommended that "[plaintiff] Medtech should be allowed limited discovery on the trade secret claim prior to being required to identify the precise trade secrets it is alleging were misappropriated. However, ... after Medtech's limited discovery on the trade secret claim, [the defendant] is entitled to receive a list of the specific trade secrets Medtech is alleging were misappropriated forthwith"; the district court subsequently adopted the magistrate judge's recommendation that Medtech was entitled to limited discovery on its trade secret misappropriation claim prior to identifying to the defendant the specific trade secrets at issue. *See id.* at 790 n.7 (emphasis added).  Thus in a recent case applying New York trade secrets law, it was the trade secret plaintiff that was allowed discovery from the defendant regarding plaintiff's trade secret claims prior to being required to identify the specific trade secrets at issue – directly contrary to what Defendants appear to be urging here without any authority in support of their position.  As there is no basis whatsoever for Defendants' suggestion that they may not be deposed until Plaintiffs have provided some sort of unspecified trade secret disclosure,

7

Defendants' Motion should be denied.

## Conclusion

For all the above-stated reasons, Defendants' Emergency Motion should be denied and the depositions of individual Defendants Stratis Morfogen, Chak Yam Chau and Constin Dumitrescu should be ordered to proceed on January 13, 14 and 15, 2010 as scheduled.

Dated:  January 5, 2010.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
JOAN M. CANNY, ESQ.
Fla. Bar No. 0492531
jcanny@morganlewis.com
*Attorneys for Plaintiffs*
200 South Biscayne Boulevard
5300 Wachovia Financial Center
Miami, FL  33131-2339
Telephone:     (305) 415-3422
Facsimile:      (305) 415-3001

By: *s/Joan M. Canny*


GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
BERTRAM FIELDS, ESQ.
(Admitted *pro hac vice*)
bfields@greenbergglusker.com
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067-4590
Telephone:     (310) 553-3610
Facsimile:      (310) 553-0687


PERETZ CHESAL & HERRMANN, P.L.
MICHAEL B. CHESAL, ESQ.
Fla. Bar No. 775398
mchesal@pc-iplaw.com
201 South Biscayne Boulevard, Suite 1750
Miami, FL  33131
Telephone:     (305) 341-3000
Facsimile:      (305) 371-6807

8

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that on this 5th day of January, 2010, I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*s/Joan M. Canny*
Joan M. Canny

9

## SERVICE LIST

**Michael Chow, et. al. v. Chak Yam Chau, et. al.**

**Case No. 09-21893-CIV-HOEVELER/GARBER**
**United States District Court, Southern District of Florida**

Lyle E. Shapiro, Esq.
lshapiro@richmangreer.com
Mark A. Romance, Esq.
mromance@richmangreer.com
Ethan J. Wall, Esq.
ewall@richmangreer.com
RICHMAN GREER P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 373-4000
Facsimile:      (305) 373-4099

*Attorneys for Defendants Chak Yam Chau,*
*Stratis Morfogen, PHILIPPE MIAMI LLC,*
*PHILIPPE NORTH AMERICA RESTAURANTS,*
*LLC, and PHILIPPE RESTAURANT CORP.*
**(VIA CM/ECF)**

Greg M. Herskowitz, Esq.
greg@pinecresttitle.com
GREG HERSKOWITZ, P.A.
9130 South Dadeland Boulevard
PH1A
Miami, Florida  33156
Telephone:     (305) 423-1258
Facsimile:      (305) 670-3884

*Attorneys for Defendants Chak Yam Chau,*
*Stratis Morfogen, PHILIPPE MIAMI LLC,*
*PHILIPPE NORTH AMERICA RESTAURANTS,*
*LLC, and PHILIPPE RESTAURANT CORP.*
**(VIA CM/ECF)**