UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW", et al,
      Plaintiffs,

vs.

CHAK YAM CHAU et al
      Defendants.
_____ /

PHILIPPE CHOW et al
      Counter-Plaintiffs

vs.

MICHAEL CHOW et al
      Counter-Defendants
_____ /

**DEFENDANTS CHAK YAM CHAU, STRATIS MORFOGEN, PHILIPPE MIAMI LLC, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, PHILIPPE RESTAURANT CORP., PHILIPPE WEST COAST LLC, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG, AND PING CHING KWOK'S REPLY IN SUPPORT OF THEIR <u>EMERGENCY MOTION FOR PROTECTIVE ORDER</u>**

Defendants, CHAK YAM CHAU ("Chef Philippe"), STRATIS MORFOGEN, PHILIPPE MIAMI LLC, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, PHILIPPE RESTAURANT CORP., PHILIPPE WEST COAST LLC, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG, and PING CHING KWOK, (hereinafter collectively referred to as the "Defendants") through undersigned counsel and pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Rules 26 and 7.1 of the Local Rules of this Court, file their Reply in Support of their Emergency Motion for Protective Order and Incorporated Memorandum of Law (D.E. 55), and in support state as follows:

**There was compliance with the Local Rules**

Defendants did comply with the Local Rules' meet and confer requirement before filing the instant Motion.  Counsel for the parties conferred in writing regarding the relief sought in this motion.  That correspondence is attached as Exhibit D to Defendant's Motion.  In that written correspondence, the parties discussed their respective positions visa vie the responses to the Request for Production and the timing of the subject depositions.   Plaintiffs' counsel unequivocally advised that it was Plaintiffs' intention to go forward with the depositions notwithstanding the objections to the written discovery that Plaintiffs would be raising in their formal written response on the trade secret issue. Counsel for Defendants advised that it would be left with no choice but to file a motion for protective order if Plaintiffs were not willing to postpone the depositions for a later date so that the objections to the written discovery could resolved prior the depositions.  The filing of Plaintiffs' written response to the Request for Production on December 29 only served to confirm that Plaintiffs were raising the objections previously discussed among counsel. The written response also contained other objections, including objections to the "Contention requests" and requests related to new claims in the SAC, which serve as additional grounds for the motion for protective order.

After the good faith effort to resolve this dispute was undertaken, this Motion was filed as soon as possible in view of the upcoming out of town depositions.

**Defendants anticipated receiving documents and information about Plaintiffs' claims prior the depositions**

Defendants argue that Plaintiffs did not premise the depositions of Chef Philippe, Stratis Morfogen, or Costin Dumitrescu upon the prior receipt of "complete" responses to written discovery from Plaintiffs and the prior resolution of all disputes regarding Plaintiffs' responses to

written discovery, and so may not be heard to seek to delay the depositions on that basis.  This argument is flawed for several reasons.

Defendants have not received a single document from Plaintiffs to date pursuant to the subject Request for Production or pursuant to Plaintiffs' Rule 26 disclosures. In Plaintiffs' Rule 26 disclosures, Plaintiffs listed six categories of documents that support their claims. Those categories were:

1. Materials relating to the conception, design, development and use of Plaintiffs' valuable and proprietary information and trade secrets.
2. Materials relating to Plaintiffs' trademarks, products and services and style of doing business.
3. Materials relating to damages.
4. Materials relating to Defendant Chak Yam Chau's employment with Plaintiff, including his personnel records and other documents.
5. Materials related to Plaintiffs' property rights and premises.
6. Materials relating to Defendants' marketing and advertising and promotions.
7. Materials relating to Defendants infringing use of the Mr. Chow mark and the related marks and intellectual property of Plaintiffs.

A copy of Plaintiffs' Rule 26 disclosures are attached hereto as Exhibit A.    Defendants' Requests for Production  requested the documents identified by Plaintiffs in their Rule 26 disclosures.  Defendants always had an expectation that Plaintiffs would provide the documents supporting their claims prior to the depositions, as Rule 26 contemplates.

**Applicable law contemplates Plaintiffs' identification of their trade secrets prior the depositions**

The law does contemplate identification of Plaintiffs' alleged trade secrets with reasonable particularity prior to the depositions.   Plaintiffs allege that Defendants have misappropriated trade secrets while operating restaurants in California, Florida and New York. In Defendants' Motion, Defendants cite to the California statute that requires that the trade secrets be described with reasonably particularity in a disclosure statement before any discovery takes place. *See Cal. Civ. Proc. Code Sec. 2019.210.*  Defendants also cited to the Florida cases

-3-

of *Del Monte Fresh Produce Co v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324-26 (S.D. Fla. 2001), *Knights Armament Co. v. Optical Sys. Tech.*, 254 F.R.D. 463, 467 (M.D. Fla. 2008), and *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1273 (S.D. Fla. 2007), which discusses the reasonable particularity identification requirement under Florida law.   New York law is consistent with Florida law in this regard, as discussed in the cases of *Xerox Corp. v. Int'l Bus. Mach. Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) and *Unicure, Inc. v. Thurman*, 97 F.R.D. 7, 13-14 (W.D.N.Y 1982) also cited in Defendants' Motion. *See also Sit-up Limited vs. IAC/Interactivecorp.*, 2008 WL 463884 at 11 (S.D.N.Y. 2008) (New York law requires identification of trade secret with specificity).

Defendants' reliance on the case of *Medtech Products v. Ranir, LLC,* 596 F.Supp.2d 788 (S.D. N.Y. 2008) is misplaced. In *Medtech*, a Magistrate Judge recommended that based on the circumstances specific to that case, the Plaintiff was entitled to "limited discovery" on Plaintiff's trade secret claim prior to being required to identify the precise trade secrets it was alleging was misappropriated. *Id.* at 819-820.   The Opinion does not identify what "limited discovery" the Magistrate was contemplating. The Opinion only states "the parties have already sent letters to the undersigned regarding the discovery Medtech believes it will need in order to identify the trade secrets and Defendants' objections to such discovery, the parties are directed to attend the conference scheduled before the undersigned on June 23, 2008....The undersigned will supervise such discovery and set a briefing schedule and hearing date for the preliminary injunction motion at an appropriate time thereafter" *Id.* at 820.   Thus, *Medtech* involved only a situation where undefined "limited discovery" by Plaintiff was allowed under the supervision of the Court. *Medtech* certainly does not stand for the proposition that Plaintiffs are entitled to  full blown oral deposition of Defendants on the trade secret issues, without first adequately alerting Defendants

RICHMAN GREER, P.A.

Miami • West Palm Beach

to the specific trade secret claims being raised against them. Plaintiffs have not cited to any cases that stand for that proposition.

There is no scheduling order in this case. Plaintiffs have not sought preliminary injunctive relief. There is no compelling reason why the Plaintiffs should be permitted to conduct a fishing expedition through full blown oral depositions of Defendants, without first allowing the parties reasonable time to try to resolve the written discovery objections and if necessary, seek Court intervention on the issues that the parties cannot resolve on their own. The interests of justice require that the Court control the timing and sequence of discovery and protect Defendants from oral depositions in view of the outstanding written discovery issues.

**Defendants acted diligently**

Plaintiffs argue that Defendants failed to act diligently in serving their written discovery. This is entirely incorrect. In support of their argument, Plaintiffs cite to the Discovery Practices Handbook which says "a party seeking production of documents, electronically stored information or things of another party in connection with a deposition should schedule the deposition to allow for production in advance of the deposition." In fact, Defendants did serve fair and reasonable written discovery on Plaintiffs, which responses are due before the deposition dates. However, in an apparent effort to sequence the discovery process to their liking, Plaintiffs have raised a litany of improper objections to these requests, including objections to the narrowly tailored Contention requests and the requests directed to the new allegations in the Second Amended Complaint.

Furthermore, it must noted that at the same time that Plaintiffs are taking the position that Defendants waited too long to serve written discovery, they are taking the opposite position in their objections to written discovery by contending that service of Defendants' written discovery

RICHMAN GREER, P.A.

Miami • West Palm Beach

was <u>premature</u> as to the new allegations in the Second Amended Complaint because the Second Amended Complaint was not technically on file at the time that the written discovery was served. Thus, Plaintiffs' position apparently is that by agreeing not to oppose the filing of Plaintiffs' Second Amended Complaint as requested by Plaintiffs, Defendants are now precluded from obtaining documents purportedly supporting Plaintiffs' claims prior to the depositions. This was not the understanding or spirit of the negotiations relating to the filing of the Second Amended Complaint. Defendants properly served the subject written discovery after Defendants received a draft of the Second Amended Complaint. The written discovery was served at this time so that the documents supporting Plaintiffs' claims, including the documents identified in the Rule 26 disclosures, would be provided prior to the depositions.

Defendants' diligence is also evidenced by the proposed stipulated protective order that was delivered to Plaintiffs' counsel on December 1, 2009. The proposed stipulated protective order was forwarded on that early date in an effort to avoid the circumstance of confidentiality issues delaying the producing of documents.

WHEREFORE, Defendants respectfully request this Court to enter a Protective Order providing that Defendants' depositions shall not take place until the Court has had the opportunity to rule on Defendants' Motion to Compel Plaintiffs' responses to the outstanding written discovery served on them, which Motion, if necessary, will be filed as soon as counsel for the parties can coordinate a meet and confer conference, and grant such further and additional relief as the Court deems just and proper.

RICHMAN GREER, P.A.

Miami ● West Palm Beach

Dated: January 6, 2010                    Respectfully submitted,


                                          s/Lyle E. Shapiro
                                          Lyle E. Shapiro
                                          lshapiro@richmangreer.com
                                          Mark A. Romance
                                          (Florida Bar No. 021520)
                                          mromance@richmangreer.com
                                          Ethan J. Wall
                                          (Florida Bar No. 045158)
                                          ewall@richmangreer.com
                                          RICHMAN GREER, P.A.
                                          Miami Center – Suite 1000
                                          201 South Biscayne Boulevard
                                          Miami, Florida 33131
                                          Telephone: (305) 373-4000
                                          Facsimile: (305) 373-4099

                                          and

                                          Greg M. Herskowitz
                                          (Florida Bar No. 118877)
                                          greg@pinecresttitle.com
                                          GREG HERSKOWITZ, P.A.
                                          9130 South Dadeland Boulevard
                                          PH1A
                                          Miami, Florida 33156
                                          Telephone: (305) 423-1258
                                          Facsimile: (305) 670-3884

                                          *Attorneys for Chak Yam Chau, Stratis
                                          Morfogen, Philippe Miami LLC, Philippe
                                          North America Restaurants, LLC, Philippe
                                          Restaurant Corp., Philippe West Coast,
                                          LLC, Costin Dumitrescu, Manny Hailey,
                                          Yao Wu Fang, and Ping Ching Kwok*

**RICHMAN GREER, P.A.**

Miami • West Palm Beach

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on January 6, 2010 to the parties listed in the attached Service List in the manner specified.

By: <u>   s/ Lyle E. Shapiro               </u>
Lyle E. Shapiro

**RICHMAN GREER, P.A.**

Miami • West Palm Beach

**SERVICE LIST**
*Michael Chow, et al. v. Chak Yam Chau, et al.*
CASE NO. 09-21893-CIV-HOEVELER/GARBER
United States District Court, Southern District of Florida

| | |
|---|---|
| Joan Canny, Esquire<br>jcanny@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3422<br>Facsimile: (305) 415-3001<br>*Attorneys for Plaintiffs*<br>**(Via CM/ECF)** | Lyle E. Shapiro, Esquire<br>lshapiro@richmangreer.com<br>Mark A. Romance, Esquire<br>mromance@richmangreer.com<br>Ethan J. Wall, Esquire<br>ewall@richmangreer.com<br>RICHMAN GREER, P.A.<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey, Yao Wu Fang, and Ping Ching Kwok*<br>**(Via CM/ECF)** |
| Michael B. Chesal, Esquire<br>mchesal@pc-iplaw.com<br>PERETZ CHESAL & HERRMANN, P.L.<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone (305) 341-3000<br>Facsimile: (305) 371-6807<br>*Attorneys for Plaintiffs*<br>**(Via CM/ECF)** | Greg M. Herskowitz, Esquire<br>greg@pinecresttitle.com<br>GREG HERSKOWITZ, P.A.<br>9130 South Dadeland Boulevard<br>PH1A<br>Miami, Florida 33156<br>Telephone: (305) 423-1258<br>Facsimile: (305) 670-3884<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey, Yao Wu Fang, and Ping Ching Kwok*<br>**(Via CM/ECF)** |

RICHMAN GREER, P.A.

Miami • West Palm Beach

| | |
|---|---|
| Bertram Fields, Esquire<br>bfields@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS *et al*<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067-4590<br>Telephone (310) 553-3610<br>Facsimile (310) 553-0687<br>*Attorneys for Plaintiffs*<br>**(Via CM/ECF)** | W. Barlett Ary<br>bary@gfpac.com<br>GRANT, FRIDKIN, PEARSON, ET AL<br>5551 Ridgewood Drive, Suite 501<br>Naples, Florida 34108<br>Telephone (239) 514-1000<br>Facsimile (239) 514-0377<br>*Attorneys for Mark Cheng*<br>**(Via CM/ECF)** |

RICHMAN GREER, P.A.

Miami • West Palm Beach