UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW",
MR CHOW ENTERPRISES, LTD, a California
Limited Partnership, MC MIAMI ENTERPRISES, LLC,
a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability
Company, and TC VENTURES, INC., a
New York Corporation,

      Plaintiffs,

v.

CHAK YAM CHAU, STRATIS MORFOGEN,
PHILIPPE MIAMI LLC, a Florida Limited Liability
Company, PHILIPPE NORTH AMERICA
RESTAURANTS, LLC, a New York Limited Liability
Company, PHILIPPE RESTAURANT CORP.,
a New York Corporation, PHILIPPE WEST COAST LLC,
a California Limited Partnership, COSTIN DUMITRESCU,
MANNY HAILEY, YAO WU FANG, SUN CHUN HUI,
MARK CHENG and PING CHING KWOK,

      Defendants.

_____/

**PLAINTIFFS' SURREPLY TO EMERGENCY MOTION
FOR PROTECTIVE ORDER**

In Surreply in further support of Plaintiffs' opposition to the "emergency" relief

requested by Defendants, Plaintiffs state as follows.

1.      **There is <u>no</u> case authority to support Defendants' contention that they are entitled
to "identification" of Plaintiffs' trade secrets in a trade secret "disclosure
statement" prior to Plaintiffs' depositions of certain individual Defendants.**

In their Reply, Defendants appear to assert that a California State Rule of Civil Procedure

applies to this action in the U.S. District Court for the Southern District of Florida, and requires

that Plaintiffs provide Defendants with a "disclosure statement" under that state civil procedure

rule in advance of any depositions of the Defendants.  Defendants offer no legal basis for why Plaintiffs would be subject to this California state disclosure rule in this case, nor does any legal basis exist for applying that rule here.  Although that rule was referenced in the case of *Del Monte*, in that case the issue was whether trade secrets had to be disclosed with particularity at all, and there also was a reasonable likelihood that California law applied to the claim at issue. Here there is absolutely no basis for applying California law to Plaintiffs' trade secret claim. Plaintiffs' trade secret Count was contained in the initial complaint and first amended complaint in this action, and thus predated any claims relating to conduct occurring in California. Moreover Plaintiffs have expressly pled the claim under New York law (*see* Count VII), and Defendants in their Motion to Dismiss also cited and applied New York trade secret law in seeking dismissal unsuccessfully of that claim.  In consequence, there is simply no good faith basis for Defendants' attempt to impose a California state "disclosure statement" requirement in this case.

As to the other cases cited by Plaintiffs, they stand only for the unremarkable proposition that Plaintiffs bear the burden of establishing the existence of their trade secrets and that Defendants are entitled in the course of discovery to obtain a description of those trade secrets with sufficient particularity to defend against those claims.  The cases most definitely do not support the proposition for which Defendants cite them, which is that Defendants are entitled to a trade secret "disclosure statement" in advance of any discovery by the Plaintiffs in this case.

2.     **Defendants' contention that they had an "expectation" they would receive certain discovery in advance of depositions that was never communicated to Plaintiffs nor made a condition of proceeding with the depositions at issue provides no basis for putting off those depositions.**

In their Reply, Defendants state that they had "an expectation that Plaintiffs would provide the documents supporting their claims prior to the depositions, as Rule 26

contemplates".  Yet as noted in Plaintiffs' expedited response, Rule 26 does not 'contemplate' any sequencing of discovery, nor the delaying of any discovery – such as the depositions at issue – pending completion of other discovery as Defendants seek to obtain at the eleventh hour in their "emergency" motion.  Moreover this district court has recently reaffirmed that where only a description by category is provided in a party's Initial Disclosures pursuant to Rule 26, the other parties are expected to obtain documents desired through formal requests under Rule 34, and so any "expectation" that documents would be provided in advance of the depositions based upon Plaintiffs' Rule 26 disclosures is simply without a foundation in either the law or the procedures of the federal courts.  *See Hugo ex rel. BankAtlantic Bancorp, Inc. v. Levan*, 2009 WL 1758708 (S.D. Fla.).

**3.      Defendants did not confer regarding Plaintiffs' responses and objections to Defendants' First Request for Production in advance of raising disputes regarding those responses and objections in the Court.**

In their Reply, Defendants claim that they satisfied the requirements of the local rules regarding conferring with opposing counsel before bringing to the Court discovery disputes, including disputes regarding Requests for Production, through their e-mail correspondence of December 24 -- correspondence from five days before they received Plaintiffs' responses and objections to the discovery at issue.  It is impossible for Defendants to have conferred with Plaintiffs regarding Plaintiffs' particular responses and objections to Defendants' discovery that were set forth for the first time in Plaintiffs' discovery responses (including, for example, Plaintiffs' objection to requests that related to Plaintiffs' second amended complaint which Defendants attempt to challenge in their Court filing and which is nowhere referenced in the e-mail correspondence attached to their filing as Exhibit D).  Again, Defendants are disingenuous at best to suggest that either the letter or the spirit of the conference requirements of the local

3

rules was satisfied by e-mail communications that took place <u>prior to</u> Plaintiffs' responses and objections to discovery.  Yet Defendants attempt to put their disputes regarding Plaintiffs' discovery responses before the Court as a means of avoiding the long-ago scheduled depositions of three individual defendants.  The Court should not condone such disregard for the rules of this Court.  Particularly where Defendants have no right to delay Plaintiffs' discovery based upon Defendants own discovery, Defendants' motion should be denied and the depositions ordered to proceed as scheduled.

For the above-stated reasons and those set forth in Plaintiffs' opposition to Defendants, Emergency Motion, Defendants' Emergency Motion should be denied and the depositions of individual Defendants Stratis Morfogen, Chak Yam Chau and Constin Dumitrescu should be ordered to proceed on January 13, 14 and 15, 2010 as scheduled.

Dated:  January 6, 2010.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
JOAN M. CANNY, ESQ.
Fla. Bar No. 0492531
jcanny@morganlewis.com
*Attorneys for Plaintiffs*
200 South Biscayne Boulevard
5300 Wachovia Financial Center
Miami, FL  33131-2339
Telephone:     (305) 415-3422
Facsimile:      (305) 415-3001

By: *s/Joan M. Canny*

4

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
BERTRAM FIELDS, ESQ.
(Admitted *pro hac vice*)
bfields@greenbergglusker.com
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA  90067-4590
Telephone:     (310) 553-3610
Facsimile:     (310) 553-0687


PERETZ CHESAL & HERRMANN, P.L.
MICHAEL B. CHESAL, ESQ.
Fla. Bar No. 775398
mchesal@pc-iplaw.com
201 South Biscayne Boulevard, Suite 1750
Miami, FL  33131
Telephone:     (305) 341-3000
Facsimile:     (305) 371-6807