UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21893-CIV-HOEVELER/GARBER

MICHAEL CHOW known as "MR. CHOW", et al,

    Plaintiffs,

vs.

CHAK YAM CHAU et al

    Defendants.
_____/

PHILIPPE CHOW et al

    Counter-Plaintiffs

vs.

MICHAEL CHOW et al

    Counter-Defendants
_____/

**PHILIPPE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER AS TO FEBRUARY 10-12, 2010 DEPOSITIONS**

    Defendants, PHILIPPE CHOW, STRATIS MORFOGEN, PHILIPPE MIAMI LLC, PHILIPPE NORTH AMERICA RESTAURANTS, LLC, PHILIPPE RESTAURANT CORP., PHILIPPE WEST COAST LLC, COSTIN DUMITRESCU, MANNY HAILEY, YAO WU FANG and PING CHING KWOK, (hereinafter collectively referred to as "Philippe") through undersigned counsel and pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26, file their Reply in Support of their Motion for Protective Order, and in support state:

1. Philippe Chow legally changed his name in connection with becoming a U.S. citizen in 2006. There was no intent to "fraudulent and deceptively" confuse the Philippe Restaurants with Plaintiffs' Mr. Chow restaurants, and in fact there has been no confusion. Hence, Plaintiffs' lack of objection or complaint to the Philippe restaurants' name or business practices for nearly four years, from the end of 2005 through the filing of the Complaint in this action in mid 2009.

2. Philippe diligently and reasonably conferred with Plaintiffs in an effort resolve their discovery disputes without court intervention. Philippe filed its Motion to Compel only on the core issues that could not be resolved.

3. In Plaintiffs' Opposition to Philippe's Motion for Protective Order, DE 74, Plaintiffs misstate the timing of their service of discovery and the parties' meet and confer. Plaintiffs incorrectly represent that "[o]n January 11, 2010, Plaintiffs and Defendants served their responses to interrogatories. . . ." [DE 74 at 2.] In fact, Plaintiffs served their responses to interrogatories via email on January 13 at 7:19 am.[1]

4. Plaintiffs then suggest that Philippe's counsel waited two days to begin the meet and confer conference by stating "Thereafter on January 13, 14, and 15, Plaintiffs' counsel conferred in person with Defendants'. . . ." [DE 74 at 2-3.] In fact, Philippe's counsel received Plaintiffs' interrogatory responses on the morning of January 13, dropped all other matters, and spent the next several hours analyzing these responses in preparation for the meet and confer that commenced that same day at 4:00pm.[2]

---

[1] See email from counsel for Plaintiffs entitled "Plaintiffs' Interrogatory responses" attached hereto as Exhibit "A."
[2] See email chain between counsel for Plaintiffs and Defendants dated January 13, 2010, attached hereto as Exhibit "B."

5. Philippe's counsel spent three (3) long sessions with Plaintiffs' counsel in an effort to resolve the discovery disputes over the next few days, completing their meet and confer during Martin Luther King Jr. Day, a United States Federal holiday.

6. Unfortunately, the parties were not able to resolve numerous issues, including the core issues of Plaintiffs' improper objections to all of Philippe's contention interrogatories and requests, and Plaintiffs' failure to describe their alleged trade secrets with reasonable particularity as required by law. With regard to the alleged trade secrets, Plaintiffs' interrogatory responses only listed broad categories which are not helpful at all in identifying any trade secret at issue.

8. Philippe's counsel filed the Motion to Compel as soon as possible in view of the numerous objections at issue. Philippe's intent was to put together a motion that clearly and succinctly framed the important issues. Philippe certainly was not going to throw together a sloppy work product that would be difficult for the court to navigate, and cause unnecessary expenditure of court resources.

9. The Motion was filed on January 25, only five (5) business days after the last meet and confer conference. Philippe was able to get the motion on file notwithstanding that it had to dedicate time engaging in a meet and confer on Plaintiffs' written discovery to Philippe. Undersigned counsel worked this past weekend so that the Motion to Compel could be filed yesterday, January 25.

10. Plaintiffs' argument that Philippe took too long to file the motion to compel and exceeded the page limitation defies logic given that it is Plaintiffs' legally deficient objections to numerous discovery requests that necessitated a comprehensive motion to compel.

11. In view of Plaintiffs' position on the page limitation issue, Philippe will contemporaneously file a motion to exceed page limitation.

12. Philippe's Emergency Motion for Protective Order, DE 72, articulates in detail why a protective order is needed. In short, Plaintiffs are attempting to avoid their discovery obligations on the same issues that they wish to address at the subject depositions. Such efforts are inconsistent with the spirit of the Federal Rules of Civil Procedure and if permitted would prejudice's Philippe's ability to defend against Plaintiffs' claims.

13. As set forth in Philippe's Motion for Protective Order, DE 72, Defendants Philippe Chow, Stratis Morfogen, and Costin Dumitrescu agree to make themselves available for deposition as soon as practical after the Court's ruling on the Motion to Compel and service of the better responses to written discovery.

WHEREFORE, Philippe respectfully requests this Court to enter an Order protecting them from the February 10-12, 2010 depositions in the event that the Court's ruling on Philippe's Motion to Compel and service of Plaintiffs' better responses to the written discovery does not occur by February 5, 2010.

Dated: January 26, 2010

By: /s Lyle E. Shaprio
Lyle E. Shapiro
(Florida Bar No. 120324)
lshapiro@richmangreer.com
Mark A. Romance
(Florida Bar No. 021520)
mromance@richmangreer.com
Ethan J. Wall
(Florida Bar No. 045158)
ewall@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Greg M. Herskowitz

        (Florida Bar No. 118877)
        greg@pinecresttitle.com
        GREG HERSKOWITZ, P.A.
        9130 South Dadeland Boulevard
        PH1A
        Miami, Florida 33156
        Telephone: (305) 423-1258
        Facsimile: (305) 670-3884

        Matthew A. Cuomo
        Cuomo LLC
        9 E. 38th Street
        New York, NY 10016
        Telephone: 212-448-9933
        Fax: 212- 448-9943
        Email: mcuomo@cuomollc.com
        *PRO HAC VICE PENDING*

        *Attorneys for Philippe Chow, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp, Costin Dumitrescu, Manny Hailey, Philippe West Coast LLC, Yao Wu Fang and Ping Ching Kwok*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was served on January 26, 2010, to the parties listed in the attached Service List in the manner specified.

        By:     /s Lyle E. Shapiro
             Lyle E. Shapiro

**SERVICE LIST**
*Michael Chow, et al. v. Chak Yam Chau, et al.*
CASE NO. 09-21893-CIV-HOEVELER/GARBER
United States District Court, Southern District of Florida

| | |
|---|---|
| Joan Canny, Esquire<br>jcanny@morganlewis.com<br>MORGAN LEWIS & BOCKIUS, LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3422<br>Facsimile: (305) 415-3001<br>*Attorneys for Plaintiffs/Counterdefendants*<br>**(Via EM/ECF)** | Lyle E. Shapiro, Esquire<br>lshapiro@richmangreer.com<br>Mark A. Romance, Esquire<br>mromance@richmangreer.com<br>Ethan J. Wall, Esquire<br>ewall@richmangreer.com<br>RICHMAN GREER, P.A.<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu, Manny Hailey, Yao Wu Fang and Ping Ching Kwok*<br>**(Via EM/ECF)** |
| Michael B. Chesal, Esquire<br>mchesal@pc-iplaw.com<br>PERETZ CHESAL & HERRMANN, P.L.<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone (305) 341-3000<br>Facsimile: (305) 371-6807<br>*Attorneys for Plaintiffs/Counterdefendants*<br> **(Via EM/ECF)** | Greg M. Herskowitz, Esquire<br>greg@pinecresttitle.com<br>GREG HERSKOWITZ, P.A.<br>9130 South Dadeland Boulevard<br>PH1A<br>Miami, Florida 33156<br>Telephone: (305) 423-1258<br>Facsimile: (305) 670-3884<br>*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Philippe West Coast, LLC, Costin Dumitrescu and Manny Hailey, Yao Wu Fang and Ping Ching Kwok*<br> **(Via EM/ECF)** |

| | |
|---|---|
| Bertram Fields, Esquire<br>bfields@greenbergglusker.com<br>GREENBERG GLUSKER FIELDS *et al*<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067-4590<br>Telephone (310) 553-3610<br>Facsimile (310) 553-0687<br>*Attorneys for Plaintiffs/Counterdefendants*<br> **(Via EM/ECF)** | W. Bartlett Ary<br>bary@gfpac.com<br>GRANT, FRIDKIN *et al*<br>5551 Ridgewood Drive, Suite 501<br>Naples, Florida 34108<br>Telephone:(239) 514-1000<br>Facsimile: (239) 514-0377<br>*Counsel for Defendant Mark Cheng* |