UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER/TURNOFF

MICHAEL CHOW known as "MR. CHOW",
MR. CHOW ENTERPRISE, LTD., a California Limited Partnership,
MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability Company, and
TC VENTURES, INC., a New York Corporation,

    Plaintiffs,

v.

CHAK YAM CHAU,
STRATIS MORFOGEN,
PHILIPPE MIAMI LLC, a Florida Limited Liability Company,
PHILIPPE NORTH AMERICA RESTAURANTS, LLC, a New York Limited Liability Company,
PHILIPPE RESTAURANT CORP., a New York Corporation,
PHILIPPE WEST COAST LLC, a California Limited Partnership,
COSTIN DUMITRESCU,
MANNY HAILEY,
YAO WU FANG,
SUN CHUN HUI,
MARK CHENG, and
PING CHING KWOK,

    Defendants.
_____/

PHILIPPE CHOW [CHAK YAM CHAU],
PHILIPPE MIAMI LLC, a Florida Limited Liability Company,
PHILIPPE NORTH AMERICA RESTAURANTS, LLC, a New York Limited Liability Company,
PHILIPPE RESTAURANT CORP., a New York Corporation, and
PHILIPPE WEST COAST LLC, a California Limited Company,

    Counter-Plaintiffs,

v.

MICHAEL CHOW,
MR. CHOW ENTERPRISE, LTD., a California Limited Partnership,
MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability Company,
TC VENTURES, INC., a New York Corporation,
EVA CHOW, and
MICHELLE CHUNG,

    Counter-Defendants.
_____/

**ORDER DENYING MOTION TO BIFURCATE, GRANTING MOTION TO DISMISS COUNTERCLAIM, GRANTING, IN PART, MOTION TO EXTEND DEADLINES, AND ORDER OF REFERRAL AS TO DISCOVERY DISPUTES**

This Cause comes before the Court on several pending motions. As to the motion to bifurcate, filed by Defendant Chak Yam Chau[1] and others, (Dkt No. 73), the Court has determined that bifurcation is not appropriate. If bifurcation might expedite these proceedings or conserve judicial resources while the thirteen claims of liability included in the Second Amended Complaint (including violations of federal law, and the laws of California, Florida and New York) are investigated and tried, then it might be appropriate. However, based upon the parties' inability to cooperate as to basic discovery as of this date, as reflected in the motions to compel filed by Plaintiffs (nine in the past month) and Defendants, it appears inevitable that these parties would engage in "bitterly contested" disputes as to the scope of permissible discovery in the liability phase of these proceedings, therefore an order of bifurcation is not justified. The motion to bifurcate is DENIED.

Counter-Defendants Eva Chow and Michelle Chun[2] moved to dismiss the Counterclaim, arguing that the sole claim brought against them - for defamation - is not sufficiently stated. The Court agrees. The Counterclaim does not assert that Eva Chow and Michelle Chun made any defamatory statements, but rather that "Counter-Defendants intentionally and maliciously published false statements about Chef Pilippe and the Philippe restaurants to third parties." Counterclaim, ¶ 40. The only mention of Eva Chow specifically in the Counterclaim describes her as collaborating with her

---

[1] One of the Counter-Plaintiffs refers to himself as Philippe Chow or Chef Pilippe, but also answered the Plaintiffs' complaint as Chak Yam Chau. For the sole purpose of clarity, this Court will refer to this individual as Defendant Chau.

[2] Counter-Plaintiffs apparently misspelled Ms. Chun's name in the Counterclaim as Michelle Chung.

2

husband, Michael Chow, on the operation and expansion of the restaurants, and including a general allegation that she "has engaged in substantial and not isolated activities and has committed tortious acts ... directly or through her agents or employees." Id., ¶ 12. Similarly, Michelle Chun is described as having "engaged in substantial and not isolated activities and has committed tortious acts ... either directly or through its [sic] agents and employees." Id., ¶ 13. The allegations as to defamation, found at ¶¶ 23 - 28, accuse the Counter-Defendants as having made certain statements "through their authorized agent." This is insufficient to sustain a claim for defamation against Mrs. Chow and Ms. Chun. Based on the above, it is

ORDERED AND ADJUDGED that the motion to dismiss filed by Counter-Defendants Eva Chow and Michelle Chun (Dkt No. 82) is GRANTED. The Counter-Claim against Eva Chow and Michelle Chun is DISMISSED, without prejudice.

The Court has reviewed Defendant Chau's (and others') request to extend deadlines to join parties (Dkt No. 94) until May 10, 2010, opposed by Plaintiffs. Plaintiffs argue that the parties jointly proposed a deadline of March 28, 2010, and that depositions of the parties already are scheduled for late April. In light of the Court's ruling today, Defendants' request is GRANTED, in part; the deadline to join parties or amend pleadings is extended until April 16, 2010;[3] the parties shall submit a new joint proposed scheduling order for the Court's review no later than April 9, consistent

---

[3]The Court notes that Plaintiffs have filed a motion for leave to file a Third Amended Complaint, which the Court is inclined to grant; however, as the motion may be opposed by certain Defendants, the Court will await the time for filing a response before ruling on this motion. If no response in opposition is filed, the motion for leave will be granted.

3

with the Court's rulings to date.

Finally, the following ten motions to compel have been filed:

* Defendants' (Chau and others) Motion to Compel (Dkt No. 71)
* Plaintiffs' Motion to Compel re: Interrogatories (Dkt No. 95)
* Plaintiffs' Motion to Compel re: Electronically Stored Information (Dkt No. 97)
* Plaintiffs' Motion to Compel re: unfair competition (Dkt No. 105)
* Plaintiffs' Motion to Compel re: business and financial records (Dkt No. 106)
* Plaintiffs' Motion to Compel re: requests for production to Chau,
    Nos. 1, 16-18, 25-28, 31-34, 36-37 (Dkt No. 109)
* Plaintiffs' Motion to Compel re: requests for production to Morfogen,
    Nos. 1, 6, 7, 14, 18, 21, 24, 26 (Dkt No. 110)
* Plaintiffs' Motion to Compel re: requests for productions to Hailey,
    Nos. 1, 18, 20, 27, 28 (Dkt No. 111)
* Plaintiffs' Motion to Compel re: requests for production to Dumitrescu,
    Nos. 1, 4, 18, 20, 23, 27, 28, 29, 30 (Dkt No. 112)
* Plaintiffs' Motion to Compel re: requests for production to entities,
    Nos. 1, 22, 24, 26  (Dkt No. 113)

And Defendants filed a Motion for Protective Order (Dkt No. 122) on March 30, 2010, relating to the upcoming depositions. The Court has determined that referral of all of these discovery matters to Magistrate Judge William C. Turnoff is appropriate. Pursuant to 28 U.S.C. §636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, the undersigned United States District Judge hereby refers all discovery-related motions, including those already filed - as identified above - and any to be filed, to the Honorable William C. Turnoff, United States Magistrate Judge, for all such judicial proceedings as are permissible.

DONE AND ORDERED in Chambers in Miami this 31st day of March 2010.

*[signature]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
counsel of record