UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER/TURNOFF

MICHAEL CHOW known as "MR. CHOW",
MR. CHOW ENTERPRISES, LTD., a California Limited Partnership,
MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability Company, and
TC VENTURES, INC., a New York Corporation,

    Plaintiffs,
v.

CHAK YAM CHAU,
STRATIS MORFOGEN,
DAVID LEE,
PHILIPPE MIAMI LLC, a Florida Limited Liability Company,
PHILIPPE NORTH AMERICA RESTAURANTS, LLC, a New York Limited Liability Company,
PHILIPPE RESTAURANT CORP., a New York Corporation,
DAVE 60 NYC, INC., a New York Corporation,
PHILIPPE EXPRESS LLC, a New York Corporation,
PHILIPPE WEST COAST LLC, a California Limited Partnership,
COSTIN DUMITRESCU,
MANNY HAILEY,
YAO WU FANG,
SUN CHUN HUI,
MARK CHENG, and
PING CHING KWOK,

    Defendants.
_____/

PHILIPPE CHOW [CHAK YAM CHAU],
PHILIPPE MIAMI LLC, a Florida Limited Liability Company,
PHILIPPE NORTH AMERICA RESTAURANTS, LLC, a New York Limited Liability Company,
PHILIPPE RESTAURANT CORP., a New York Corporation, and
DAVE 60 NYC, INC., a New York Corporation,
PHILIPPE EXPRESS LLC, a New York Corporation,
PHILIPPE WEST COAST LLC, a California Limited Company,

    Counter-Plaintiffs,
v.

MICHAEL CHOW,
MR. CHOW ENTERPRISE, LTD., a California Limited Partnership,
MC MIAMI ENTERPRISES, LLC, a Florida Limited Liability Company,
MC TRIBECA, LLC, a New York Limited Liability Company,

TC VENTURES, INC., a New York Corporation,
EVA CHOW, and
MICHELLE CHUN,

    Counter-Defendants.

_____/

## ORDER DENYING MOTION TO STRIKE AND DENYING MOTION TO DISMISS AS TO COUNTS IX, XI, XIII, AND XIV

This Cause comes before the Court on the motion to strike filed by Counter-Defendants Eva Chow and Michelle Chun, and on the Defendants' motion to dismiss several counts of the Third Amended Complaint.

Counter-Defendants Eva Chow and Michelle Chun have asked this Court to strike them as Counter-Defendants, arguing that Count I of the Amended Counterclaim, asserting defamation *per se*, is an untimely attempt to join these previously dismissed parties. Counter-Defendants also complain that they were deposed without knowing that they were to be renamed as Counter-Defendants. Counter-Plaintiffs ask for leave of the Court as to any untimely aspect of this claim, which the Court will grant. The Court has determined that the motion to strike shall be DENIED; the Court will address the defamation claim in a properly filed motion to dismiss or for summary judgment.

Defendants (Chak Yam Chau[1] and all other represented Defendants) argue that to the extent that any of the Plaintiffs' allegations in Counts IX, XI, XIII, and XIV are based on alleged unlawful compensation practices by Defendants, the Counts must be dismissed. Plaintiffs' allegations, simply stated, are that the Defendants' unlawful compensation practices resulted in an unfair advantage (gained through improper cost

---

[1] One of the Counter-Plaintiffs refers to himself as Philippe Chow or Philippe Chow Chau or Chef Pilippe, but also answered the Plaintiffs' complaint as Chak Yam Chau. For clarity, this Court refers to this individual as Defendant Chau.

2

reduction) for Defendants, and that such practices violate laws regulating competition. The Court addresses the arguments as to each Count, below.

### Count IX

Plaintiffs allege that all Defendants engaged in unfair competition, as defined in the common laws developed in Florida, New York, and California, by engaging in the following: "misrepresentation, reverse passing off, passing off, false advertising, using unfair and unlawful methods of compensation, and internet switching tactics, as well as engaging in corporate espionage." ¶ 154, Third Amended Complaint. Defendants argue that Count IX fails to include the specific element of consumer confusion and therefore should be dismissed. The Court notes that this Count could have been stated more properly, but the Count does include - by reference to ¶ 149, for example - a minimal statement as to consumer confusion and, as such, is not subject to dismissal.

### Counts XI and XIII

According to Plaintiffs, all Defendants have engaged in conduct that violates the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501 et seq. (FDUTPA), see Count XI. Defendants argue that Plaintiffs cannot satisfy the proximate cause requirement of FDUTPA by relying solely on allegations of unlawful compensation by Defendants as to Plaintiffs' former employees. The Court agrees, but finds that Count XI is described broadly enough to include other alleged acts by Defendants and the requisite causation and, therefore, dismissal is not warranted.

Similarly, in Count XIII, Plaintiffs have alleged that all Defendants' acts "in and affecting" California constitute unfair competition according to the California Business and Professions Code, Sections 17000 et seq., referencing the general allegations of

the complaint, as well as allegations contained in Counts VII, VIII, and IX. Although Plaintiffs' claims include allegations of unlawful compensation practices by Defendants, it is clear that such practices are not the only alleged acts constituting unfair competition. The Court finds that Count XIII is described broadly enough to include other alleged acts and the requisite causation and, thus, Count XIII is not subject to dismissal.

<u>Count XIV</u>

Plaintiffs claim that Defendants' acts constitute tortious interference with the Plaintiffs' advantageous relationships with their employees. Defendants seek dismissal of this claim for lack of standing by Plaintiffs to the extent that Plaintiffs seek relief for alleged unlawful compensation payments to Defendants' employees. The Court agrees with Defendants' argument, but again notes that the Count is sufficiently stated to include acts other than the unlawful compensation payments and, as such, is not subject to dismissal.

Finally, the motion for judgment on the pleadings, filed as to the Second Amended Complaint, is DENIED, as MOOT. The Motion for Leave to File Third Amended Complaint is GRANTED, *nunc pro tunc*.

DONE AND ORDERED in Chambers in Miami this 23 day of November 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

<u>Copies furnished:</u>
counsel of record