UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21893-CIV-HOEVELER/TURNOFF

MICHAEL CHOW known as "MR. CHOW" *et al.*,

 Plaintiffs,

v.

CHAK YAM CHAU *et al.*,

 Defendants.
_____

PHILIPPE CHOW *et al.*,

 Counter-Plaintiffs,

v.

MICHAEL CHOW known as "MR. CHOW" *et al.*,

 Counter-Defendants.
_____/

## EVA CHOW'S AND MICHELLE CHUN'S ANSWER TO AMENDED COUNTERCLAIM

 Counter-Defendants Eva Chow and Michelle Chun, together the "Answering Parties", hereby file their Answer and Affirmative Defenses to the Amended Counterclaim [Doc. 170] of Philippe Chau[1], Philippe Miami LLC, Philippe North America Restaurants, LLC, Philippe Restaurant Corp., Dave 60 NYC, Inc., Philippe Express, LLC, and Philippe West Coast LLC

---

[1] As alleged in the Third Amended Complaint, Defendant Chau has adopted the fictitious last name of "Chow" in order to fraudulently and deceptively suggest that Chau is the real Mr. Chow, or the "Chow" of Mr. Chow or his relative, or the former "Executive Chef" of the well known MR CHOW Restaurant. Thus upon information and belief "Chow" is not Defendant/Counter-Plaintiff Chau's legal last name and is improperly and deceptively set forth as such in the caption and body of the Amended Counterclaim.

[Doc. 168] (collectively the "Counter-Plaintiffs") in accordance with the headings and numbered paragraphs thereof, as follows:

## I.  NATURE OF THE ACTION

1. Answering Parties admit that Counter-Plaintiffs purport to state claims for slander per se, cancellation of one of the Plaintiffs' trademarks, and fraud on the United States Patent and Trademark Office.

## II.  PARTIES

2. Answering Parties deny that there exists a Defendant or Counterplaintiff in this action with the legal last name of "Chow".  If the intended Counter-Plaintiff referred to as "Philippe Chow" is Defendant Chau, upon information and belief Answering Parties admit that Defendant Chau is a citizen and resident of New York, but deny that his legal last name is "Chow".  Answering Parties are without sufficient knowledge or information to form a belief as to the remaining allegations, and therefore Answering Parties deny the remaining allegations in Paragraph 2 of the Amended Counterclaim.

3. Upon information and belief, Answering Parties admit the allegations in Paragraph 3 of the Amended Counterclaim.

4. Upon information and belief, Answering Parties admit the allegations in Paragraph 4 of the Amended Counterclaim.

5. Upon information and belief, Answering Parties admit the allegations in Paragraph 5 of the Amended Counterclaim.

6. Upon information and belief, Answering Parties admit the allegations in Paragraph 6 of the Amended Counterclaim.

7. Answering Parties admit Michael Chow, known as "Mr. Chow," is a resident of

California and an owner of the MR CHOW Restaurants, and is managing member of MC Miami Enterprises, LLC.  Answering Parties admit that Michael Chow regularly conducts business in this federal district through MC Miami Enterprises, LLC.  Answering Parties deny the remaining allegations of Paragraph 7 of the Amended Counterclaim.

8. Answering Parties admit that Mr Chow Enterprises, Ltd. is a California limited liability partnership that operates the MR CHOW restaurant located in Beverly Hills, California.  Answering Parties deny the remaining allegations of Paragraph 8 of the Amended Counterclaim.

9. Answering Parties admit TC Ventures, Inc. is a New York corporation that operates the MR CHOW restaurant located in mid-town Manhattan, New York.  Answering Parties deny the remaining allegations of Paragraph 9 of the Amended Counterclaim.

10. Answering Parties admit MC Tribeca, LLC is a New York limited liability company that operates the MR CHOW restaurant located in New York's Tribeca. Answering Parties deny the remaining allegations of Paragraph 10 of the Amended Counterclaim.

11. Answering Parties admit Plaintiff MC Miami Enterprises, LLC is a Florida limited liability company that operates the MR CHOW restaurant located in Miami Beach, Florida.  Answering Parties deny the remaining allegations of Paragraph 11 of the Amended Counterclaim.

12. Answering Parties state that the deposition transcript is the best evidence of Eva Chow's testimony at deposition and state that the allegations as to Eva Chow and her purported testimony at deposition, including that she "collaborates" with Michael Chow, are vague and Answering Parties therefore deny those allegations and deny the remaining allegations contained in Paragraph 12 of the Amended Counterclaim.

13. Answering Parties state that the deposition transcript is the best evidence of

Michelle Chun's testimony at deposition and the allegations as to Michelle Chun and her purported testimony at deposition are vague and Answering Parties therefore deny those allegations and deny the remaining allegations contained in Paragraph 13 of the Amended Counterclaim.

### III. JURISDICTION AND VENUE

14.     Answering Parties admit this Court has jurisdiction over the subject matter of this lawsuit under the Lanham Act, 15 U.S.C. § 1116(a), which gives Plaintiffs Mr. Chow and the MR CHOW Restaurants civil remedies for Defendants' violations. Thus, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. The remaining allegations of Paragraph 14 of the Amended Counterclaim call for a legal conclusion to which no responsive pleading is required, but in an abundance of caution Answering Parties deny the remaining allegations.

15.     Answering Parties refer to and incorporate herein as their response to Paragraph 15 of the Amended Counterclaim the response of the Defendants/Counter-Plaintiffs to Paragraph 17 of the Third Amended Complaint which contains the same allegation.

16.     Answering Parties do not contest that venue is proper as to the Answering Parties in this district, but deny the remaining allegations of Paragraph 16 of the Amended Counterclaim. Answering Parties deny the allegations of Paragraph 16 of the Amended Counterclaim as to Eva Chow and Michelle Chun.

17.     Answering Parties do not contest personal jurisdiction over them in this action, but deny the remaining allegations of Paragraph 17 of the Amended Counterclaim. Answering Parties deny the allegations of Paragraph 17 of the Amended Counterclaim as to Eva Chow and Michelle Chun.

## IV. GENERAL ALLEGATIONS

18.     Answering Parties are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the Amended Counterclaim, and therefore Answering Parties deny the allegations.

19.     Answering Parties are without sufficient knowledge or information to form a belief as to the allegations regarding Defendant/Counter-Plaintiff Chau from prior to his employment at the MR CHOW restaurant in Midtown Manhattan and therefore deny those allegations.  Answering Parties admit that Defendant/Counter-Plaintiff Chau was employed at the MR CHOW restaurant in Midtown Manhattan from 1980 until his resignation in 2005. Answering Parties deny the remaining allegations of Paragraph 19 of the Amended Counterclaim.

20.     Answering Parties admit that Defendant/Counter-Plaintiff Chau was employed at the MR CHOW restaurant in Midtown Manhattan from 1980 until his resignation in 2005. Answering Parties deny the remaining allegations of Paragraph 20 of the Amended Counterclaim.

21.     Answering Parties admit that Defendant/Counter-Plaintiff Chau resigned his employment at the MR CHOW restaurant in Midtown Manhattan in September of 2005. Answering Parties deny the remaining allegations of Paragraph 21 of the Amended Counterclaim.

22.     Answering Parties are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 22 of the Amended Counterclaim as to restaurants that were "opened" by Defendant/Counter-Plaintiff Chau, and therefore Answering Parties deny the allegations in Paragraph 22 of the Amended Counterclaim.

23. Answering Parties deny the allegations in Paragraph 23 of the Amended Counterclaim to the extent they pertain to Eva Chow and Michelle Chun.

24. Answering Parties deny the allegations in Paragraph 24 of the Amended Counterclaim to the extent the statements are alleged to have been made by Eva Chow and Michelle Chun, and to the extent the remaining allegations in Paragraph 24 of the Amended Counterclaim pertain to Eva Chow and Michelle Chun.

25. Answering Parties deny the allegations in Paragraph 25 of the Amended Counterclaim to the extent they pertain to Eva Chow and Michelle Chun.

26. Answering Parties deny the allegations in Paragraph 26 of the Amended Counterclaim to the extent they pertain to Eva Chow and Michelle Chun.

27. Answering Parties deny the allegations in Paragraph 27 of the Amended Counterclaim to the extent they pertain to Eva Chow and Michelle Chun.

28. Answering Parties deny the allegations in Paragraph 28 of the Amended Counterclaim to the extent the statements are alleged to have been made by Eva Chow and Michelle Chun, and to the extent the remaining allegations in Paragraph 28 of the Amended Counterclaim pertain to Eva Chow and Michelle Chun.

29. Answering Parties state that the federally registered MR CHOW mark with U.S. Registration Number 1,160,402 is owned by Mr Chow Enterprises and deny that the mark was issued to Michael Chow as alleged in Paragraph 29 of the Amended Counterclaim. Answering Parties further state that the records of the United States Patent and Trademark Office regarding the federally registered MR CHOW mark with U.S. Registration Number 1,160,402 speak for themselves and are the best evidence as to the issuance and purported use of that mark, and therefore deny the allegations of Paragraph 29 of the Amended Counterclaim to the extent the

allegations are inconsistent with such records.

30. Answering Parties state that the records of the United States Patent and Trademark Office regarding the federally registered MR CHOW mark with U.S. Registration Number 1,160,402 speak for themselves and are the best evidence as to the bases for the granting of that mark, and therefore deny the allegations of Paragraph 30 of the Amended Counterclaim to the extent the allegations are inconsistent with such records.

31. Answering Parties deny that Michael Chow made any false representations to the United States Patent and Trademark Office in connection with the federally registered MR CHOW mark with U.S. Registration Number 1,160,402, and therefore deny the allegations of Paragraph 31 of the Amended Counterclaim.

32. Answering Parties deny that Michael Chow made any false representations to the United States Patent and Trademark Office in connection with the federally registered MR CHOW mark with U.S. Registration Number 1,160,402, and therefore deny the allegations of Paragraph 32 of the Amended Counterclaim.

33. Answering Parties deny that Michael Chow made any false representations to the United States Patent and Trademark Office in connection with the federally registered MR CHOW mark with U.S. Registration Number 1,160,402, and therefore deny the allegations of Paragraph 33 of the Amended Counterclaim.

34. Answering Parties state that the allegations of Paragraph 34 of the Amended Counterclaim that the word "chow" is a "generic" word for food and that it is "among the most…generic" Chinese surnames are vague and ambiguous and Answering Plaintiffs therefore deny those allegations. Answering Parties deny the remaining allegations of Paragraph 34 of the Amended Counterclaim.

35. Answering Parties deny the allegations of Paragraph 35 of the Amended Counterclaim.

36. Answering Parties deny that the federally registered mark with U.S. Registration Number 1,160,402 has become "generic" and therefore deny the allegations in Paragraph 36 of the Amended Counterclaim. Answering Parties further respond as to the allegations in Paragraph 36 of the Amended Counterclaim regarding trademarks containing the word "chow" that the records of the United States Patent and Trademark Office regarding such marks speak for themselves and are the best evidence as to such marks, and therefore deny the allegations of Paragraph 36 of the Amended Counterclaim to the extent the allegations are inconsistent with such records. Answering Parties are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 36 of the Amended Counterclaim as to businesses using the word "chow" in their name, and therefore Answering Parties deny the allegations. Answering Parties deny the remaining allegations of paragraph 36 of the Amended Counterclaim.

37. Answering Parties deny that the federally registered mark with U.S. Registration Number 1,160,402 has become "generic" and therefore deny the allegations in Paragraph 37 of the Amended Counterclaim. Answering Parties are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 37 of the Amended Counterclaim as to the purportedly "overwhelming number" of restaurants and restaurant carry out services using the word "chow" in their name, and Answering Parties deny the allegations of Paragraph 37 on this basis as well. Answering Parties deny the remaining allegations of Paragraph 37 of the Amended Counterclaim.

38. Answering Parties state that they own and/or are authorized to use the federally

registered MR CHOW mark with U.S. Registration Number 1,160,402. Answering Parties deny the remaining allegations of Paragraph 38 of the Amended Counterclaim.

## COUNT I
## DEFAMATION PER SE
### (Against all Defendants)

39. Answering Parties incorporate their Answers to Paragraphs 1–28 as their Answer to Paragraph 39 of the Amended Counterclaim.

40. Answering Parties deny the allegations in Paragraph 40 of the Amended Counterclaim.

41. Answering Parties deny the allegations in Paragraph 41 of the Amended Counterclaim.

42. Answering Parties deny the allegations in Paragraph 42 of the Amended Counterclaim.

43. Answering Parties deny the allegations in Paragraph 43 of the Amended Counterclaim.

The allegations contained in the WHEREFORE clause following Paragraph 43 of the Amended Counterclaim call for a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Answering Parties deny the allegations in the WHEREFORE clause and deny that Counter-Plaintiffs have stated a prayer for relief.

## COUNT II
## CANCELLATION OF REGISTRATION
### (Against Michael Chow and the MR CHOW Restaurants)

44. Answering Parties incorporate their Answers to Paragraphs 1–16 and 29-38 as their Answer to Paragraph 46 of the Amended Counterclaim.

45. Answering Parties are not named in this Count and so no response should be

9

required; to the extent a response is required, the Answering Parties deny the allegations in this paragraph.

The allegations contained in the WHEREFORE clause following Paragraph 45 of the Amended Counterclaim call for a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Answering Parties deny the allegations in the WHEREFORE clause, deny that Counter-Plaintiffs are entitled to seek cancellation of or to cancellation of the federally registered MR CHOW mark with U.S. Registration Number 1,160,402, and deny that Counter-Plaintiffs have stated a prayer for relief or are entitled to any relief.

## COUNT III
### DAMAGES FOR FALSE OR FRAUDULENT REGISTRATION
(Against Michael Chow and the MR CHOW Restaurants)

46. Answering Parties incorporate their Answers to Paragraphs 1–22 and 29-38 as their Answer to Paragraph 46 of the Amended Counterclaim.

47. Answering Parties are not named in this Count and so no response should be required; to the extent a response is required, the Answering Parties deny the allegations in this paragraph.

48. Answering Parties are not named in this Count and so no response should be required; to the extent a response is required, the Answering Parties deny the allegations in this paragraph.

49. Answering Parties are not named in this Count and so no response should be required; to the extent a response is required, the Answering Parties deny the allegations in this paragraph.

The allegations contained in the WHEREFORE clause following Paragraph 49 of the

Amended Counterclaim call for a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Answering Parties deny the allegations in the WHEREFORE clause and deny that Counter-Plaintiffs have stated a prayer for relief.

## GENERAL DENIAL

Answering Parties deny each and every allegation of fact, conclusion of law, or other matter contained in the Amended Counterclaim that has not been expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

At this time, Counter-Defendants Eva Chow and Michelle Chun assert the following Defenses and Affirmative Defenses to the Amended Counterclaim as follows:

## COUNT I

1. Count I fails to state a claim upon which relief may be granted against the Answering Parties.

2. Counter-Plaintiffs' damages are limited by the applicable law under which they are brought.

3. Counter-Plaintiffs by their own actions are responsible, in whole or in part, for any alleged damages in this case.

4. Any injury sustained by Counter-Plaintiffs was not proximately caused by any act or omission of Counter-Defendants Eva Chow and Michelle Chun.

5. Counter-Plaintiffs' defamation claim fails, in whole or in part, because of the absence of publication due to invited defamation.

6. Counter-Plaintiffs' claim of defamation is unsupported by the material facts necessary to support their claim and/or the claim is unsupported by the existing law material to the alleged facts.

7. Counter-Plaintiffs bear the burden of proving falsity and some or all of the alleged

defamatory statements that might otherwise be regarded as defamatory were justified by way of truth.

8. Count I is barred because any statements of the nature alleged are subject to the litigation privilege and therefore not actionable.

9. Count I is barred by the doctrine of qualified privilege because any statements of the nature alleged were made in good faith by persons having an interest in their subject matter and/or a duty to speak on the issues alleged.

10. All alleged defamatory statements were made without malice.

11. Any alleged defamatory statements were not made by any Answering Party or any employee of any Answering Party and therefore no Answering Party is liable for any such statements.

12. Counter-Plaintiffs' claim of defamation fails, in whole or in part, because no Counter-Plaintiff's reputation was damaged by any alleged statements.

13. Counter-Plaintiffs' defamation claim is barred because they have failed to allege that any Counterplaintiff suffered special damages as a result of any alleged defamation, entitlement to which is specifically denied.

14. Count I is barred because the statements alleged are matters of opinion and therefore not actionable.

15. Any alleged defamation by any alleged agent of Mr. Chow and/or the MR CHOW Restaurants which allegedly affected Counter-Plaintiffs or any of them was: without the authority, knowledge, approval, or ratification of Counter-Defendants Eva Chow and Michelle Chun; and outside the scope of any agency relationship with Eva Chow and Michelle Chun.

16. Counter-Plaintiffs or some of them are public figures or limited public figures and

Counter-Plaintiffs cannot establish actual or constitutional malice as to some or all of the alleged defamatory statements, barring Counter-Plaintiffs' claims.

17. Reasonable grounds for the alleged unnamed agent's allegedly defamatory statements existed and such statements were not negligently made, barring Counter-Plaintiffs' claims.

18. The speech at issue involved a matter of public concern and Counter-Plaintiffs cannot establish actual malice as to some or all of the alleged defamatory statements and therefore may not obtain presumed damages.

19. The purported statements of the alleged unnamed agent were and are protected by the First Amendment of the United States Constitution.

20. The alleged defamatory statements about Counterplaintiff Chau did not carry any defamatory meaning to those who heard or read the remarks as to each or any of the other Counter-Plaintiffs.

21. Counter-Plaintiffs' entitlement to damages, if any, is barred or diminished by their failure to mitigate any alleged damages.

22. Count I is barred by the privilege of fair comment and/or fair and true report.

23. Count I is barred by the doctrine of unclean hands, because Counter-Plaintiffs have variously behaved in an inquitable and illegal manner with respect to the Answering Parties, as set forth in the Plaintiffs' Third Amended Complaint, including without limitation through the illegal compensation and benefits (including unreported cash payments) to Counter-Plaintiffs' employees, and concerning which Counter-Plaintiff principals David Lee and Michael Reda, Defendant Kwok, and Counterplaintiff employee Jason Lee *asserted the Fifth Amendment privilege against self-incrimination and declined to respond to questions at deposition a*

13

*collective 276 times*.

## PRESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Answering Parties hereby reserve the right to assert all additional defenses and affirmative defenses as may become applicable as this case proceeds.

WHEREFORE, Answering Parties request judgment in their favor dismissing Counter-Plaintiffs' claims with prejudice, and awarding Answering Parties their costs and reasonable attorneys' fees as allowed by law.

Dated:  December 20, 2010.

        Respectfully submitted,

        GREENBERG GLUSKER FIELDS
        CLAMAN & MACHTINGER LLP
        Bertram Fields, Esq. (*pro hac vice*)
        E-mail: bfields@greenbergglusker.com
        1900 Avenue of the Stars, 21st Floor
        Los Angeles, CA  90067-4590
        Telephone:     (310) 553-3610
        Facsimile:     (310) 553-0687

        COLSON HICKS EIDSON
        Roberto Martinez, Esq.
        E-mail: bob@colson.com
        Curtis Miner, Esq.
        E-mail: curt@colson.com
        255 Alhambra Circle, Penthouse
        Coral Gables, FL 33134
        Telephone:     (305) 476-7400
        Facsimile:     (305) 476-7444

        By: ____s/ Curtis Miner_____
            Curtis Miner, Esq.
            (Florida Bar No. 885681)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 20, 2010, on the attached Service List in the manner specified.

                                               __s/Curtis Miner_____
                                                  Curtis Miner, Esq.

## SERVICE LIST
### Michael Chow, et. al. v. Chak Yam Chau, et. al.
### Case No. 09-21893-Civ-Hoeveler/Turnoff
### United States District Court, Southern District of Florida

Lyle E. Shapiro, Esq.
lshapiro@richmangreer.com
Mark A. Romance, Esq.
mromance@richmangreer.com
Ethan J. Wall, Esq.
ewall@richmangreer.com
RICHMAN GREER P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 373-4000
Facsimile:      (305) 373-4099

*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, David Lee, Philippe Miami LLC, Philippe North America Restaurants, LLC, and Philippe Restaurant Corp., Davé 60 NYC, Inc., Philipe Express, LLC, Philippe West Coast, LLC, Costin Dumitrescu, Manny Hailey, Yao Wu Fang, and Ping Ching Kwok*
**Via CM/ECF**

Greg M. Herskowitz, Esq.
greg@pinecresttitle.com
GREG HERSKOWITZ, P.A.
9130 South Dadeland Boulevard
PH1A
Miami, Florida  33156
Telephone:     (305) 423-1258
Facsimile:      (305) 670-3884

*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, David Lee, Philippe Miami LLC, Philippe North America Restaurants, LLC, and Philippe Restaurant Corp., Davé 60 NYC, Inc., Philipe Express, LLC, Philippe West Coast, LLC, Costin Dumitrescu, Manny Hailey, Yao Wu Fang, and Ping Ching Kwok*
**Via CM/ECF**

Matthew A. Cuomo, Esq.
mcuomo@cuomollc.com
CUOMO, LLC
9 East 38th Street
New York, New York  10016
Telephone:     (212) 448-9933
Facsimile:      (212) 448-9943

*Attorneys for Defendants Chak Yam Chau, Stratis Morfogen, David Lee, Philippe Miami LLC, Philippe North America Restaurants, LLC, and Philippe Restaurant Corp., Davé 60 NYC, Inc., Philipe Express, LLC, Philippe West Coast, LLC, Costin Dumitrescu, Manny Hailey, Yao Wu Fang, and Ping Ching Kwok*
**Via CM/ECF**

Mark Cheng, *Pro Se*
1795 Ribbon Fan Lane
Naples, Florida  34119
**Served via U.S. Mail**