UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-21893-CV-HOEVELER/TURNOFF

MICHAEL CHOW, known as "Mr. Chow,"
et al,.

      Plaintiffs,

vs.

CHAK YAM CHAU, et al.,

      Defendants.
_____/
PHILIPPE CHOW, et al.,

      Counter-Plaintiffs,

vs.

MICHAEL CHOW, et al.,

      Counter-Defendants,
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Sanctions Pursuant to Rule 37 **[DE203]**, Plaintiffs' Motion for Contempt Pursuant to Rule 37 **[DE204]**, and a prior Order of Referral entered by the Honorable William M. Hoeveler. A hearing on these Motions **[DE203, 204]** took place before the undersigned on Monday, February 28, 2011.

Upon review of the Motions **[DE203, 204]**, the Consolidated Response **[DE207]**, the Replies **[DE215, 216]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

In their Motions **[DE203, 204],** Plaintiffs seeks sanctions and a contempt order as to alleged non-compliance by Defendants of certain court orders. Specifically, the discovery at issue became

the subject of approximately nine (9) motions to compel. **[DE 95, 97, 105, 106, 109, 110, 112,& 113]**. The Court conducted a hearing on these Motions on June 11, 2011. All Motions were granted, resolved or otherwise deemed moot. **[DE191]**. Pursuant to the Court's order, compliance on the motions to compel was to take place within ten (10) days. Id.

According to Plaintiffs, they agreed to several extensions of time as to compliance based upon what they believed, at the time, to be good faith representations by Defendants. **[DE203]**. At some point, Defendants represented that their production was complete. Plaintiffs now contend that its review of the voluminous production reveals that Defendants delayed and/or failed to produce certain documents. For these reasons, among others, Plaintiffs now seek sanctions and a contempt order.

Defendants, on the other hand, argue that they have made a good faith effort to comply with the Court's Order. **[DE207]**. For example, Defendants claim to have produced 8,300 pages of responsive documents within ten (10) days of the Order. Id. These documents included, *inter alia*, state and federal tax returns, licenses, menus, handbooks, and food preparation videos. Id. According to Defendants, multiple documents were subsequently produced over a three month period of time. Id. In this regard, Defendants note that Plaintiffs' own expert calculates that over 30,000 documents have been produced.

Alternatively, Defendants argue that the Motions should be denied, because Plaintiffs failed to meet and confer prior to filing of the Motions as required by S.D.Fla.L.R. 7.1.

Upon review of the Motions **[DE 203, 204]**, the Consolidated Response **[DE207]**, the Replies **[DE 215,216]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned finds that neither sanctions, nor an order of contempt are warranted

at this time. Here, it does appear that compliance took place over the course of several months. However, given the nature of this case, the voluminous document requests, and the various production formats at issue, at least in this Court's view, Defendants have made a good faith effort to comply in a timely fashion, but were simply unable to do so.

In this connection, the undersigned has observed first hand the parties' – *via* present and prior counsel – diligent work and willingness to narrow and/or resolve certain issues between them throughout the course of the litigation. In particular, the undersigned recalls the parties spending many hours in the Court's jury room where significant progress was made on many discovery issues.

Consistent with the above and foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motions **[DE 203, 204]** are **DENIED** *without prejudice.*

It is **FURTHER ORDERED AND ADJUDGED** that pursuant to the Court's instructions as stated in open Court, Defendants are to prepare and submit affidavits, under penalty of perjury, regarding their compliance efforts, as well as the specific documents that they claim are not within their custody and control. Compliance shall be forthwith. If responsive documents are located, same shall likewise be produced forthwith.

**DONE AND ORDERED** in Chambers at Miami, Florida on this ___ day of March 2011.

WILLIAM C. TURNOFF
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. William M. Hoeveler, Senior United States District Judge
Counsel of Record