**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-21893-CIV-HOEVELER/TURNOFF**

**MICHAEL CHOW known as "MR. CHOW", et al.,**

> **Plaintiffs/Counter-Defendants,**

**v.**

**CHAK YAM CHAU,**

> **Defendants/Counter-Plaintiffs.**
> _____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT
## AND OTHER PRE-TRIAL MOTIONS

THIS CAUSE comes before the Court on the pending pre-trial motions.  The Court heard extensive argument from counsel at a pre-trial conference on January 18, 2012.  Having considered the motions and argument, the Court enters the following rulings.

As stated at the conference, Counter-Defendants' motion for summary judgment as to the claim of defamation (Count I of the counterclaim) by Eva Chow and Michelle Chun is GRANTED.  Eva Chow and Michelle Chun are dismissed from this action.

In addition, the Court has determined that Counter-Defendants' motion for summary judgment as to the claimed damages for alleged false or fraudulent registration of the trademark "Mr. Chow" (Count III of the counterclaim) shall be GRANTED.

As to Defendants' motion for summary judgment, the Court hereby

GRANTS the motion, in part, as to the claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 (Count XI of the Third Amended Complaint), and the California Business and Professions Code, Sections 17200 *et seq.* (Count XIII), to the extent that such claims rely exclusively on alleged unlawful compensation practices by Defendants as to their own employees.  Specifically, Plaintiffs have failed to establish that their alleged damages were the result of Defendants' alleged unlawful compensation practices and, thus, have failed to demonstrate the existence of essential elements of these claims.  The Court also finds that there is no dispute as to material facts regarding the alleged tortious interference with the relationship between Plaintiffs and Plaintiffs' employees (Count XIV), and Defendants are entitled to summary judgment as Plaintiffs have failed to establish an essential element of the claim.

The Court has determined that the motion for summary judgment shall be DENIED as to all other claims.

Defendants' motion to exclude the testimony of Negreira, and Plaintiffs' motion to strike the testimony of Thornburg are DENIED, without prejudice to renew the arguments at trial.

As to the arguments contained in the Plaintiffs' motion *in limine*, the parties have agreed that Defendants will not address the issue of Defendant Chau

having been attacked at his home. The Court also finds no reason to permit testimony as to a non-party's compliance with federal income tax provisions, nor as to alleged gambling activities of Mr. Chow nor any such activities taking place in his restaurants. Plaintiffs' request to exclude evidence of the FLSA claim brought by Defendant Costin Dumitrescu (and subsequently settled) is DENIED. As to the remaining arguments in the motion *in limine* filed by Plaintiffs, the Court DENIES the motion, without prejudice to renew at trial.

Defendants' motion *in limine* is GRANTED as to the claims made in 1997 against Defendant Morfogen. Defendants' motion *in limine* is DENIED, without prejudice to renew at trial, as to evidence of alleged unlawful compensation. The Court is inclined to exclude evidence of alleged unlawful compensation practices by Defendants, and at most will permit such evidence to be introduced only to the extent that Plaintiffs link the evidence directly to their claimed damages.

Finally, the Court notes that Plaintiffs have offered to dismiss Defendant Costin Dumitrescu from this case, but the parties have not provided a joint stipulation as to that dismissal. Similarly, Plaintiffs have offered to dismiss the case against the four Chef Defendants, Yao Wu Fang, Sun Chun Hui, Mark Cheng, and Ping Ching Kwok. The Court will enter an order dismissing these four Defendants upon submission of a joint stipulation for such dismissal (and such order also will dismiss Count XV as it is brought against only the Chef

Defendants).  In addition, the Court notes that Plaintiffs other than Mr. Chow

Enterprises have abandoned their claims for trademark infringement.


Counsel are directed to appear at 9:30 a.m. on Monday, Jan. 23, 2012, for

the commencement of trial.

DONE AND ORDERED in Chambers in Miami this 20th day of January 2012.


*[signature]*

_____

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
counsel of record