UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-21893 CIV HOEVELER/TURNOFF

MICHAEL CHOW, et al.,

    Plaintiff(s),

vs.

CHAK YAM CHAU, et al.

    Defendant(s).
_____/

**DEFENDANTS RESPONSE TO PLAINTIFFS OPPOSITION TO THE
MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT**

Pursuant to Fed. R. Civ. P. 50(b), Defendants Davé 60 NYC, Inc. (hereinafter "Davé 60") and Stratis Morfogen (hereinafter "Morfogen"), through counsel, file this Response to Plaintiffs Opposition to their Motion for Judgment Notwithstanding the Verdict and in support of this Response state as follows:

    **I.    INTRODUCTION.**

The Plaintiffs have filed an Opposition to the Defendants Davé 60 and Morfogen's Motion for Judgment Notwithstanding the Verdict. [D.E. 365]. In their Motion for Opposition, the Plaintiffs basically repeat the standard of finding them liable under statutory False Advertising and Common Law Unfair Competition based on False Advertising. The Defendants will rely on the previously filed Motion for Judgment Notwithstanding the Verdict as to the appropriate standard and required proof that the Plaintiffs failed to meet and prove at Trial in order for a Jury to have found the Defendants liable. [D.E. 363].

The Defendants will focus on the Plaintiffs TC Ventures, Inc. and Michael Chow's failure to prove causation and that a reliable method of calculating damages was used at Trial to calculate damages and double recovery as it relates to False Advertising under Lanham and Common Law

Unfair Competition by falsely advertising. These were the only two claims that the Jury found Davé 60 and Morfogen liable. These issues were addressed in Paragraph IV of Plaintiffs Opposition.

## II. PLAINTIFFS FAILED TO PRESENT ANY EVIDENCE AS TO DAMAGES SUSTAINED AS A DIRECT RESULT OF FALSE ADVERTISING.

The Plaintiffs make a very weak attempt to demonstrate to this Court that they actually presented damages that were directly related to False Advertising. The Plaintiffs actually state "Michael Chow and Sergio Negreira both testified at length about substantial damages at Trial." [D.E. 365] at Page 16. However, they do not cite to any Trial Testimony from either Michael Chow or Sergio P. Negreira, Jr., C.P.A. that in any way links specific dollar damages to False Advertising or Common Law Unfair Competition. The reason they do not cite to this testimony is because it does not exist.

Actually, there is direct testimony from Michael Chow that he does not know how many customers were confused by the infamous "Google ad" that the Plaintiffs allege was part of the False Advertising that the Defendants were liable for. [D.E. 31] at Page 52. Michael Chow then testified that he did not know the exact damages for any of the claims and is relying on his Expert, Mr. Negreira who will come into Court with a chart that will clear up the damages. [D.E. 311] at Page 40. Mr. Negreira actually testified that he never even calculated damages for Michael Chow individually because he wasn't asked to do it. [D.E. 318] at Page 107.

When the undersigned realized that Michael Chow had no knowledge about the damages related to False Advertising under the Lanham Act and the undersigned inquired about who was going to testify in Court about those damages. The Plaintiffs attorney objected stating that it was his determination not Michael Chow and the Court sustained the objection. This prevented the undersigned from finding out whether or not these damages even existed. [D.E. 311] Page 52l; and [D.E. 311] at Page 53. Clearly, the Plaintiffs attorney objected because he knew that there was no

person with this knowledge because they did not exist.  Even after Trial, the undersigned does not believe that the Plaintiffs attorney could call a witness that can testify to the specific damages that were suffered by Michael Chow or his companies as a result of the False Advertising and Claim for Unfair Competition.

Mr. Negreira also testified that he considered TC Ventures, Inc. the owner of the restaurant located at 57th Street in New York.  [D.E. 318], Page 108.  Therefore, this begs the question how could the Jury have found that Michael Chow was damaged individually based on False Advertising under the Lanham Act and Common Law Unfair Competition if he did not own the restaurant that was allegedly damaged?  The Plaintiffs only response to this question was Michael Chow was awarded a different amount and therefore, it is clear the Jury is not making the same award twice.  This is as weak as arguments get.  Clearly, the Jury was confused because Michael Chow perjured himself at Trial and the Plaintiffs attorney concedes in the Response that TC Ventures, Inc. is the owner of the Restaurant located at 57th Street in New York and not the landlord as Michael Chow testified to at Trial.  [D.E. 365] at Page 17.

The Plaintiffs also argue that since $500,000.00 is a minimal amount, the Jury could have believed that Michael Chow couldn't sell his restaurant and/or could use the money for remedial advertising.  There was no evidence of the cost of remedial advertising presented at Trial and any alleged loss value of the sale of the company was pure speculation.

Plaintiffs Michael Chow and TC Ventures, Inc., failed to present evidence that would permit a reasonable jury to find in their favor.  Plaintiffs are not entitled to an award of Defendants' profits because it failed to set forth proof of Defendants' sales.  On direct examination, Plaintiff Michael Chow, who was proffered as a "damage expert," testified that he did does not know Defendants' profits. [D.E. 305] 171:15-20; Trial Transcript Taken on January 26, 2012. ("No.  I don't know your client's profits").

Plaintiff Michael Chow further testified that he does not know the amount of damages that he personally, nor MC Miami Enterprises, L.L.C., were damaged. [D.E. 305] 172:4-9; Transcript of Jury Trial Taken on January 26, 2012. Instead, Plaintiff Michael Chow sought an award of damages based on a "ballpark number." [D.E. 305] 36:1-3; Transcript of Jury Trial Taken on January 26, 2012

Throughout the Trial, Plaintiffs have consistently demonstrated that it has failed to proffer proof of its actual damages and furthermore a causal link between those damages and Defendants' actions. Plaintiffs' damage expert, Sergio Negreira, relied on Plaintiff Michael Chow's damage calculations, which as previously discussed were speculative at best, and more significantly did not demonstrate a causal link between those speculative damages and Defendants' actions. [D.E. 344] 41:3-4; Transcript of Jury Trial Taken on February 15, 2012. ("I also consulted with the foremost expert in this area which is Mr. Chow").

Furthermore, the Plaintiffs Michael Chow and TC Ventures, Inc. lacked standing to bring a False Advertising claim under the Lanham Act. Pursuant to Fed. R. Civ. P. 50(b), Defendants respectfully renew its motion to ask the Court to enter judgment as a matter of law with regard to Plaintiffs claimed standing. Plaintiffs failed to present evidence that would permit a reasonable jury to find in their favor. In order to bring a False Advertising claim under the Lanham Act, the plaintiff must be a "registrant," a term that only encompasses the trademark registrant and its "legal representatives, predecessors, successors and assigns." 15 U.S.C. § 1127. Trademark licensees thus typically do not have standing to sue under the Lanham Act. *See Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 531 (7th Cir. 1998). A narrow exception exists only for "exclusive licensees" to protect the trademark from infringement. *See Westowne Shoes, Inc. v. Brown Group, Inc.,* 104 F.3d 994, 997 (7th Cir.1997). To determine whether a licensee is "exclusive," courts examine whether the *license agreement* contains any duties or restrictions on the use of the mark. *See Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG,* 165 F.3d 526, 531 (7th Cir.1998). With regard to standing, Congress' intent is clear; the purpose of the

Lanham Act "evinces a congressional intent to limit standing to a narrow class of potential plaintiffs possessing interests the protection of which furthers th[e] congressionally stated purpose" and denying standing to "parties that have *not* had their competitive or commercial interests affected by the defendant's conduct." *Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1332 (11th Cir. 2008) (internal quotation and citation marks omitted); *see also Conte Bros. Auto., Inc. v. Quaker State–Slick 50, Inc.*, 165 F.3d 221, 234 (3d Cir. 1998) (explaining that the Lanham Act's standing requirements are codifications of the common law standing requirements).

By Order, dated January 20, 2012, the Court makes clear that the only Plaintiff that has a trademark infringement claim is Plaintiff Mr. Chow Enterprises Ltd, and as such all other Plaintiffs do not have a trademark claim. *Michael Chow, et. al. v. Chak Yam Chau, et. al.*, United States District Court, Southern District of Florida, Case No.: 09-21893-civ-Hoeveler/Turnoff (Order Jan. 20, 2012) (unpublished) ("In addition, the Court notes that Plaintiffs other than Mr. Chow Enterprises have abandoned their claims for trademark infringement"). In the instant action, Plaintiff Michael Chow transferred the "MR. CHOW" mark from him individually to Mr. Chow Enterprises, Ltd. [D.E. 305] 4:20-22; Transcript of Jury Trial Taken on January 26, 2012. On direct examination, Plaintiff Michael Chow testified that he thought—but was not sure—there was a license agreement between all of the companies. [D.E. 305] 21:18-23; Transcript of Jury Trial Taken on January 26, 2012. ("I think that company also – there's a license – I think, I'm not sure. But I think there is a license agreement between all the companies, all – all the restaurants – all the restaurant I cloned are licensed to the main – the owner of the trademark, which is in California, which is Mr. Chow Enterprises, Limited, yes"). Plaintiffs have failed to produce documentary or other evidence that Plaintiff Michael Chow or any other Plaintiff has properly licensed the "MR. CHOW" mark from Mr. Chow Enterprises, Ltd. to any other restaurant bearing the "MR. CHOW" mark. Accordingly, Plaintiffs other than Plaintiff Mr. Chow Enterprises, Ltd. are not licensees under the Lanham Act. Therefore, Michael Chow and TC Ventures,

Inc. lacked standing to sue for False Advertising under the Lanham Act and the Unfair Competition Claim was solely based on the use of the trademark "MR. CHOW."

### III. UNRELIABLE TESTIMONY OF MICHAEL CHOW AND SERGIO NEGREIRA AS TO DAMAGES.

In *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court rejected the previous rule of law requiring "general acceptance" of a theory to be admissible. Instead, the Court looked to Rule 702, F.R.E., to address the admissibility of expert testimony. The Daubert Court held that the Court is to act as a "gatekeeper" and determine whether expert testimony should be presented, consistent with Rule 702. Daubert addressed the admissibility of scientific testimony and identified a nonexclusive list of criteria a court might use in assessing proffered expert testimony including: (1) whether the expert's methods can be or have been tested; (2) whether the methods have been subjected to peer review in publications; (3) whether the known or potential rates of error of the expert's methods are acceptable; (4) whether the degree of acceptability of the expert's methods and the relevant scientific community warrants admission of the testimony. *Id.* at 594-595.

In 1999, the Supreme Court again spoke on the issue of expert testimony in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The *Kumho Tire* Court expanded Daubert to provide that the trial judge's general "gate-keeping" obligation applies not only to testimony based upon "scientific" knowledge, but also to testimony based on "technical" and "other specialized" knowledge. The Court held that a trial court may consider one or more specific factors identified in Daubert to determine that testimony's reliability. *Id.* at 140. The Court warned that "[w]here such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, the trial court must determine whether the testimony has a "reliable basis in the knowledge and experience of the [relevant] discipline.'" *Id.* at 149.

The Federal Rules of Evidence were amended in 2001, and Rule 702 now provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principals and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702, F.R.E.

As part of its gate-keeping role under Rule 702, a Court is tasked with reviewing the proffered expert opinion testimony prior to submitting it to the trier of fact. The proponent of expert testimony bears the burden of showing the expert offered is qualified to opine on the matters addressed, that the methodology used is reliable, and that the testimony will assist the trier of fact. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). A witness relying solely on experience must still offer reliable opinions--merely being an "expert" is not enough. *Id.* at 1261. The Committee Note to the 2000 Amendments of Rule 702 expressly provides, "if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." The trial court's gate-keeping function requires more than simply 'taking the expert's word for it." *Frazier,* 387 F.3d at 1261.

As set forth previously in this Motion, Michael Chow and his expert Sergio Negreira did not testify as to any reliable methodology of damages as they related to False Advertising under the Lanham Act or Common Law Unfair Competition. Therefore, the Jury's award was based on inadmissible damage calculations because they were not reliable.

IV.     **DOUBLE RECOVERY.**

The Supreme Court has instructed, "the courts can and should preclude double recovery by an individual." *See Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980). Accordingly, "no duplicating

recovery of damages for the same injury may be had. *See White v. United States*, 507 F.2d 1101, 1103 (5th Cir. 1975). By the Jury's Verdict, dated February 23, 2012, the resulting damages award in the amount of $520,451.00 against Defendant Davé 60 and in favor of the Plaintiff Mr. Chow Restaurant in New York City (57th Street) and in the amount of $500,000.00 against Defendant Morfogen and in favor of Plaintiff Michael Chow are improper because they provide Plaintiffs a duplicative award for the same alleged wrongdoing. Plaintiff Davé 60 is the principle corporation of which Plaintiff Stratis Morfogen is a member. As such, the damage award is a windfall for Plaintiffs. Therefore, the Court may appropriately reverse the jury's findings and enter judgment as a matter of law against Plaintiffs.

This Court and counsel actually all agreed that any Judgment Michael Chow would obtain individually would surmount to double recovery if any of his Corporation also recovered a Judgment. [D.E. 355] 8:25; 9:1-10; 10:22-25; 11:1-17; and also at 14:13-15. The fact that the Plaintiffs counsel sat there and did not object to the undersigned statement and the Courts agreement is clear evidence that they agreed at that time. However, they do not even address this point in their Response because they know it is a fact. Therefore, at a minimum this Court should set aside the Judgment that was awarded to Michael Chow Individually based on Double Recovery.

### V.  CONCLUSION

Based on the foregoing, Defendants respectfully demand judgment as a matter of law against Plaintiffs Michael Chow, individually and TC Ventures, Inc. for False Advertising and Common Law Unfair Competition based on False Advertising as a result of Plaintiffs Michael Chow and TC Ventures, Inc. failure to establish damages to a reasonable degree of certainty as it relates to False Advertising or Common Law Unfair Competition, failure to prove that they actually had standing to even sue the Defendants for these claims and at a minimum a reduction of the damage award as a result of double recovery and any further relief as the Court may deem just and proper.

Respectfully submitted on this 23rd day of April, 2012.

          LAW OFFICES OF ANTHONY ACCETTA, P.A.

          *Counsel for the Defendants*
          Southeast Financial Center
          200 S. Biscayne Boulevard, Suite 2930
          Miami, FL 33131
          Telephone: (305) 579-0100
          Facsimile: (305) 579-0104
          Email: law@anthonyaccetta.com

        By: /s/Anthony Accetta
          **ANTHONY ACCETTA, ESQUIRE**
          Florida Bar No: 148318

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

  I HEREBY CERTIFY that on this 23rd day of April, 2012; I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        By: /s/Anthony Accetta
          **ANTHONY ACCETTA, ESQUIRE**
          Florida Bar No: 148318
          law@anthonyaccetta.com

## SERVICE LIST

*Michael Chow, et al. v. Chak Yam Chau, et al.*
**Case No: 09-21893 CIV HOEVELER/TURNOFF**
United States District Court, Southern District of Florida

**Curtis B. Miner, Esquire**
curt@colson.com
*Counsel for the Plaintiff(s)*
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (305) 476-7400

**Bertram Field, Esquire**
bfields@greenbergglusker.com
*Counsel for Plaintiff(s)/Counter-Defendant(s)*
GREENBERG GLUSKER FIELDS, ET AL.
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 900067-4590
Telephone: (310) 553-3610

**Vincent J. Ancona, Esquire**
vja@anconalaw.com
*Counsel for the Defendant(s) — Pro Hac Vice*
ANCONA ASSOCIATES
220 Old Country Road
Mineola, NY 11501

**Mark Cheng**
1795 Ribbon Fan Lane
Naples, FL 34119