UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-21893 CIV HOEVELER/TURNOFF

MICHAEL CHOW, et al.,

     Plaintiff(s),

vs.

CHAK YAM CHAU, et al.

     Defendant(s).

_____/

## DEFENDANTS RESPONSE TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION FOR ATTORNEYS' FEES AND COSTS

     Defendants, Philippe Chow Chau (hereinafter "Philippe Chow"), Stratis Morfogen, David Lee, Manny Hailey, Costin Dumitrescu, Dave' 60, NYC, Inc., Philippe Miami, L.L.C. and Philippe West Coast, L.L.C. by and through their undersigned counsel and pursuant to this Court's Order and the parties agreement, herein submits this Response to the Plaintiffs Opposition to the Defendants Motion for Attorney Fees and Taxable Costs.

### I.     INTRODUCTION

     Defendants filed their Motion for Attorney Fees and taxable costs on March 19, 2012. [D.E. 364]. The Plaintiffs filed a Response in Opposition to the Defendants Motion for Attorney Fees and costs on April 9, 2012. [D.E. 366].

     Unfortunately, the Plaintiffs continue to try and mislead this Court into somehow believing that the Plaintiffs are the prevailing party. The undersigned will once again set forth in this response all of the evidence and facts that clearly demonstrates that the Defendants are the "Prevailing Party" and are entitled to their attorney fees and costs. The law and facts that will be

set forth below are undisputed and the undersigned hopes that the Plaintiffs will finally concede that the Defendants are the prevailing party and are entitled to their attorney fees and costs.

The undersigned realizes that this Court has read all of the parties Motions and conducted the over Four Week Trial.  However, because of the complex nature of the case and the fact that the Plaintiffs continuously try to ignore all of the parties that sued and were sued in this case and the central issues that were won by the Defendants at great expense.  The undersigned is going to break down each claim and each party one by one to hopefully stop the Plaintiffs from playing the "smoke screen tactic" of litigation that has cost the Defendants Millions of Dollars in expenses and has almost put them out of business.

## II.   UNDISPUTED PREVAILING DEFENDANTS

### a.   INDIVIDUAL DEFENDANTS

#### PHILIPPE CHOW

The Plaintiffs Michael Chow, individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C. and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued Philippe Chow Individually claiming that Philippe Chow assumed the fictitious name "Chow" for the sole purpose of passing himself off as the real Mr. Chow in order to confuse the public.  They also accused Philippe of stealing all of the Plaintiffs recipes, décor, noodle show, unfairly competing by paying illegal cash payments to his employees, stealing the names of the dishes on the Plaintiffs menus and lying about the fact that he was a Head Chef.

It is undisputed that the above accusations and claims brought against Philippe Chow were "**the significant issues litigated at either Summary Judgment, Directed Verdict or submitted to the Jury in this case.**"   It is also undisputed that Philippe Chow "prevailed" on everyone one of these issues.  This Court actually granted Summary Judgment on behalf of Philippe Chow for

the issues of illegal compensation (under FDUPTA and the California Code), tortious interference and directed a verdict on the Trade Secrets (recipes).  There is no dispute that the Plaintiffs recovered a total of ($0.00) from Philippe Chow, Individually.

The Plaintiffs state in their Response to the Philippe Chow's Motion for Attorney Fees and Costs that since Philippe lost his counterclaims then the Plaintiffs are the prevailing party.  The law on that issue is actually the exact opposite.  The counterclaims that were brought by Philippe Chow were based on one common law count for Defamation that does not entitle either party to attorney fees and is only considered as to the issue of taxable costs and deregistration of the trademark "Mr. Chow" where no monetary damages were sought. Furthermore, the Plaintiffs actually argued in their Motion for Summary Judgment [D.E. 252] that under 15 U.S.C. § 1120, neither party would be entitled to attorney fees or costs.  However, in their Motion in Opposition, they claim that they prevailed on the defense of this Lanham claim so they are the prevailing party for purposes of attorney fees and costs?  This is in direct contradiction to their previously filed Motion for Summary Judgment.

Regardless, the law in Florida is clear where this case was tried that a Defendant that defeats the Plaintiffs Complaint and loses his counterclaim is stilled considered the "prevailing party." *F.V. Scutti v. Daniel E. Adache & Associates Architects P.A*., 515 So.2d 1023 (4th DCA 1987).   In the 11th Circuit, the Court's have consistently held that in order to determine the prevailing party the Courts must apply the "central issues in the case" test. *Sherry Manufacturing Company, Inc. v. Towel King of Florida, Inc.,* 822 F.2d 1031 (11th Cir. 1987).  In *Sherry* the Defendant prevailed against the Plaintiff in a copyright infringement case and the Plaintiff successfully defended the counterclaim brought by the Defendant.   The court clearly and unequivocally held that since the Defendant prevailed on the "central issue" in the case the

Defendant was the prevailing party. The court reasoned that since the Defendant remained free to manufacture and distribute the towel design that had allegedly infringed upon the Plaintiffs copyright, it must be the prevailing party.

Similarly, in the present case, if the Plaintiff would have won the "central issue" then Philippe Chow would not have been able to continue to use his name Philippe Chow on any of his restaurants and would not be able to continue to cook and sell the food that he has been making for almost Thirty (30) years. Clearly, he prevailed on the "central issues" in the case.

Therefore, this Court should award Philippe Chow all of his attorney fees and costs under the Federal Statutes and State Statutes cited in the previously filed Motion for Attorney Fees and Costs [D.E. 364]. The Plaintiffs have not set forth any case that would find otherwise.

## **DAVID LEE**

The Plaintiffs Michael Chow, Individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C. and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued David Lee individually claiming that David Lee conspired with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in order to confuse the public. They also accused David Lee of stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the dishes and unfairly competing by paying illegal cash payments to his companies employees.

They actually deposed David Lee's Son, Jason Lee and inquired about whether or not David Lee, his father, was involved in illegal gambling and what his role was in the alleged illegal cash payments being made to the company's employees. They also went as far as accusing Jason Lee personally of being involved in the alleged scheme to make illegal cash payments to the restaurants employees. This is just an example of how malicious the Plaintiffs were throughout

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

this case. Clearly, they had no regard for the personal life of David Lee and his family, simply to try and gain an unfair advantage in this litigation. This is bad faith at its best and is the reason why the law allows for attorney fees and costs for the sole purpose of stopping Plaintiffs from suing someone without any legal basis and for the sole purpose of attempting to gain a legal advantage through intimidation.

It is undisputed that David Lee defeated all of the Plaintiffs claims in the present action and David Lee did not assert any counterclaims even though that would not make a difference under the previously cited law. The undersigned just feels it necessary to state the obvious in order to point out how absurd the Plaintiffs position that they are the prevailing party against all of the Defendants.

## **MANNY HAILEY**

The Plaintiffs Michael Chow, Individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C. and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York), sued Manny Hailey Individually claiming that Manny Hailey also conspired with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in California in order to confuse the public. They also accused Manny Hailey of stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the dishes and unfairly competing by paying illegal cash payments to the Plaintiffs employees to steal them away from the Plaintiffs.

After over Two and a Half (2 ½) years of litigation where the Plaintiffs have always maintained that Manny Hailey was personally responsible for stealing and acting illegally in order to unfairly compete against the Plaintiffs restaurants, the Plaintiffs attorney actually apologizes to Manny Hailey in open court and states that he did nothing wrong. [D.E. 301]  This is after the

Plaintiffs had several opportunities to dismiss Manny Hailey from this lawsuit and opposed several Motions to Dismiss including a Motion for Summary Judgment that he personally filed to be dismissed in his individual capacity. They actually forced Manny Hailey to incur the expense of attending the Trial and having to continue to incur attorney fees and costs to defend himself individually against a damage claim that was over Twenty-One (21) Million Dollars. The Plaintiffs may not think that is a lot of money but to Manny Hailey it was his entire livelihood.

The Plaintiffs acted in bad faith in filing this lawsuit against Manny Hailey individually and there was absolutely no evidence presented at Trial that Manny Hailey did anything personally to the Plaintiffs. The Plaintiffs attorney's apology is evidence that they even realized he should not have been sued personally but they still insisted that he be placed on the Verdict. The undersigned can assure this Court, that if the Plaintiffs obtained a Judgment against Manny Hailey individually they would be seeking all of their attorney fees and costs from him personally.

It is undisputed that Manny Hailey defeated all of the Plaintiffs claims in the present action and Manny Hailey did not assert any counterclaims against the Plaintiffs even though that would not make a difference as stated previously. Therefore, Manny Hailey is entitled to all of his attorney fees and costs that he incurred in this case.

## COSTIN DUMITRESCU

The Plaintiffs Michael Chow, individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued Costin Dumitrescu individually claiming that Costin Dumitrescu conspired with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in order to confuse the public. They also accused Costin Dumitrescu of stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

dishes and unfairly competing by paying illegal cash payments to employees.  As this court is aware, they sued Costin Dumitrescu for over Twenty Million Dollars individually and litigated against him for over Two and Half (2 ½) years.

However, the Plaintiffs after knowing that they were going to lose on Summary Judgment because Costin Dumitrescu had a Settlement Agreement where the Plaintiff Michael Chow and TC Ventures, Inc. agreed not to sue him for any of the alleged acts that took place in this case voluntarily dismissed him on January 27, 2012.  [D.E. 307]  This was Four (4) days after the Trial started and is another example of the Plaintiffs bad faith in this case.   How does a Plaintiff who is aware of the fact that they agreed not to sue a person because of a written settlement agreement decide to sue them anyway and then when that party sees that the Court is about to rule against them, decides to voluntarily dismiss them 4 days after the Trial began.

Clearly, Costin Dumitrescu is a prevailing party in this case and is entitled to all of his attorney fees and costs he has incurred as a result of the Plaintiffs frivolous and legally barred claims.  *Nukote International, Inc. v. Office Depot, Inc.*, 2010 WL 4942838 (S.D. Florida); *Thornber v. City of Fort Walton Beach*, 568 So.2d 914, 919 (Fla. 1990); *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).

In addition to the statutory authority cited in the previously file Motion for Attorney Fees and Costs [D.E. 364], that entitles him to his attorney fees and costs.  The Plaintiffs except MC Miami Enterprises, L.L.C., are required to pay his attorney fees and costs under Section 18 of the Settlement Agreement dated July 25, 2008.  As this Court was made aware at the Hearing on the Motion for Summary Judgment, the Settlement Agreement involves other Plaintiffs and is confidential.   However, if this Court requests to see the Settlement Agreement, then the

undersigned shall provide a copy to this Court for an in chamber review.  Therefore, this Court should award Costin Dumitrescu all of his attorney fees and costs.

### b.     CORPORATE DEFENDANTS

### PHILIPPE WEST COAST, L.L.C.

The Plaintiffs Michael Chow, Individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C. and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued Philippe West Coast, L.L.C. claiming that it conspired with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in California in order to confuse the public.  They also accused Philippe West Coast, L.L.C. of stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the dishes and unfairly competing by paying illegal cash payments to its employees to gain an unfair advantage over the Plaintiffs and paid illegal cash payments to the Plaintiffs employees to steal them away from the Plaintiffs.

However, this Court and the Jury disagreed.  The Plaintiffs lost all of their claims either by Summary Judgment, Directed Verdict or Jury Verdict against Philippe West Coast, L.L.C. Therefore, Philippe West Coast is the prevailing party and is entitled to all of its attorney fees and costs.

### PHILIPPE MIAMI, L.L.C.

The Plaintiffs Michael Chow, Individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C. and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued Philippe Miami, L.L.C. claiming that it conspired with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in Florida in order to confuse the public.  They also accused Philippe Miami, L.L.C. of

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the dishes and unfairly competing by paying illegal cash payments to its employees to gain an unfair advantage over the Plaintiffs and paid illegal cash payments to the Plaintiffs employees to steal them away from the Plaintiffs.

However, this Court and the Jury disagreed.  The Plaintiffs lost all of their claims either by Summary Judgment, Directed Verdict or Jury Verdict against Philippe Miami, L.L.C.  Therefore, Philippe Miami,  L.L.C. is the prevailing party and is entitled to all of its attorney fees and costs.

### III.    DISPUTED PREVAILING DEFENDANTS

### STRATIS MORFOGEN

The Plaintiffs Michael Chow, Individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C. and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued Stratis Morfogen individually claiming that Stratis Morfogen was the "master mind" behind the conspiracy with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in order to confuse the public and steal all of the Plaintiffs customers.  They also accused Stratis Morfogen of stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the dishes, unfairly competing by paying illegal cash payments to his companies employees and for false advertising.

This Court granted Summary Judgment on his behalf against all of the Plaintiffs as it related to the illegal cash payments that was a "central issue" in this case.  The record establishes that the Plaintiff and Defendants have filed approximately seven different motions and responses (over One Hundred pages worth)  [D.E. 105]; [D.E. 106]; [D.E. 115]; [D.E. 148]; [D.E. 313]; [D.E. 129]; and [D.E. 164] that dealt directly with the alleged illegal cash payments.  Furthermore, the Depositions taken in this case also focused a great deal on the illegal cash payments and was

Law Offices of Anthony Accetta, P.A. | 200 S. Biscayne Boulevard, Suite 2930, Miami, FL 33131

the reason for the extensive costs associated with said Depositions.   This Court also granted Summary Judgment as to Tortious Interference that was inextricably intertwined with the illegal cash payments.

This Court then granted a Directed Verdict on his behalf as it related to Trade Secrets which were all of the alleged stolen recipes that was a "central issue" litigated at Trial. Specifically, the Plaintiffs called Michael Chow who made a mockery of the Court with his testimony on the "secret" recipes, Michelle Chun who dedicated most of her testimony in Deposition and at Trial to the alleged "secret recipes."   She testified how the chefs had special training and all of the recipes were secret and she had written a cookbook that was kept in a "safe." Then they called Kwok Wing Hor, Man "Eddie" Fai Wong, Chin Man Lam "Johnny," Hou Lam "Dickey" Fung, and Delin Wu who all testified at length about the "secret recipes" their specialized training on how to make the "secret food." The record in this case is clear that the "Trade Secret" claim was a "central issue" and a "significant issue" that was litigated at the Trial.

The fact that Stratis Morfogen prevailed on a Directed Verdict entitles him to his attorney fees and costs under New York Law.  The Plaintiffs claim that New York Civil Procedure should not apply because it was tried in Federal Court is unsupported and the Plaintiffs have failed to cite to any Rule of Procedure, Statute or case law that supports their position. They brought an action under a New York Statute and requested that this Court take jurisdiction over that claim.[1] However, now after losing because they failed to bring their claim within the Statute of Limitations they are requesting that this Court not to apply the correct procedure under New York

---

[1]    See Plaintiffs Third Amended Complaint [D.E. 134]; § 17, where the Plaintiffs requested that this Court exercise its jurisdiction over "all related state law claims under 28 U.S.C. § 1367".

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

law.  Obviously, this Court applied New York's Statute of Limitations when it granted Stratis Morfogen a Directed Verdict because the Plaintiffs were suing under a New York Statute.

The Jury then entered a Verdict in favor of Stratis Morfogen on all of the "central and significant issues" that were tried in this case.  Specifically, the Jury found that Stratis Morfogen did not infringe on the Plaintiff Mr. Chow Enterprises, Ltd.'s Trademark (using the name Philippe Chow on his restaurants), did not steal the names on the menus, the banquettes (bench seating), did not steal the noodle show, did not violate Florida Deceptive and Unfair Trade Practices Act, did not violate the California Business and Professions Code and did not convert intellectual property.  Furthermore, the Jury found that he did not cause any damage to the Plaintiff Mr. Chow Enterprises Ltd, MC Miami Enterprises, L.L.C. and TC Ventures, Inc. for false advertising or common law unfair competition.  Therefore, it is undisputed that Stratis Morfogen prevailed against Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C. and TC Ventures, Inc.  These Plaintiffs cannot assert that they prevailed against Stratis Morfogen because they did not recover anything despite asking for over Twenty Million Dollars ($20,000,000.00).

The only Plaintiff that was awarded monies by the Jury against Stratis Morfogen was Michael Chow, individually and this was under only one claim that would allow him to seek attorney fees and costs if he can prove exceptional circumstances and that was for False advertising under the Lanham act which was not a "central and significant" issue in this case.  The entire Trial the Plaintiff Michael Chow continuously argued and presented evidence that Stratis Morfogen was a thief and he stole everything from him and he wanted the Jury to stop him from ever selling the food, using the name on his restaurants Philippe Chow, using the names of his signature dishes on his menus, using the noodle show in his restaurants, forcing him to remove the bench seats in any of his restaurants and seeking a damage award that would force him out of

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

business.   Obviously, based on this Court's ruling and the Jury Verdict, he FAILED.   The Plaintiffs claim that the Defendants math is fuzzy but this math is clear Stratis Morfogen prevailed on Four Lanham Claims[2] and the FDUPTA claim (the statutes that entitle Stratis Morfogen to his attorney fees) against Michael Chow individually and is therefore, entitled to all of his attorney fees because he is the prevailing party under the law.

The Plaintiffs cite to case law that suggests that even if a Plaintiff recovers minimal monetary award they are the Prevailing party.   However, they ignore the simple fact that the Plaintiff in those cases still has to prevail on the "central and significant" issues in the case.   The case law cited by the Plaintiffs and followed by the 11th Circuit do not use the monetary award as a guide to who is the prevailing party.   They use the "central and significant" issue test and the Plaintiff Michael Chow has lost the "central and significant" issues in this case.   This Court should also consider the fact that Michael Chow had no standing to sue in this case to begin with and definitely has no right to claim damages for False Advertising and unfair competition when he is not the registered owner or licensee of the "trademark" or the actual owner[3] of any of the Mr. Chow Restaurants. Furthermore, Michael Chow or his expert did not present any evidence that linked actual damages as a result of the alleged False Advertising. This will be further discussed in Stratis Morfogen's Motion to Set Aside the Verdict but should be considered in determining the prevailing party.   Finally, if Michael Chow truly is the prevailing party under his Lanham claims then why is he moving for a New Trial?

---

[2]      The undersigned understands that the Plaintiffs are bringing a claim for Injunctive Relief for Dilution under the Lanham Act; however, this claim was abandoned by the Plaintiffs when they decided not to litigate this claim at Trial.  This Court should consider this claim dismissed.

[3]      The Plaintiffs like to confuse a shareholder of a corporation that owns a restaurant with a shareholder that claims he and his corporation own the restaurant.  The undersigned is still baffled by the Plaintiffs position that this dual ownership can actually exist and that they both can claim damages for the same wrong?

The Plaintiffs also claim that since Stratis Morfogen did not prevail on all of the claims he is not a prevailing party under FDUPTA.  The part they are missing is the fact that FDUPTA claim is a separate and distinct claim that was brought by Michael Chow in Florida and he lost all of his claims in Florida.  Therefore, the case they are relying on does not apply because that was a Breach of Contract claim and FDUPTA claim brought in Florida where the Plaintiff prevailed on its Breach of Contract claim.  In the present case, Michael Chow brought Sixteen (16) Claims against Stratis Morfogen under State and Federal law in Florida and lost all of them including FDUPTA.  The Plaintiffs are also suggesting that if a Defendant does not win a monetary judgment under FDUPTA they are not the prevailing party.  However, they have completely ignored the case law previously cited by Stratis Morfogen in his Motion for Attorney Fees and Costs and actually cited to in the Plaintiff Response in Opposition. [D.E. 364] and [D.E. 366] . *See Humane Soc'y of Broward Cnty., Inc.* v. *Fla. Humane Soc'y,* 951 So. 2d 966 (Fla. 4th DCA 2007) (affirming award of attorney's fees where trial court properly exercised its discretion). Furthermore, an award of fees and costs under FDUTPA in favor of a prevailing Defendant does not require any showing that the claim was frivolous or brought in bad faith. *Id.* at 971 (rejecting argument that a stricter standard should apply to prevailing defendants absent clear statutory language to that effect).

The Plaintiffs also claim that the Defendants failed to establish entitlement to attorney fees because the Defendants have made no reference to the relevant factors that are required, therefore the request for attorney fees under FDUPTA should not be considered.  However, the Plaintiffs actually cite to the same case setting forth the relevant factors that was previously cited in Defendants Motion for Attorney Fees.

The Plaintiffs should reconsider their position before the Hearing on this Motion because

the undersigned believes any argument along those lines would be in bad faith and in direct contradiction of Florida law.

Furthermore, it is well settled in Florida, that where a Plaintiff brings a multicount Complaint and asserts claims to which attorney fees apply.  Regardless, if the Plaintiff may have recovered on some of its claims the Defendant should still be considered the prevailing party on the claims that entitle it to attorney fees.  *Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, Ltd.* 563 So.2d 719 (5th DCA 1990).  This really is common sense.

Therefore, based on the above facts, it is undisputed that Stratis Morfogen is the prevailing party in this case and should be awarded all of his attorney fees and costs.

## DAVE 60' NYC, INC.

The Plaintiffs Michael Chow, individually, Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C., MC Tribeca, L.L.C and TC Ventures, Inc. (the Mr. Chow Restaurant located at 57th Street in New York) sued Dave 60' NYC, Inc., claiming that Dave' 60, Inc. conspired with Philippe Chow and the other Defendants for the sole purpose of passing Philippe Chow off as the real Mr. Chow in order to confuse the public and steal all of the Plaintiffs customers.  They also accused Dave' 60 NYC, Inc. of stealing all of the Plaintiffs recipes, décor, noodle show, stealing the names of the dishes, unfairly competing by paying illegal cash payments to its employees and for false advertising.

This Court granted Summary Judgment on its behalf against all of the Plaintiffs as it related to the illegal cash payments that was a "central issue" in this case.  The record establishes that the Plaintiff and Defendants filed filed approximately seven different motions and responses ([D.E. 105]; [D.E. 106]; [D.E. 115]; [D.E. 148]; [D.E. 313]; [D.E. 129]; and [D.E. 164]) that dealt directly with the alleged illegal cash payments.  Furthermore, the Depositions taken in this case

focused a great deal on the illegal cash payments and was the reason for the extensive costs associated with said Depositions. This court also granted Summary Judgment as to Tortious Interference that was inextricably intertwined with the illegal cash payments.

This Court then granted a Directed Verdict on its behalf as it related to Trade Secrets which were all of the alleged stolen recipes that was a "central issue" litigated at Trial. Specifically, the Plaintiffs called Michael Chow who made a mockery of the Court with his testimony on the "secret" recipes, Michelle Chun who dedicated most of her testimony in Deposition and at Trial to the alleged "secret recipes." She testified how the chefs had special training and all of the recipes were secret and she had written a cookbook that was kept in a "safe." Then they called Kwok Wing Hor, Man "Eddie" Fai Wong, Chin Man Lam "Johnny," Hou Lam "Dickey" Fung, and Delin Wu who all testified at length about the "secret recipes" their specialized training on how to make the "secret food." The record in this case is clear that the "Trade Secret" claim was a "central issue" and a "significant issue" that was litigated at the Trial.

The fact that Dave' 60, NYC, Inc. prevailed on a Directed Verdict entitles it to attorney fees and costs under New York Law. The Plaintiffs claim that New York civil procedure should not apply because it was tried in Federal court is unsupported and the Plaintiffs have failed to cite to any Rule of Procedure, Statute or case law that supports their position. They brought an action under a New York Statute and requested that this court take jurisdiction over that claim.[4] However, now after losing because they failed to bring their claim within the Statute of Limitations they are requesting that this Court not to apply the correct procedure under New York law. Obviously, this

---

[4]        See Plaintiffs Third Amended Complaint [D.E. 134]; § 17, where the Plaintiffs requested that this Court exercise its jurisdiction over "all related state law claims under 28 U.S.C. § 1367".

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

Court applied New York's Statute of Limitations when it granted Dave' 60, NYC, Inc. a Directed Verdict because the Plaintiffs were suing under a New York Statute.

The Jury then entered a Verdict in favor of Dave' 60 NYC, Inc., on all of the "central and significant issues" that were tried in this case.  Specifically, the Jury found that Dave' 60, NYC, Inc., did not infringe on the Plaintiff Mr. Chow Enterprises, Ltd.'s trademark (using the name Philippe Chow on its restaurant), did not steal the names on the menus, the banquettes (bench seating), did not steal the noodle show, did not violate Florida Deceptive and Unfair Trade Practices Act, did not violate the California Business and Professions Code and did not convert intellectual property.  Furthermore, the Jury found that it did not cause any damage to the Plaintiff Mr. Chow Enterprises Ltd., MC Miami Enterprises, L.L.C. and Michael Chow individually for false advertising or common law unfair competition.  Therefore, it is undisputed that Dave' 60, NYC, Inc. prevailed against Mr. Chow Enterprises, Ltd., MC Miami Enterprises, L.L.C. and Michael Chow, Individually.  These Plaintiffs cannot assert that they prevailed against Dave' 60, NYC, Inc. because they did not recover anything despite asking for over Twenty Million Dollars ($20,000,000) in damages.

The only Plaintiff that was awarded monies by the Jury against Dave 60, NYC, Inc. was TC Ventures, Inc. and this was under only one claim that would allow the Plaintiff TC Ventures, Inc. to seek attorney fees and costs if it can prove exceptional circumstances and that was for False Advertising under the Lanham act which was not a "central and significant" issue in this case.  The entire Trial the Plaintiff Michael Chow continuously argued and presented evidence that Dave' 60 NYC, Inc. was formed to steal everything from him and his companies and he wanted the Jury to stop it from ever selling the food, using the name on its restaurant Philippe Chow, using the names of his signature dishes on its menus, using the noodle show in its restaurant, forcing it to remove

the bench seats in its restaurant and seeking a damage award that would force it out of business. Obviously, based on this Court's rulings and the Jury Verdict, TC Ventures, Inc. FAILED.

The Plaintiffs claim that the Defendants math is fuzzy but this math is clear Dave' 60, Inc. prevailed on Four Lanham Claims[5] and the FDUPTA claim (the statutes that entitle Dave' 60, NYC, Inc., to its attorney fees) against TC Ventures, Inc. and is therefore, entitled to all of its attorney fees and costs because it is the prevailing party under the law.

The Plaintiffs cite to case law that suggests that even if a Plaintiff recovers minimal monetary award they are the Prevailing party. However, they ignore the simple fact that the Plaintiff in those cases still has to prevail on the "central and significant" issues in the case. The case law cited by the Plaintiffs and followed by the 11th Circuit do not use the monetary award as a guide to who is the prevailing party. They use the "central and significant" issue test and the Plaintiff TC Ventures, Inc. has lost the "central and significant" issues in this case. This Court should also consider the fact that TC Ventures, Inc., had no standing to sue in this case to begin with and definitely has no right to claim damages for False Advertising and Unfair Competition when it is not the registered owner or licensee of the "trademark." Furthermore, TC Ventures, Inc. failed to actually link any damages to false advertising and the Jury lacked the required evidence to even enter an award in its favor based solely on false advertising. This will be further discussed in Dave' 60, NYC, Inc.'s Motion to Set Aside the Verdict but should be considered in determining the prevailing party. Finally, if TC Ventures, Inc., truly is the prevailing party under its Lanham claims then why is it moving for a New Trial?

The Plaintiffs also claim that since Dave' 60 NYC, Inc., did not prevail on all of the claims

---

[5]        The undersigned understands that the Plaintiffs are bringing a claim for injunctive relief for Dilution under the Lanham Act; however, this claim was abandoned by the Plaintiffs when they decided not to litigate this claim at Trial. This Court should consider this claim dismissed.

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

it is not a prevailing party under FDUPTA. The part they are missing is the fact that FDUPTA

claim is a separate and distinct claim that was brought by Michael Chow in Florida and he lost all

of his claims in Florida. Therefore, the case they are relying on does not apply because that was a

Breach of Contract claim and FDUPTA claim brought in Florida where the Plaintiff prevailed on

its Breach of Contract claim. In the present case, TC Ventures, Inc., brought Sixteen Claims

against Dave' 60, NYC, Inc. under State and Federal law in Florida and lost all of them including

FDUPTA.

      The Plaintiffs are also suggesting that if a Defendant does not win a monetary judgment

under FDUPTA they are not the prevailing party. However, they have completely ignored the case

law previously cited by Dave' 60, NYC, Inc., in its Motion for Attorney Fees and Costs and

actually cited to in the Plaintiff Response in Opposition. [D.E. 364] and [D.E. 366] *See Humane*

*Soc'y of Broward Cnty., Inc.* v. *Fla. Humane Soc'y,* 951 So. 2d 966 (Fla. 4th DCA 2007) (affirming

award of attorney's fees where trial court properly exercised its discretion). Furthermore, an award

of fees and costs under FDUTPA in favor of a prevailing Defendant does not require any showing

that the claim was frivolous or brought in bad faith. *Id.* at 971 (rejecting argument that a stricter

standard should apply to prevailing defendants absent clear statutory language to that effect).

      The Plaintiffs also claim that the Defendants failed to establish entitlement to attorney fees

under FDUPTA because the Defendants have made no reference to the relevant factors that are

required, therefore the request for attorney fees under FDUPTA should not be considered.

However, the Plaintiffs actually cite to the same case setting forth the relevant factors that was

previously cited in Defendants Motion for Attorney Fees.

      The Plaintiffs should reconsider their position before the hearing on this Motion because

the undersigned believes any argument along those lines would be in bad faith and in direct

contradiction of Florida law.

Furthermore, it is well settled in Florida, that where a Plaintiff brings a multicount Complaint and asserts claims to which attorney fees apply.  Regardless, if the Plaintiff may have recovered on some of its claims the Defendant should still be considered the prevailing party on the claims that entitle it to attorney fees.  *Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, Ltd.* 563 So.2d 719 (5th DCA 1990).  This really is common sense.

Therefore, based on the above facts, it is undisputed that Dave' 60 NYC, Inc. is the prevailing party in this case and should be awarded all of its attorney fees and costs.

### IV.    UNDISPUTED STANDARD FOR PREVAILING PARTY

The Federal Courts in the Eleventh Circuit and the Florida State Courts apply the "significant issues test," defining "prevailing party" as the party that prevails **"on the significant issues tried before the court."**  *Moritz v. Hoyt Enters., Inc.,* 604 So. 2d 807, 810 (Fla. 1992); *Lehman Bros. Holdings, Inc.* v. *Hirota,* No. 8:06-cv-2030-T-24MMS, 2008 WL 4791717, 2 (M.D. Fla. 2008).

### V.    UNDISPUTED STANDARD FOR ENTITLEMENT TO TAXABLE COSTS

Defendants seek an award of the taxable costs incurred in defending this action.  Rule 54(d)(1), of the Federal Rules of Civil Procedure provides that "[unless a federal statute, these rules, or a Court order provides otherwise, costs should be allowed to the prevailing party." According to judicial interpretation, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981); see also *Mercy v. Cnty, of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984) ("The award of costs against a losing party is a normal incident of civil litigation and is the rule rather than the exception"). The prevailing party is entitled to recover, under Rule 54(d), the specific costs allowed under 28 U.S.C. § 1920.

LAW OFFICES OF ANTHONY ACCETTA, P.A. |200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

*Cappeletti Bros., Inc. v. Broward Cnty.*, ISA F. Supp. 197, 198 (S.D. Fla. 1991); *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

The costs allowed under Federal Rule of Civil Procedure 54(d) are "those items specifically set out in 28 U.S.C. § 1821, 28 U.S.C. § 1920, or some other 'explicit statutory or contractual authorization'." *Curry v. Montgomery*, No. 07-22899-CIV, 2010 WL 883798, at 3 (S.D. Fla. Mar. 9, 2010). In the Eleventh Circuit, a trial court has "great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir. 1985).

In addition, Florida Statute § 57.041 provides that a "party recovering judgment shall recover all his or her legal costs and charges [.]" Florida Stat. § 57.041(1); *see also Higgs v. Klock*, 873 So.2d 591, 593 (Fla. 3rd DCA 2004) (citation omitted) ("every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.")  Furthermore, Section 1032 of the California Code, Subsection (b) states "except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

## VI.    CONCLUSION

All the elements of an "exceptional" case within the meaning of Section 35(a) of the Lanham Act and 15 U.S.C. § 1117(a), have been proven and the Defendants, as the prevailing party, should be awarded all of their attorneys' fees and costs as they were forced to expend in the defense of this action.  An action that was devoid of any merit, was motivated by the Plaintiffs intent to put its competitors out of business without any legal basis and thus, was brought in bad faith.

In addition, Defendants prevailed on all claims and issues at trial under the Florida's

Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105 (FDUPTA), (which does not require a showing of bad faith or frivolous claims) therefore, the Defendants are entitled to all of their reasonable attorney fees expended to Defend this case.

Finally, the Defendants are entitled to all of their taxable costs pursuant to 15 U.S.C. § 1117(a), Rule 54(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, Local Rule 7.3, Southern District of Florida, § 57.04, Fla. Stat., Section § 1032 of the California Code, New York Uniform Trial Court Rule § 130-1.1.

The Defendants shall file all of the supporting affidavits, invoices, and hourly time records setting forth the amount of reasonable attorney fees, paralegal fees and bill of taxable costs within Fourteen days of the entry of the Final Judgment in this case.

Respectfully submitted on this 23rd day of April, 2012.

LAW OFFICES OF ANTHONY ACCETTA, P.A.
*Counsel for the Defendants*
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 2930
Miami, Florida 33131
Telephone: (305) 579-0100
Facsimile: (305) 579-0104
Email: law@anthonyaccetta.com

By:   /s/Anthony Accetta
**ANTHONY ACCETTA, ESQUIRE**
Florida Bar No: 148318

LAW OFFICES OF ANTHONY ACCETTA, P.A. | 200 S. BISCAYNE BOULEVARD, SUITE 2930, MIAMI, FL 33131

## <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

I HEREBY CERTIFY that on this <u>23</u><sup>rd</sup> day of April, 2012; I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   /s/Anthony Accetta
**ANTHONY ACCETTA, ESQUIRE**
Florida Bar No: 148318
law@anthonyaccetta.com

## <u>SERVICE LIST</u>

*Michael Chow, et al. v. Chak Yam Chau, et al.*
**Case No: 09-21893 CIV HOEVELER/TURNOFF**
**United States District Court, Southern District of Florida**

**Curtis B. Miner, Esquire**
curt@colson.com
*Counsel for the Plaintiff(s)*
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL 33134
Telephone: (305) 476-7400

**Vincent J. Ancona, Esquire**
vja@anconalaw.com
*Counsel for the Defendant(s) — Pro Hac Vice*
ANCONA ASSOCIATES
220 Old Country Road
Mineola, NY 11501

**Bertram Field, Esquire**
bfields@greenbergglusker.com
*Counsel for Plaintiff(s)/Counter-Defendant(s)*
GREENBERG GLUSKER FIELDS, ET AL.
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 900067-4590
Telephone: (310) 553-3610

**Mark Cheng**
1795 Ribbon Fan Lane
Naples, FL 34119